**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABRAHAM ITUAH,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-5088** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 20___, upon consideration of

Defendants' Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED**.  It

is **FURTHER ORDERED** that all claims against Defendants are **DISMISSED WITH**

**PREJUDICE**.

BY THE COURT:

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABRAHAM ITUAH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-5088** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## <u>MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM</u>

Defendants City of Philadelphia, James Zwolak, Brendan J Philbin, Joseph Carrol, Zachary Strassburger, Carmen Sanchez, Roslyn Speller, and the Police Department, by and through the undersigned counsel, hereby file this Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  In support of this motion, Defendants incorporate the attached Memorandum of Law.  Defendants respectfully request that this Court dismiss the claims asserted against them.

Date:  December 6, 2019

Respectfully submitted,

/s/ Michael Pfautz
Michael Pfautz
Assistant City Solicitor
Pa. Attorney ID No. 325323
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5233
michael.pfautz@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABRAHAM ITUAH,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-5088** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iii

I.   BACKGROUND AND PROCEDURAL HISTORY .......................................... 1

   A.   The Sheriff's Sale of 3843 Fairmount Avenue and Subsequent Federal Suit................ 1

   B.   The Demolition of 508 W. Tabor Road ......................................................... 3

   C.   The Instant Complaint .............................................................................. 4

II.   ARGUMENT ..................................................................................................... 5

   A.   The Court Should Dismiss Plaintiff's Due Process Claims for Lack of
Jurisdiction .................................................................................................. 6

      1.   The *Rooker-Feldman* Doctrine Bars Plaintiff's Sheriff's-Sale-Due-Process Claim ....7

      2.   *Younger* Abstention Bars Plaintiff's Due Process Claim as to 508 W. Tabor Road ....9

   B.   The Court Should Dismiss Plaintiff's Claims for Failure to State a Claim ................. 11

      1.   *Res Judicata* Bars Plaintiff's Claims as to the Sheriff's Sale of 3843 Fairmount
Avenue ....................................................................................................11

      2.   The Statute of Limitations Bars Plaintiff's Claims as to the Sheriff's Sale of 3843
Fairmount Avenue .......................................................................................12

      3.   Plaintiff Fails to State a Claim Against the Individual Defendants. ...........................13

      4.   The Police Department Should Be Dismissed as a Defendant ..................................18

      5.   Plaintiff Fails to State a Claim of Municipal Liability Against the City ...................19

III.   CONCLUSION.................................................................................................... 21

## TABLE OF AUTHORITIES

**Cases**

*Agresta v. City of Philadelphia*, 694 F. Supp. 117 (E.D. Pa. 1988) ............................................. 14

*Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir. 1990) .................................................. 20

*Ashcroft v. Al-Kidd*, 131 S. Ct. 2074 (2011) ........................................................................ 15

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ......................................................................... 13, 16

*Banks v. Dictorate, Sci. & Tech. Ctr.*, No. 13-1712, 2014 WL 1278097 (W.D. Pa. Mar. 27, 2014) ............................................................................................................... 15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................. 18

*Bradley v. United States*, 299 F.3d 197 (3d Cir. 2002) ............................................................ 14

*Bryant v. Sylvester*, 57 F.3d 308 (3d Cir. 1995) .................................................................... 9

*Conklin v. Anthou*, 495 Fed. App'x 257 (3d Cir. 2012) ............................................................ 9

*Davis v. City of Philadelphia*, No. 05-4571, 2009 WL 2461777 (E.D. Pa. Aug. 11, 2009) ........ 21

*Day v. Florida*, 563 F. App'x 878 (3d Cir. 2014) ................................................................ 9, 10

*Gardner v. McGroarty*, 68 Fed. App'x 307 (3d Cir. 2003) ........................................................ 17

*Gariffo Real Est. Holdings Co., Inc. v. City of Philadelphia*, No. CIV.A. 05-6153, 2007 WL 1410607 (E.D. Pa. May 11, 2007) ......................................................................... 13, 17

*George v. Rehiel*, 738 F.3d 562 (3d Cir. 2013) ..................................................................... 15

*Griffith v. Philadelphia Prison Systems*, 2001 WL 876804 (E.D. Pa. May 18, 2001) ................. 18

*Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006) ....................................................... 13

*Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) ..................................................................... 10

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235 (3d Cir. 2012) ........................................................................................................ 6

*Ituah v. City of Philadelphia (Ituah I)*, CV 16-05772, 2017 WL 2079888  (E.D. Pa. May 15, 2017) ........................................................................................................ 3

*Kach v. Hose*, 589 F.3d 626 (3d Cir. 2009) ......................................................................... 12

*Lance v. Dennis*, 546 U.S. 459 (2006) ............................................................................... 11

*Langford v. Atlantic City*, 235 F.3d 845 (3d Cir. 2000) ........................................................... 19

*Leibert v. PHA*, 474 F. App'x 76 (3d Cir. 2012) ............................................................... 14, 18

*McTernan v. City of York*, 564 F.3d 636 (3d Cir. 2009) ...................................................... 1, 20

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) ............. 9, 10, 11

*Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978) ..................... 19

*Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902 (3d Cir. 1997) ........................................... 13, 16

*Mulholland v. County of Berks*, 706 F.3d 227 (3d Cir. 2013) ..................................................... 19

*Nellom v. Del. Cnty. Domestic Relations Section*, 145 F. Supp. 3d 470 (E.D. Pa. 2015) ............. 7

*Rees v. Office of Children and Youth*, 473 F. App'x 139 (3d Cir. 2012) ...................................... 20

*Regalbuto v. City of Philadelphia*, 937 F. Supp. 347 (E.D. Pa. 1995) ........................................ 18

*Renne v. Geary*, 501 U.S. 312 (1991) ................................................................................ 6

*Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988) ........................................................... 13, 16

*Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962 (E.D. Pa. June 2, 2014) ................. 20

*Save Ardmore Coalition v. Lower Merion Twp.*, 419 F. Supp. 2d 663 (E.D. Pa. 2005) ................. 6

*Singleton v. Jas Auto. LLC*, 378 F. Supp. 3d 334 (E.D. Pa. 2019) ........................................... 6, 7

*Sprint Commun., Inc. v. Jacobs*, 134 S. Ct. 584 (2013) ........................................................... 10

*Spuck v. Pennsylvania Bd. of Probation & Parole*, 563 Fed. App'x 156 (3d Cir. 2014) ............. 15

*Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542 (3d Cir. 2006) .......................... 12

*Wallace v. Abell*, No. CIV.A. 07-4918(NLH), 2008 WL 2833927 (E.D. Pa. July 22, 2008) ........................................................................................................................ 15

*Wimbush v. City of Philadelphia*, No. CV 16-05783, 2017 WL 1355174 (E.D. Pa. Apr. 13, 2017) ...................................................................................................................... 18

*Younger v. Harris*, 401 U.S. 37 (1971) ................................................................................... 9

**Statutes**

28 U.S.C. § 1738 ................................................................................................................... 11

53 P.S. § 7193.2 ..................................................................................................................... 8

53 P.S. § 7106 ........................................................................................................................ 7

53 P.S. § 7112 ........................................................................................................................ 7

53 P.S. § 16257 ..................................................................................................................... 18

For the second time before this Court, *pro se* plaintiff Abraham Ituah seeks to challenge state court decisions against him in cases brought by the City of Philadelphia. This same Court already determined that one of his challenges, to a Sheriff's sale four years ago, was barred by the *Rooker-Feldman* doctrine and *res judicata*.  Plaintiff now also challenges a state court decision from earlier this year allowing the City to demolish at Plaintiff's expense an unsafe building owned by Plaintiff, but because that case is still ongoing *Younger* abstention applies. The Complaint also fails to state a claim for myriad reasons, including failure to identify with particularity any wrongdoing by the named individual defendants or any City policy or practice that would give rise to municipal liability under *Monell*.  For these reasons, as discussed more thoroughly *infra*, the Court should dismiss Plaintiff's claims against all Defendants.

## I.   BACKGROUND AND PROCEDURAL HISTORY[1]

The Complaint alleges that the City and its employees violated Plaintiff's constitutional rights.  At the heart of Plaintiff's complaint are claims that his due process rights were violated by the sale of his property at 3843 Fairmount Avenue in Philadelphia at Sheriff's sale in 2015 and the demolition of his property at 508 W. Tabor Road in Philadelphia in 2019.  *See* Compl. at 3-4.  However, this is not the first time Plaintiff has challenged these actions in court.

### A.   The Sheriff's Sale of 3843 Fairmount Avenue and Subsequent Federal Suit

The state court action that resulted in the sale of 3843 Fairmount Avenue commenced on April 22, 2015, when the City, by its attorney James Zwolak, filed a real estate tax lien claim against the owner of the property at 3843 Fairmount Avenue.  *See* Docket, *City of Philadelphia*

---

[1] This section draws on public documents filed of record in the underlying Sheriff's sale action, *City of Philadelphia v. Ituah*, No. 1504T0504 (Ct. Com. Pl. Phila), and the code enforcement action that resulted in the demolition of Plaintiff's property, *City of Philadelphia v. Ituah*, No. 181203469 (Ct. Com. Pl. Phila.).  The Court may take judicial notice of these documents and consider them on this motion to dismiss, without converting this motion to dismiss into a motion for summary judgment. *See, e.g.*, *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

*v. Ituah (Ituah I)*, No. 1504T0504 (Pa. Ct. Com. Pl. Phila.), attached hereto as **Exhibit 1**. On

May 13, 2015, the Honorable Linda Carpenter issued a Rule "to sell the premises 3843

Fairmount Ave. as fully described in the tax information certificate, by the Sheriff of

Philadelphia County because of delinquent real estate taxes . . . ." *See id.*  The property was then

posted on July 5, 2015 and the Affidavit of Posting was filed with the Court on July 9, 2015.  *See*

*id.*  The Affidavit of Service of the Posting was filed with the Court on August 4, 2015, and

certified that all interested parties for the property were served by certified and first-class mail on

July 20, 2015.  *See id*.  Plaintiff in this case, Ituah, did not file a response to the court's May 13,

2015 Rule, and the court entered a Decree on August 10, 2015 to sell the property at a Sheriff's

sale.  *See id.*

On September 16, 2015 the property was sold to Dimitrios Dimopoulos.  *Id.*  On that

same day, Ituah filed a Motion to Set Aside the Tax Sale, arguing that he did not receive proper

notice of the sale.  *See id.*  The City, through its attorney Cynthia Stavrakis, filed an Answer to

the Motion on October 13, 2015, and Ituah filed a Reply on October 22, 2015.  *See id.*   On

October 26, 2015, Judge Carpenter denied Ituah's Motion to Set Aside the Tax Sale.  *Id.*  Ituah

filed a Motion for Reconsideration on November 17, 2015, which Judge Carpenter denied on

November 18, 2015.  *Id.*  Ituah then filed a Motion to Redeem the Premises on December 2,

2015 and City attorney Stavrakis filed an Answer on December 22, 2015.  *Id.*  Judge Carpenter

held a hearing on the Motion to Redeem on March 23, 2016.  *Id.*  On March 28, 2016, Judge

Carpenter entered an Order denying Ituah's Motion to Redeem.  *Id.*  Ituah appealed Judge

Carpenter's decision to the Pennsylvania Superior Court, which dismissed the appeal on June 24,

2016.  *See id.*  Ituah then filed an Application for Leave to File a Petition for Allowance of

Appeal *Nunc Pro Tunc* with the Pennsylvania Supreme Court, which that court denied on December 28, 2016. *See id.*

Subsequently, Plaintiff filed a federal action in this Court on November 7, 2016, claiming a denial of due process rights under 42 U.S.C. § 1983 and bringing state law claims for abuse of process and fraudulent misrepresentation. *See* Compl., *Ituah v. City of Philadelphia* (*Ituah II*), CV 16-05772 (E.D. Pa.), attached hereto as **Exhibit 2**. Plaintiff named the City of Philadelphia, the Sheriff's Department, Sheriff Jewell Williams, and City attorney Cynthia Stavrakis[2] as defendants in his complaint. *See id.* at 1 (caption). This Court granted the City's motion to dismiss that complaint on the basis of the *Rooker-Feldman* abstention, *res judicata*, and failure to state a claim. *Ituah II*, 2017 WL 2079888 (E.D. Pa. May 15, 2017) (Pappert, J.) .

**B.      The Demolition of 508 W. Tabor Road**

On January 2, 2019, the City, by its attorney Brendan J. Philbin, filed a Petition for a Temporary Restraining Order and Preliminary Injunction in Philadelphia Court of Common Pleas to allow the City to demolish Plaintiff's property at 508 W. Tabor Road because of an imminently dangerous condition described as a "an improperly anchored, bulging, and improperly braced side load bearing wall." Pet. for TRO & Prelim. Inj. ¶ 3, *City of Philadelphia v. Ituah (Ituah III)*, No. 181203469 (Com. Pl. Phila.), attached hereto as **Exhibit 3**; *see* Docket, *Ituah III*, attached hereto as **Exhibit 4**. The City's filing included a December 27, 2018 Notice of Violation for the property issued by Department of Licenses and Inspection ("L&I") Inspector Joseph Carroll. *See id.*, Ex. A at 2. The following day, Plaintiff filed a response in opposition. *See* Def.'s Response to Pet. for TRO and Prelim. Inj., *Ituah III*, attached hereto as **Exhibit 5**.

---

[2] Sheriff Williams and Stavrakis are not named as defendants in this case. Compl. at 1.

After a hearing later that day attended by both the City and Plaintiff, *see* Docket, *Ituah III* (Exhibit 4) at 2 (Trial/Hearing Exhibits filed), the court entered an order authorizing the City to demolish the property and for the Police Department to remove any occupants.  *See* TRO at 2-3, ¶¶ 2, 4, *Ituah III* (Pa. Ct. Com. Pl. Phila. Jan. 3, 2019), attached hereto as **Exhibit 6**.  Plaintiff appealed the order to the Commonwealth Court the following day but did not seek a stay.[3] Notice of Appeal, *Ituah III*  (Pa. Ct. Com. Pl. Phila.), attached hereto as **Exhibit 7**.  Plaintiff subsequently failed to file a required Pa. R. Civ. P 1925(b) Statement of Issues on Appeal. *See Op.* at 1, *Ituah III* (Pa. Ct. Com. Pl. Phila. Feb. 13, 2019), attached hereto as **Exhibit 8**.  The Commonwealth Court quashed Plaintiff's appeal on May 10, 2019. Docket, *City of Philadelphia v. Ituah*, No. 47 C.D. 2019 (Pa. Commw. Ct.), attached hereto as **Exhibit 9**.  One of the City's attorneys on this appeal was Zachary Strassburger.  *See id.*

Plaintiff filed an Application for Reconsideration, which the Commonwealth Court denied on June 10, 2019.  *See id.*  On July 8, 2019, Plaintiff filed a Petition for Leave to File a Petition for Allowance of Appeal *Nunc Pro Tunc* with the Pennsylvania Supreme Court, which that court denied on October 1, 2019.  *See* Docket, *City of Philadelphia v. Ituah*, No. 78 E.M. 2019 (Pa.), attached hereto as **Exhibit 10**.  Plaintiff filed an Application for Reconsideration of that order on October 11, 2019, which was denied December 3, 2019.  *See id.*

C.      **The Instant Complaint**[4]

On November 7, 2019, Plaintiff filed the instant Complaint.  Plaintiff alleges that he did not receive adequate service of process before the 2015 Sheriff's sale of 3843 Fairmount Avenue and that property was transferred "expeditiously".  Compl. at 4.  Plaintiff also alleges that on

---

[3]  The City demolished the property on January 11, 2019.

[4]  This section assumes the truth of the allegations in Plaintiff's Complaint.

December 27, 2018[5] an unnamed police officer at 508 W. Tabor Road instructed tenants to vacate the building before the L&I inspection and then left the Notice of Violation, which Plaintiff alleges he did not receive until the day of the January 3, 2019 hearing.[6]  *See id.*

In addition to alleging that the Sheriff's sale of 3843 Fairmount Avenue in 2015 and the demolition of 508 W. Tabor Road in 2019 violated Plaintiff's rights under the Fourth and Fifth Amendments, the Complaint could be read to suggest two other causes of action.  Plaintiff alleges that "James Zwolak and his subordinates" discriminated against him because of his race and national origin, *id.* § III.C.2, although the only factual allegation regarding Zwolak is that he "deliberately refused to meet with" Plaintiff, *id.* § III.C.4. Plaintiff also alleges that "City of Philadelphia employees collectively" retaliated against him because of the lawsuit in *Ituah II*, suggesting a claim under the First Amendment.  *See id.* § III.C.3.

## II.    ARGUMENT

The Complaint appears to allege violations of Plaintiff's Fourth and Fifth Amendment rights of "property ownership" and "due process," Compl. at 2-3, §§ II.B & III.C.1, discrimination based on race and national origin, *see id.* at 3, § III.C.2, and First Amendment retaliation, *see id.* at 3, § III.C.3.  The Court should dismiss Plaintiff's due process claims for lack of jurisdiction on *Rooker-Feldman* and abstention grounds.  In addition, Plaintiff's claims as to the Sheriff's sale are barred by *res judicata* and the statute of limitations.  Plaintiff's

---

[5] Plaintiff alleges this action occurred on January 27 but the year is illegible. Given that Plaintiff alleges that a notice for the demolition hearing was left, that L&I issued the Notice of Violation on December *27*, 2018, and the hearing was on January 3, 2019, this allegations is best read to allege the police and L&I visited the property on *December* 27, 201*8*.

[6] Plaintiff further alleges that "Police Department Staff" removed his car parked at his property without notice, although he does not appear to allege the City still has possession of the car, seek the return of the vehicle, or otherwise seek any relief with respect to this allegation.  *Compare* Compl. at 3-4, *with id.* at 5.

remaining claims (as well as his due process ones) should also be dismissed on the merits for failure to state a claim because he does not describe any individual defendant's direct involvement in any misconduct and does not identify any policy or practice sufficient to state a claim for municipal liability under *Monell*.

### A. The Court Should Dismiss Plaintiff's Due Process Claims for Lack of Jurisdiction

Under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). It is well-settled that the burden of establishing the federal court's jurisdiction always lies with the plaintiff. *Save Ardmore Coalition v. Lower Merion Twp.*, 419 F. Supp. 2d 663, 669 (E.D. Pa. 2005). It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary,* 501 U.S. 312, 316 (1991) (internal quotation marks omitted) (citation omitted).

"A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may present either a facial or a factual attack." *Singleton v. Jas Auto. LLC*, 378 F. Supp. 3d 334, 342 (E.D. Pa. 2019) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)) (internal quotation marks omitted). When considering a factual challenge to its jurisdiction, "the court may consider evidence outside the pleadings" and "is free to weigh the evidence and satisfy itself of its power to hear the case." *Id.* (internal quotations marks omitted) (citations omitted). Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude

the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (internal quotations marks omitted) (citations omitted).

The *Rooker-Feldman* doctrine and the *Younger* abstention doctrine present factual jurisdictional challenges that are governed by Rule 12(b)(1). *See, e.g.*, *Singleton*, 378 F. Supp. 3d at 343; *Nellom v. Del. Cnty. Domestic Relations Section*, 145 F. Supp. 3d 470, 477-78 (E.D. Pa. 2015).

### 1.  The *Rooker-Feldman* Doctrine Bars Plaintiff's Sheriff's-Sale-Due-Process Claim

Plaintiff's due process claim as to the Sheriff's sale must be dismissed under Federal Rule of Civil Procedure 12(b)(1), as it is barred by the *Rooker-Feldman* doctrine.  In essence, Plaintiff seeks to overturn a state court judgment, which found that the City gave proper notice of the Sheriff's sale to Ituah under the Municipal Claims and Tax Liens Act ("MCTLA").  The MCTLA governs the method or remedies for the collection of all municipal claims, municipal liens, taxes, tax claims and tax liens in cities of the first class.  *See* 53 P.S. §§ 7106, 7112. Section 7193.2(a) of the MCTLA states, in relevant part:

> *In cities of the first class*, notice of a rule to show cause why a property should not be sold free and clear of all encumbrances issued by a court pursuant to a petition filed by a claimant under section 31.2 of this act shall be served by the claimant upon owners . . . as follows:
> (1) *By posting a true and correct copy of the petition and rule on the most public part of the property*;
> (2) *By mailing by first class mail to the address registered by any interested party* pursuant to section 39.1 of this act a true and correct copy of the petition and rule; and
> (3) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record who have not registered their addresses pursuant to section 39.1 of this act, the city shall mail by first class mail and either by certified mail, return receipt requested, or by registered mail to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule.

> Service of notice pursuant to this section shall be deemed accomplished on the date of mailing. The city shall file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises.

53 P.S. § 7193.2(a) (emphasis added).  The City complied with the notice requirements of Section 7193.2(a) by posting the property on July 5, 2015 and filing an Affidavit of Posting with the Court on July 9, 2015.  The City then filed an Affidavit of Service of the Petition with the Court on August 4, 2015, which certified that all interested parties for the property were served by certified mail and First class mail on July 20, 2015.

Section 7193.2(b) states that: "No party whose interest did not appear on a . . .  tax information certificate or *who failed to accurately register his interest and address* pursuant to section 39.1 of this act shall have standing to complain of improper notice if the city shall have complied with subsection (a) of this section."  53 P.S. § 7193.2(b) (emphasis added).  The City served Ituah at 3843 Fairmount Avenue and 5229 Germantown Avenue in Philadelphia, the two addresses that he registered.  The Philadelphia Court of Common Pleas subsequently denied Ituah's Motion to Set Aside the Tax Sale which was premised on his claim that he was not given proper notice.

The current federal action, brought several years after the Superior Court of Pennsylvania denied Plaintiff's state court appeal, seeks to relitigate the very issue the state court previously decided in Ituah's Motion to Set Aside the Tax Sale: whether Ituah received proper notice of the sale under the statute.  *See* Compl. at 3-5.  Plaintiff's Complaint also makes clear that he is asking the Court "to reverse the sale of my property located at 3843 Fairmount Avenue," thus vacating the state court's order that the property at 3843 Fairmount Avenue be sold.  *Id.* at 4 § IV (requesting relief from the Court).  However, the *Rooker-Feldman* doctrine "bars from federal consideration cases brought by state-court losers complaining of injuries caused by state-court

8

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Conklin v. Anthou*, 495 Fed. App'x 257, 261–62 (3d Cir. 2012) (unpublished) (citations omitted).  The doctrine bars a litigant from obtaining such relief if: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *See Day v. Florida*, 563 F. App'x 878, 880 (3d Cir. 2014).

Here, a real estate tax lien action was brought against him in state court, and the state court in that case entered an order authorizing the sale of 3843 Fairmount Avenue to another individual. *See* Docket, *Ituah I* (Exhibit 1).  Given such facts, Plaintiff cannot ask this Court "to review and reject the state judgment" by returning 3843 Fairmount Avenue to him. *See Day*, 563 F. App'x at 880.  Thus, the Court should dismiss Plaintiff's claims as to the Sheriff's sale under the *Rooker-Feldman* doctrine.

### 2. *Younger* Abstention Bars Plaintiff's Due Process Claim as to 508 W. Tabor Road

This Court should also dismiss for lack of jurisdiction Plaintiff's due process claims as to 508 W. Tabor Road under *Younger* abstention. The *Younger* abstention doctrine requires a federal district court to refrain from exercising jurisdiction when pending state proceedings provide an adequate forum for all relevant issues presented in the federal case. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Younger v. Harris*, 401 U.S. 37 (1971). Principles of comity and federalism require this result. *See Middlesex*, 457 U.S. at 436. Further, abstention prevents "litigants . . . [from] tak[ing] multiple bites from the same apple" by pursuing a claim in more than one forum. *Bryant v. Sylvester*, 57 F.3d 308, 312 (3d Cir. 1995), *vacated on other grounds*, 516 U.S. 1105 (1996).  *Younger* abstention is

appropriate where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. *Middlesex*, 457 U.S. at 432. Here, all three prongs are easily established.

The Supreme Court has made clear that civil enforcement actions grounded in public nuisance law require federal courts to abstain under *Younger*. *See Sprint Commun., Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("This Court has extended *Younger* abstention to particular state civil proceedings that are akin to criminal prosecutions . . . ." (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (requiring dismissal under *Younger* of suit to enjoin the execution of a judgment entered in a pending state-court suit brought by the State to enforce a nuisance statute))). Like *Huffman*, Plaintiff here seeks to interfere with an ongoing state civil enforcement suit. *See* Compl. at 4, § IV (requesting the Court "order a stay on writ of execution of any for the cost of destroying [Plaintiff's] property situated at 508 W. Tabor Road").

First, Plaintiff's appeal of the Temporary Restraining Order permitting the City to demolish the property at 508 W. Tabor Road and bill Plaintiff for the cost was still pending before the Pennsylvania Supreme Court when the Complaint was filed. *See* Docket, *City of Philadelphia v. Ituah*, No. 78 E.M. 2019 (Pa.) (Exhibit 10). Further, because the order entered was not a final judgment,[7] Plaintiff may be able to further challenge the portion of the order charging demolition costs to Plaintiff on the same due process and other grounds he seeks to press here. Second, as *Huffman* illustrates, civil enforcement of nuisance law involves important

---

[7] If the temporary restraining order were to be considered a final judgment, the *Rooker-Feldman* doctrine would then bar this claim as well, as Plaintiff would (1) be a "federal plaintiff [who] lost in state court," (2) be "complain[ing] of [the damages assessed as a result of] the state-court['s] judgment[]," (3) "th[at] judgment[] w[as] rendered before th[is] federal suit was filed," and (4) "[P]laintiff [would be] inviting [this] [C]ourt to review and reject the state judgment[]" that Plaintiff must pay for demolition costs. *Day*, 563 F. App'x at 880.

state interests.  Here, where local law regarding imminently dangerous habitable structures is involved, the importance of the government's interest in the health and safety of its residents is near its apex.  And third, Plaintiff had the opportunity to raise the same due process concerns he seeks to vindicate here, [8] and he may continue to do so before final judgment. Thus, the Court should abstain from hearing Plaintiff's due process claim as to 508 W. Tabor Road under *Younger*.

 **B.** **The Court Should Dismiss Plaintiff's Claims for Failure to State a Claim**

The Complaint should also be dismissed for failure to state a claim under Rule 12(b)(6). Plaintiff's due process claim regarding the 3843 Fairmount Avenue Sheriff's sale is barred by *res judicata* and the statute of limitations. As to Plaintiff's other claims, the only individual involvement in any action Plaintiff alleges is by James Zwolak, and even then Plaintiff fails to allege even the basic elements of claims for denial of due process, discrimination, and retaliation claims.  The Police Department, as a part of the City of Philadelphia, is not a proper defendant. And Plaintiff fails to allege a municipal policy or practice at issue to support *Monell* liability for the City itself.

 **1.** ***Res Judicata* Bars Plaintiff's Claims as to the Sheriff's Sale of 3843 Fairmount Avenue**

Even if *Rooker-Feldman* did not apply, Plaintiff's claims as to the Sheriff's sale of 3843 Fairmount Avenue are precluded by *res judicata*. In determining the preclusive effect of a state-court judgment, federal courts must apply the law of the state from which the judgment is taken. 28 U.S.C. § 1738; *Lance v. Dennis*, 546 U.S. 459, 466 (2006) ("Congress has directed federal

---

[8] To the extent Plaintiff's appeal is untimely, the "adequate opportunity" prong is nonetheless satisfied.  *Cf.* Middlesex, 457 U.S. at 435 (holding that the plaintiff had an adequate opportunity to raise his federal constitutional claims in a state court attorney disciplinary proceeding when the plaintiff failed to respond to the complaint filed against him by the local Ethics Committee).

courts to look principally to state law in deciding what effect to give state-court judgments.").

"For the doctrine of res judicata to prevail, Pennsylvania courts require that the two actions share

the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the

persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner v.*

*Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006). The doctrine "applies

not only to claims actually litigated, but also to claims which could have been litigated during the

first proceeding if they were part of the same cause of action." *Id.* (quoting *Balent v. City of*

*Wilkes–Barre*, 669 A.2d 309, 313 (Pa. 1995).

Here, all four conditions are present. First, this suit, *Ituah I* (the Sheriff's sale action), and

*Ituah II* all concerned the sale of 3843 Fairmount Avenue and Plaintiff's attempt to reverse it.

Second, Plaintiff brought or could have brought the same due process claims here as he did in

*Ituah I* and *Ituah II*. Third and fourth, all suits involved Plaintiff and the City of Philadelphia.

Therefore, Plaintiff's due process claims as to the Sheriff's sale of 3843 Fairmount Avenue

should be dismissed as *res judicata*.

### 2. The Statute of Limitations Bars Plaintiff's Claims as to the Sheriff's Sale of 3843 Fairmount Avenue

Plaintiff's complaints about the Sheriff's sale are also untimely. "The statute of

limitations for a § 1983 claim arising in Pennsylvania is two years." *Kach v. Hose*, 589 F.3d

626, 634 (3d Cir. 2009) (citing 42 Pa. C.S. § 5524(2); *Kost v. Kozakiewicz,* 1 F.3d 176, 189–90

(3d Cir. 1993)). The 3843 Fairmount Avenue property was sold at Sheriff's sale on September

16, 2015, well over two years ago. *See* Docket, *Ituah I* (Exhibit 1); *see also* Compl. at 3, § III.B.

Therefore, this claim is beyond the statute of limitations and should be dismissed under Rule

12(b)(6).

### 3.   Plaintiff Fails to State a Claim Against the Individual Defendants.

The Court should dismiss Plaintiff's remaining claims against defendants Brendan J

Philbin, Joseph Carrol, Zachary Strassburger, Carmen Sanchez, Roslyn Speller, and James

Zwolak, (collectively, the "Individual Defendants").   A plaintiff cannot survive a motion to

dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."   *See Ashcroft v.

Iqbal,* 556 U.S. 662, 678 (2009).   Under this standard, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice."   *See id.*   Put

differently, while a court should accept the truth of a complaint's factual allegations, it should

not credit a plaintiff's "bald assertions" or "legal conclusions."   *Morse v. Lower Merion Sch.

Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted). Further, a "defendant

in a civil rights action must have personal involvement in the alleged wrongs" of the case, and a

complaint must allege such personal involvement "with appropriate particularity."   *Rode v.

Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).   Here, Plaintiff's complaint contains no

factual allegations which plausibly suggest that the Individual Defendants personally committed

any misconduct in the actions underlying this case.

In order to state a claim under § 1983 for deprivation of procedural due process rights, "a

plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within

the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures

available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d

225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

"'Whether the [Fourth] Amendment was in fact violated . . . requires determining if the

seizure was reasonable." *Gariffo Real Est. Holdings Co., Inc. v. City of Philadelphia*, No.

CIV.A. 05-6153, 2007 WL 1410607, at *4 (E.D. Pa. May 11, 2007) (quoting *Soldal v. Cook

13

*County, Ill.*, 506 U.S. 56, 62 (1992)).  "[M]erely because [a] structure [i]s seized, does not mean

that the City's action violated the Fourth Amendment.  Instead, the Court must look to the

fundamental Fourth Amendment question of reasonableness and balance the public and private

interests at stake." *Id.* (citing *Soldal*, 506 U.S. at 62, 71).

"To plead a retaliation claim under the First Amendment, a plaintiff must allege: '(1)

constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary

firmness from exercising h[er] constitutional rights, and (3) a causal link between the

constitutionally protected conduct and the retaliatory action.'" *Leibert v. PHA*, 474 F. App'x 76,

78-79 (3d Cir. 2012) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)).

To plead "a causal connection between [a plaintiff's] speech and the alleged retaliatory conduct,"

a plaintiff must aver that the defendants were aware of the allegedly protected speech. *Id.* at 79.

To state an equal protection claim for racial or national origin discrimination under

§ 1983, a plaintiff must establish that the actions of the defendants "(1) had a discriminatory

effect, and (2) were motivated by a discriminatory purpose."  *Bradley v. United States*, 299 F.3d

197, 205 (3d Cir. 2002) (citations omitted).  To allege a discriminatory effect, a plaintiff must

allege "that [he] is a member of a protected class and that [he] was treated differently from

similarly situated individuals in an unprotected class." *Id.* at 206 (citations omitted).

As an initial matter, the body of the Complaint contains no mention of Philbin, Carrol,

Strassburger, Sanchez, or Speller.  *See* Compl. at III.C.  Plaintiff vaguely refers to "City of

Philadelphia employees," *see* Compl. at 3, § III.C.1-3, but these generalized allegations are

specific to no defendant and thus cannot state a claim against any defendant.  *See Agresta v. City

of Philadelphia*, 694 F. Supp. 117, 120 (E.D. Pa. 1988) (dismissing claims against multiple

defendants because plaintiff did not specifically allege which defendants had taken the actions

complained of); *Banks v. Dictorate, Sci. & Tech. Ctr.*, No. 13-1712, 2014 WL 1278097, at *7 (W.D. Pa. Mar. 27, 2014) (noting that a "generic reference to 'Defendants'" is "insufficient" to state a claim for relief).  Because Plaintiff does not ascribe any particular conduct to any of these Defendants, it is impossible to discern which individual(s) are allegedly responsible for the actions Plaintiff complains of.

Even if the Complaint had alleged the operative facts regarding the City's employees in the Common Pleas action to demolish the 508 W. Tabor Road property, dismissal would still be appropriate because allegations that those employees were involved in the judicial process does not establish with any particularity how those employees' participation in the judicial process to authorize that demolition constitutes a violation of Plaintiff's rights by those employees. Further, all the Individual Defendants would be entitled to either absolute immunity as government litigators or qualified immunity as government employees.  Government attorneys litigating on behalf of the government are absolutely immune from liability alleged to stem from that conduct.  *See, e.g.*, *Spuck v. Pennsylvania Bd. of Probation & Parole*, 563 Fed. App'x 156, 158 (3d Cir. 2014) (unpublished); *Wallace v. Abell*, No. CIV.A. 07-4918(NLH), 2008 WL 2833927, at *3 (E.D. Pa. July 22, 2008), *aff'd,* 318 Fed. App'x 96 (3d Cir. 2009) (unpublished). Qualified immunity shields a government official from federal claims unless it is "beyond debate" that the federal right they allegedly violated was "clearly established at the time of the challenged conduct."  *See George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013) (internal quotation marks omitted) (reversing district court to grant motion to dismiss based on qualified immunity). A right only qualifies as clearly established if its "contours . . . are sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right."  *See Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2078 (2011) (citations and internal quotation marks

omitted) (emphasis added). Here, Plaintiff has failed to present any factual allegations against the Individual Defendants that would demonstrate a violation of Plaintiff's clearly established rights. Carroll, Philbin, and Strassburger simply did their jobs as an inspector and as attorneys, respectively, representing the City's interests. Accordingly, even if this Court were to find that Plaintiff sufficiently pled their personal involvement in the alleged deprivation of due process rights, they would be entitled to qualified or absolute immunity and the claims should be dismissed.

As to Zwolak, whom the Complain mentions twice, Plaintiff still fails to allege any "personal involvement in the alleged wrongs" complained of, let alone "with appropriate particularity." *Rode*, 845 F.2d at 1207. Plaintiff alleges that "James Zwolak with his subordinates discriminated against me because of my race and national origin" and that Plaintiff "was advised to contact James Zwolak but he deliberately refused to meet with me." Compl. at 3, ¶¶ III.C.2, 4. The first allegation is purely conclusory and contains no factual content, making it legally insufficient. *See Morse*, 132 F.3d at 906.[9]

The second allegation, while factual, has no relationship to alleged wrongs complained of here. Plaintiff does not allege any connection between the alleged lack of meeting and the "selling and demolition of [Plaintiff's] property without 'Due Process.'" Compl. at 3, ¶ III.C.1. Plaintiff does not allege Zwolak had any role in either process, let alone with sufficient particularity. Nor has Plaintiff alleged how a meeting with Zwolak is an interest protected by the Constitution. As a result, the mere fact that Zwolak allegedly "refused to meet" with Plaintiff does not state, with any particularity, a violation of Plaintiff's due process rights. And even if there were such a right and such a meeting had been refused, as a government attorney Zwolak

---

[9] In addition, actions by Zwolak's subordinates cannot create liability for Zwolak "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits." *Iqbal*, 556 U.S. at 678.

would be entitled to at least qualified, if not absolute, immunity because such a right is not clearly established.

Plaintiff's Fourth Amendment claim is also deficient.  First, the City was judicially authorized to enter and demolish the structure. *See* TRO (Exhibit 6) at 2-3 ¶¶ 3-4.  Second, "[w]here a building is seized because of the danger it poses and adequate recourse is provided to challenge any action taken by the local government, the seizure does not violate the Fourth Amendment." *Gardner v. McGroarty*, 68 Fed. App'x 307, 312 (3d Cir. 2003) (unpublished). *Gariffo* explains why the City's demolition would have been reasonable even absent judicial authorization.  There, as here, the "[p]laintiff retained little or no reasonable expectation of privacy" in the structure the City demolished because it was in an "imminently dangerous condition" because of an unsound outer wall.  2007 WL 1410607, at * 4.  On the other side of the ledger, "the City has a strong interest in ensuring that structures located within City bounds do not pose a threat to the safety of the general public." *Id.* at *5.  Further, Plaintiff had notice and an opportunity to be heard at the hearing.  *See* Def.'s Response to Pet. for TRO & Prelim. Inj. (Exhibit 5); Notice of Appeal (Exhibit 7).  As a result, the Complaint does not plausibly allege that the demolition was unreasonable. [10]

Turning to Plaintiff's discrimination claim, he has similarly failed to allege the necessary elements.  Plaintiff mentions race and national origin, but he does not specify what group(s) he is a member of.  He does not allege how he was treated differently than similarly situated individuals because of that unspecified membership or that Zwolak even knew Plaintiff's race or

---

[10] Plaintiff also describe the alleged removal of his car from the premises of the demolished 508 W. Tabor Road, compl. at 4, but Plaintiff does not appear to seek the return of the car or damages for its alleged seizure, *see id.* at 5.  In any event, the mere allegation that this was done by "Police Department Staff" is insufficiently specific to state a claim against any unspecified individual defendant, and the lack of any allegation of a policy or practice means *Monell* liability is also absent.  *See* Part II.B.3-5, *infra*.

national origin, particularly given the alleged failure to meet.  Thus, Plaintiff's discrimination

claim fails as well.

Finally, Plaintiff has failed to state a claim for retaliation.  He did not allege that Zwolak

or any of the named defendants knew about Plaintiff's lawsuit in *Ituah II*. Instead, Plaintiff asks

this Court to assume that they knew about the suit when Zwolak refused to meet with Plaintiff or

when Plaintiff's property was declared unsafe and demolished. As *Leibert* held, this Court

cannot make such an assumption without supporting facts which show such knowledge. *See* 474

F. App'x. at 79 (holding that a claim cannot proceed if a complaint's factual allegations do

nothing more than to suggest the "mere possibility of misconduct"); *see also Bell Atlantic Corp.

v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to

relief above the speculative level."). Plaintiff has thus failed to adequately plead a First

Amendment retaliation claim.

Therefore, the claims against the Individual Defendants should be dismissed for failure to

state a claim.

### 4.  The Police Department Should Be Dismissed as a Defendant

The Complaint listed the Police Department as a defendant.  But the City of Philadelphia

Police Department does not have an independent corporate existence; therefore, all claims

against the Police Department must be brought in the name of the City.  *See* 53 P.S. § 16257;

*Wimbush v. City of Philadelphia*, No. CV 16-05783, 2017 WL 1355174, at *4 n.2 (E.D. Pa. Apr.

13, 2017) ("[T]he police department . . . cannot be sued apart from the City of Philadelphia

itself."); *see also Regalbuto v. City of Philadelphia*, 937 F. Supp. 347, 377 (E.D. Pa. 1995)

(dismissing claims against Philadelphia police and fire departments); *Griffith v. Philadelphia

Prison Sys.*, No. CIV. A. 99-6338, 2001 WL 876804, at *1 n.1 (E.D. Pa. May 18, 2001)

(dismissing Philadelphia Prison System as a defendant).  As the City of Philadelphia is already a

Defendant in this case, and the Police Department has no independent corporate existence, the

Police Department should be dismissed from this case with prejudice.

### 5.   Plaintiff Fails to State a Claim of Municipal Liability Against the City

The Court should additionally dismiss the municipal liability claim in Plaintiff's

Complaint against the City of Philadelphia   A municipality cannot be held vicariously liable for

the constitutional violations of its employees or agents.  *See Langford v. Atlantic City*, 235 F.3d

845, 847 (3d Cir. 2000).  Municipal entities are only liable under Section 1983 "when execution

of a government's policy or custom, whether made by its lawmakers or by those whose edicts or

acts may fairly be said to represent official policy, inflicts the injury that the government as an

entity is responsible for under § 1983."  *Monell v. Dep't of Social Services of the City of New

York*, 436 U.S. 658, 694 (1978).

Plaintiff presumably attempts to sue the City under *Monell,* alleging a violation of his due

process rights under 42 U.S.C. § 1983.  *See* Cmplt. at 3, III.C.  In adjudicating *Monell* claims,

"courts have recognized a two-path track to municipal liability under § 1983, depending on

whether the allegation is based on municipal policy or custom."  *Mulholland v. County of Berks*,

706 F.3d 227, 237 (3d Cir. 2013) (citations and internal quotations marks omitted).  A policy

occurs when a decisionmaker with final authority "issues an official proclamation, policy, or

edict," while a custom occurs when practices are "so permanent and well-settled as to virtually

constitute law."  *See id.* (citations and quotations omitted).

 Here, Plaintiff fails to adequately allege a *Monell* claim for multiple reasons.  First,

Plaintiff's complaint alleges several apparently unrelated individual constitutional violations by

different employees and separate departments, with no mention of a City municipal policy or

custom.  Second, Plaintiff fails to make factual allegations regarding the conduct of any municipal policymaker in his complaint.

### Plaintiff's *Monell* Claim Fails Because He Pleads No Facts Regarding a Municipal Policy or Custom.

The Court should dismiss the City of Philadelphia from this case because Plaintiff fails to plead a § 1983 claim with any factual allegations regarding a municipal policy or custom as required under *Monell*.  Plaintiff has attempted to plead municipal liability without offering any factual allegations regarding a policy or custom by the City of Philadelphia.

### Plaintiff's *Monell* Claim Fails Because He Does Not Adequately Allege Conduct by a Municipal Policymaker.

b.

Plaintiff also fails to state a *Monell* claim because his complaint does not allege conduct by a specific policymaker involved in the formation of a custom or policy.  The Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss.  *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Philadelphia*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action").  Here, Plaintiff's complaint fails to set forth any factual allegations about the conduct of such a policymaker.  Given the above, the Court should dismiss Plaintiff's complaint against the City.  *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case.");

*Davis v. City of Philadelphia*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009)

(holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation

connecting a specific policymaker to the custom at issue").

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that all claims against them be

dismissed.[11]

Date:  December 6, 2019                                    Respectfully submitted,


                                                          /s/ Michael Pfautz
                                                          Michael Pfautz
                                                          Assistant City Solicitor
                                                          Pa. Attorney ID No. 325323
                                                          City of Philadelphia Law Department
                                                          1515 Arch Street, 15th Floor
                                                          Philadelphia, PA 19102
                                                          215-683-5233
                                                          michael.pfautz@phila.gov

---

[11] To the extent the Court does not dismiss the claims under Rule 12(b)(1), the City requests a dismissal with prejudice because leave to amend would be futile where Plaintiff's claims are barred by *res judicata* and the statute of limitations.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABRAHAM ITUAH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-5088** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, Defendants' Motion to Dismiss was filed via the

Court's electronic filing system and is available for downloading.  I also certify that a copy of the

Motion to Dismiss has been served upon the Plaintiff by first class mail, postage prepaid, as

follows:

> Abraham Ituah
> 92 Robinson Avenue
> Newburgh, New York 12550

Date:  December 6, 2019                    Respectfully submitted,


/s/ Michael Pfautz
Michael Pfautz
Assistant City Solicitor
Pa. Attorney ID No. 325323
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5233
michael.pfautz@phila.gov