IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABRAHAM ITUAH,

            *Plaintiff,*

    v.                                                        CIVIL ACTION
                                                              NO. 19-05088

CITY OF PHILADELPHIA, *et al.,*

            *Defendants.*

PAPPERT, J.                                                   March 26, 2020

**MEMORANDUM**

Abraham Ituah, acting *pro se*, sued the City of Philadelphia and individual City employees for allegedly violating his constitutional rights. The Defendants moved to dismiss Ituah's Complaint for lack of jurisdiction and failure to state a claim. The Court grants the Motion and dismisses all claims—some with prejudice others without prejudice.

I

Though Ituah's Complaint is hard to follow, it appears to focus on three events. The Complaint first alleges that in 2015 the City unlawfully sold Ituah's property at 3843 Fairmount Avenue. *See* (Compl. 3–4, ECF No. 1). Soon thereafter, Ituah sued the City to set aside the sale on the theory that the City failed to give him proper notice. *See Ituah v. City of Philadelphia*, 2:16-cv-05772-GJP, 2017 WL 2079888, at *1 (E.D. Pa. May 15, 2017) (unpublished) (recounting the state-court litigation).[1] The court,

---

[1]    In considering a motion to dismiss, courts may take judicial notice of prior judicial proceedings without converting the motion into one for summary judgment. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

1

however, repeatedly held that the City "had complied with the statutory notice requirements." *Id.* Despite the state court's rulings, Ituah again alleges that the City and its employees violated his due-process rights under the Fifth and Fourteenth Amendments. *See* (Compl. 4–5).

The second event seems to be the reaction by City employees to Ituah's unsuccessful lawsuit regarding the 3843 Fairmount Avenue property. According to Ituah, unnamed City employees collectively retaliated against him in unspecified ways in reaction to his lawsuit. (*Id.* at 4.) In addition, Ituah claims that James Zwolak, a City employee, discriminated against him because of his race and national origin by refusing to meet with him. (*Id.* at 3).

The final event occurred in 2019 when an unnamed employee with the Philadelphia Police Department ordered tenants at Ituah's 508 W. Tabor property to vacate the building. *See* (*id.* at 4). Someone from "the License and Inspection department" later issued a notice ordering the building demolished. (*Id.*) Around the same time, an unknown police officer "invaded" and "removed" Ituah's car from the back of his property without notice. (*Id.*) As with the City's sale of the 3843 Fairmount Avenue property, Ituah alleges that demolishing the 508 W. Tabor property violated due process. *See* (*id.* 4–5). And the removal of his car, Ituah claims, violated the Fourth Amendment. *See* (*id.* 2–5).

These three events caused Ituah financial harm, "several illnesses and sleepless nights," along with other "emotional and psychological distress."[2] (*Id.* at 5.) To remedy

---

[2]     To the extent that Ituah intended to assert a claim for negligent infliction of emotional distress, he seems to have abandoned that claim. *See generally* (Resp. Opp'n Mot. to Dismiss) (failing to mention this claim). In any event, Ituah's Complaint lacks allegations sufficient to state such a claim. *See Toney v. Chester Cty. Hosp.*, 36 A.3d 83, 94–95 (Pa. 2011) (affirming via equally

this harm, Ituah asks the Court to: (1) "order a stay on writ of execution . . . for the costs" of demolishing the 508 W. Tabor property; (2) reverse the sale of 3843 Fairmount Avenue; and (3) "help him recover the $1,000,000 [he] invested in [the] Philadelphia market." (*Id.*)

## II

A court must dismiss any claims over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Motions invoking Rule 12(b)(1) fall into two categories: facial attacks and factual attacks. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint" and requires the Court to consider the allegations of the complaint as true. *Id.* A factual attack, by contrast, challenges "the factual allegations underlying the complaint's assertion of jurisdiction." *Id.* When, as here, a defendant launches a factual attack, courts must accept the allegations in the complaint as true. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (noting factual attach cannot occur until the defendant answers the complaint); *Silverberg v. City of Philadelphia*, No. CV 19-2691, 2020 WL 108619, at *3 (E.D. Pa. Jan. 8, 2020) (unpublished) (treating Rule 12(b)(1) motion invoking the *Rooker-Feldman* doctrine and *Younger* abstention as facial attack).

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

divided court); *accord Caserta v. GEICO Gen. Ins. Co.*, 507 F. App'x 104, 106–07 (3d Cir. 2012) (unpublished).

662, 678 (2009).  Though this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Step one is to "take note of the elements the plaintiff must plead to state a claim."  *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675).  Next, the Court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, for all "well-pleaded factual allegations, the court should assume their veracity," draw all reasonable inferences from them "and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 679).  If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint.  *Twombly*, 550 U.S. at 570

III

A

The Defendants move to dismiss Ituah's due-process claims for lack of jurisdiction.  *See* (Mot. to Dismiss 6–11, ECF No. 5).  They argue that the *Rooker-Feldman* doctrine deprives the Court of jurisdiction over Ituah's claim as to the 3843 Fairmount Avenue property.  (*Id.* at 7–9.)  And *Younger* abstention, the Defendants reason, requires the Court to refrain from exercising jurisdiction over the due-process claim regarding the 508 W. Tabor property.  *See* (*id.* at 9–11); *Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017) (explaining that *Younger* abstention is not jurisdictional).

1

The *Rooker-Feldman* doctrine does not apply here.  Under that doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Ituah's due-process claim as to the 3843 Fairmount Avenue property, however, does not complain of injuries caused by a state-court judgment; it complains that the City unlawfully sold the property without notice.  At most, Ituah's due-process theory accuses the state courts of ratifying the City's conduct and not stopping the sale.  *Cf. Ituah*, 2017 WL 2079888, at *6 (ruling that Ituah's earlier abuse-of-process claim complained of injuries caused by the state-court judgment).  But the *Rooker-Feldman* doctrine does not apply to injuries that a state-court judgment merely ratified, acquiesced in or failed to punish.  *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010).

Nor does *Younger* abstention apply to the due-process claim involving the 508 W. Tabor property.  *Younger* abstention is an exception to federal courts' "virtually unflagging" obligation to exercise the jurisdiction it is given.  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  It applies in only three "exceptional circumstances": (1) ongoing criminal prosecutions; (2) "certain 'civil enforcement proceedings'"; and (3) "pending 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.'"  *Id.*  None of those circumstances is present here.  Defendants speculate that Ituah *may* reinitiate currently resolved proceedings, but they tacitly admit that there are no active pending state-court proceedings.  *See* (Mot. to Dismiss 10–11).

Though the Court has and must exercise its jurisdiction over Ituah's due-process claims, those claims nevertheless fail. Because the due-process claims rely on 42 U.S.C. § 1983, Pennsylvania's two-year statute of limitations for personal injury claims applies. *See Pearson v Sec'y Dep't of Corrs.*, 775 F.3d 598, 602 (3d Cir. 2015). For the 3843 Fairmount Avenue property claim, the limitations period ended in September of 2017—two years after the City sold Ituah's property and two years before Ituah filed the Complaint. *See* (Mot. to Dismiss Ex. 1, ECF No. 5-1).

Nor can the Court grant Ituah the equitable relief he seeks regarding the 3843 Fairmount Avenue property. At least twice during the state-court proceedings Ituah asked the court to set aside the City's sale of the 3843 Fairmount Avenue property. *See Ituah*, 2017 WL 2079888, at *7. The state court denied this relief each time. *See id.* Because Ituah has litigated this issue against the City in state court, *res judicata* bars him from re-litigating it now. *See id.*; *Balent v. City of Wilkes–Barre,* 669 A.2d 309, 313 (Pa. 1995).

Ituah's due-process claim as to the 508 W. Tabor property likewise fails. To state "a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide due process of law." *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 194 (3d Cir. 2009) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)). Ituah fails to identify any shortcomings in the process he received. To the contrary, he admits that he had notice of and a hearing on the City's intent to demolish his property. *See* (Compl. 4).

Such process fulfils "the root requirement" of due process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)). Lacking allegations to support a plausible due-process claim, Ituah is not entitled to the legal or equitable relief he seeks against any of the Defendants.

B

The remaining claims against the City ostensibly rely on a theory of municipal liability.3 A plaintiff may pursue a § 1983 claim against a municipality under two theories. *See Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). The first option is to allege "that an unconstitutional policy or custom of the municipality" caused his injuries. *Id.* The second option requires a showing that the plaintiff's injuries "were caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice.'" *Id.* (quoting *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019)).

Ituah's allegations fall short of establishing municipal liability. He never alleges that any City policy or custom or failure contributed to the retaliation or discrimination he allegedly suffered. *See* (Compl. 3–5). Nor does Ituah claim that some failure or inadequacy on the City's part caused those injuries. *See* (*id.*) He similarly fails to allege that a City policymaker—or a City policy or custom—was involved with the unnamed Police Department employee's removing his car. (*Id.* at 4.)

---

3 Because the Philadelphia Police Department has no independent corporate existence, 53 Pa. Cons. Stat. § 16257, the Court treats all claims against the Police Department as claims against the City. The Court does the same for any claims Ituah purports to assert against City employees in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

C

Ituah fails to state any claims against the individual Defendants.  To state a

§ 1983 claim against an individual, a plaintiff must allege that each defendant was

personally involved in violating his rights.  *See Baker v. Monroe Twp.*, 50 F.3d 1186,

1190–91 (3d Cir. 1995).  But aside from James Zwolak, Ituah's Complaint never

mentions the other individual Defendants; it certainly never alleges that those

individuals participated in any violation of Ituah's rights.

Though the Complaint mentions Zwolak, it fails to state a claim against him.

Ituah alleges that Zwolak discriminated against him because of his race and national

origin by refusing to meet with him.  (Compl. 3).  But to prove discrimination under the

Equal Protection Clause, Ituah must allege that Zwolak's refusal "had a discriminatory

effect" and was "motivated by a discriminatory purpose."  *Bradley v. United States*, 299

F.3d 197, 205 (3d Cir. 2002).  Ituah does neither.  He never alleges that Zwolak treated

him differently from similarly situated individuals in an unprotected class; nor does he

allege that race or national origin motivated Zwolak's refusal.

IV

A court should grant a plaintiff leave to amend a complaint "when justice so

requires."  Fed. R. Civ. P. 15(a)(2).  The Third Circuit has instructed district courts to

"offer amendment—irrespective of whether it is requested—when dismissing a case for

failure to state a claim unless doing so would be inequitable or futile."  *Fletcher-Harlee*

*Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).  Because

Ituah's due-process claim as to the 3843 Fairmount Avenue property is barred under

*res judicata* and the statute of limitations, amending that claim would be futile.  For

the remaining claims, however, amendment would be neither inequitable nor futile. Ituah is therefore granted leave to amend those claims.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.