**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **ABRAHAM ITUAH,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-5088** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 20___, upon consideration of

Defendants' Motion to Dismiss the Amended Complaint, it is **HEREBY ORDERED** that the

Motion is **GRANTED**.  It is **FURTHER ORDERED** that all claims against Defendants are

**DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABRAHAM ITUAH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-5088** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## MOTION TO DISMISS THE AMENDED COMPLAINT
## FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia, James Zwolak, Brendan J. Philbin, Joseph Carrol, Pamela Elchert Thurmond, Carmen Sanchez, Roslyn Speller, and John Doe 1 and John Doe 2 Police officers, by and through the undersigned counsel, hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this motion, Defendants incorporate the attached Memorandum of Law.  Defendants respectfully request that this Court dismiss the claims asserted against them with prejduice.

Date:  October 27, 2020

Respectfully submitted,

/s/ Michael Pfautz
Michael Pfautz
Assistant City Solicitor
Pa. Attorney ID No. 325323
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5233
michael.pfautz@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABRAHAM ITUAH,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-5088** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

I.   BACKGROUND AND PROCEDURAL HISTORY ........................................................ 2

    A.   The Sheriff's Sale of 3843 Fairmount Avenue and Subsequent Federal Suit ................ 2

    B.   The Demolition of 508 W. Tabor Road ........................................................................ 4

    C.   The Instant Litigation ................................................................................................. 5

        1.   Plaintiff's First Complaint .................................................................................. 5

        2.   Plaintiff's Amended Complaint .......................................................................... 6

II.   ARGUMENT ................................................................................................................... 7

    A.   Plaintiff Fails to State a Claim Against the Individual Defendants. ............................... 8

        1.   The Individual Defendants Have Legal Immunity ............................................... 8

        2.   Claims against Zwolak and Sanchez ................................................................. 11

        3.   Claims against Carrol, Philbin, and John Doe Officers ..................................... 13

        4.   Claims against Speller ...................................................................................... 15

        5.   Claims against Thurmond .................................................................................. 16

    B.   Plaintiff Fails to State a Claim of Municipal Liability Against the City ...................... 17

        1.   Plaintiff's *Monell* Claim Fails Because He Pleads No Facts Regarding a
Municipal Policy or Custom. ................................................................................... 19

        2.   Plaintiff's *Monell* Claim Fails Because He Does Not Adequately Allege Conduct
by a Municipal Policymaker. ................................................................................... 19

III.   CONCLUSION ............................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir. 1990) ................................................ 19

*Ashcroft v. Al-Kidd*, 131 S. Ct. 2074 (2011) ......................................................................... 10

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ............................................................................ 8, 10

*Balent v. City of Wilkes–Barre*, 669 A.2d 309 (Pa. 1995) ........................................................ 12

*Barrett v. United States*, 798 F.2d 565 (2d Cir. 1986) ............................................................... 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................................. 16

*Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396 (3d Cir. 2000) ........................... 14

*Bradley v. United States*, 299 F.3d 197 (3d Cir. 2002) ............................................................. 12

*Davis v. City of Philadelphia*, No. 05-4571, 2009 WL 2461777 (E.D. Pa. Aug. 11, 2009) ........ 19

*Fair Assessment in Real Estate v. McNary*, 454 U.S. 100 (1981) ............................................. 11

*Fry v. Melaragno*, 939 F.2d 832 (9th Cir. 1991) ....................................................................... 9

*Gardner v. McGroarty*, 68 Fed. App'x 307 (3d Cir. 2003) ...................................................... 14

*Gariffo Real Est. Holdings Co., Inc. v. City of Philadelphia*, No. CIV.A. 05-6153, 2007
     WL 1410607 (E.D. Pa. May 11, 2007) ...................................................................... 14, 15

*George v. Rehiel*, 738 F.3d 562 (3d Cir. 2013) .......................................................................... 9

*Ituah v. City of Philadelphia* (*Ituah I*), CV 16-05772, 2017 WL 2079888  (E.D. Pa. May
     15, 2017) ............................................................................................................................ 4

*Kach v. Hose*, 589 F.3d 626 (3d Cir. 2009) ............................................................................ 11

*Kerns v. Dukes*, 153 F.3d 96 (3d Cir. 1998) ........................................................................... 11

*Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470 (1987) .................................. 14

*Langford v. Atlantic City*, 235 F.3d 845 (3d Cir. 2000) ........................................................... 18

*Leibert v. PHA*, 474 F. App'x 76 (3d Cir. 2012) ............................................................... 13, 16

*McTernan v. City of York*, 564 F.3d 636 (3d Cir. 2009) ....................................................... 2, 19

*Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978) ..................... 18

*Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902 (3d Cir. 1997) ................................................ 8

*Mulholland v. County of Berks*, 706 F.3d 227 (3d Cir. 2013) .................................................. 18

*Rees v. Office of Children and Youth*, 473 F. App'x 139 (3d Cir. 2012) .................................... 19

*Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988) ................................................................ 8

*Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962 (E.D. Pa. June 2, 2014) ................ 19

*Spuck v. Pennsylvania Bd. of Probation & Parole*, 563 Fed. App'x 156 (3d Cir. 2014) ............. 9

*Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542 (3d Cir. 2006) ........................ 12

*Williams v. Consovoy,* 453 F.3d 173 (3d Cir. 2006) ................................................................... 9

*Wimbush v. City of Philadelphia*, No. CV 16-05783, 2017 WL 1355174 (E.D. Pa. Apr.
     13, 2017) ........................................................................................................................ 17

**Statutes**

53 P.S. § 16257 ....................................................................................................................... 17

Six moths ago, this Court dismissed Plaintiff Abraham Ituah's Complaint for raising claims too late, for *res judicata*, and for failing to make sufficient factual allegations to support any of his claims.  The Amended Complaint repeats these mistakes, and should be dismissed for the many of the same reasons, this time with prejudice.  At the outset, the individually named defendants are all entitled to absolute or qualified immunity for the conduct alleged. Plaintiff's claims regarding a long past sheriff's sale were dismissed with prejudice and remain barred by *res judicata* and the statute of limitations.  Plaintiff continues to challenge the conduct of the City employees involved in the demolition of an unsafe building he owns, but he still fails to explain how the conduct alleged violates any constitutional provision.  And while Plaintiff has now added allegations of retaliation against specific City employees regarding the billing of taxes and other fees he owes to the City—including new claims against one of the City's bankruptcy attorneys—the Amended Complaint fails to articulate a factual basis necessary to plausibly claim retaliation.  Finally, the Amended Complaint cites no City policy or practice that would give rise to municipal liability under *Monell*.

Having given Plaintiff a second (and in some cases, third or fourth) bite at the apple, the Court should recognize Plaintiff's Amended Complaint for what it is: targeted harassment of City employees for doing their jobs enforcing the City's laws, rights, and legal obligations because Plaintiff has been repeatedly unsuccessful in other, proper fora.  For these reasons, as discussed more thoroughly *infra*, the Court should dismiss Plaintiff's claims against all Defendants with prejudice.

I.   **BACKGROUND AND PROCEDURAL HISTORY**[1]

The Amended Complaint alleges that the City and its employees violated Plaintiff's

constitutional rights.  While Plaintiff references collection actions and bankruptcy filings, the

heart of the amended complaint is still claims that Plaintiff's rights were violated by the sale of

his property at 3843 Fairmount Avenue in Philadelphia at sheriff's sale in 2015 and the

demolition of his property at 508 W. Tabor Road in Philadelphia in 2019.  (*See* Am. Compl.

¶¶ 3-5, 7).  As the Court knows, this is not the first time Plaintiff has challenged these actions in

court, and the City recounts that history again here for ease of reference.

A.   **The Sheriff's Sale of 3843 Fairmount Avenue and Subsequent Federal Suit**

The state court action that resulted in the sale of 3843 Fairmount Avenue commenced on

April 22, 2015, when the City, by its attorney James Zwolak, filed a real estate tax lien claim

against the owner of the property at 3843 Fairmount Avenue.  (*See* Docket, *City of Philadelphia*

*v. Ituah (Ituah I)*, No. 1504T0504 (Pa. Ct. Com. Pl. Phila.), attached hereto as **Exhibit 1**).  On

May 13, 2015, the Honorable Linda Carpenter issued a Rule "to sell the premises 3843

Fairmount Ave. as fully described in the tax information certificate, by the Sheriff of

Philadelphia County because of delinquent real estate taxes . . . ."  (*See id.*).  The property was

then posted on July 5, 2015 and the Affidavit of Posting was filed with the Court on July 9, 2015.

(*See id.*).  The Affidavit of Service of the Posting was filed with the Court on August 4, 2015,

and certified that all interested parties for the property were served by certified and first-class

mail on July 20, 2015.  (See *id.*).  Plaintiff in this case, Ituah, did not file a response to the court's

---

[1] This section draws on public documents filed of record in the underlying Sheriff's sale action,
*City of Philadelphia v. Ituah*, No. 1504T0504 (Ct. Com. Pl. Phila), and the code enforcement
action that resulted in the demolition of Plaintiff's property, *City of Philadelphia v. Ituah*, No.
181203469 (Ct. Com. Pl. Phila.).  The Court may take judicial notice of these documents and
consider them on this motion to dismiss, without converting this motion to dismiss into a motion
for summary judgment. *See, e.g.*, *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

May 13, 2015 Rule, and the court entered a Decree on August 10, 2015 to sell the property at a Sheriff's sale. (See *id.*).

On September 16, 2015 the property was sold to Dimitrios Dimopoulos. *(Id.)* On that same day, Ituah filed a Motion to Set Aside the Tax Sale, arguing that he did not receive proper notice of the sale. (See *id.*). The City, through its attorney Cynthia Stavrakis, filed an Answer to the Motion on October 13, 2015, and Ituah filed a Reply on October 22, 2015. (See *id.*). On October 26, 2015, Judge Carpenter denied Ituah's Motion to Set Aside the Tax Sale. *(Id.)*. Ituah filed a Motion for Reconsideration on November 17, 2015, which Judge Carpenter denied on November 18, 2015. *(Id.)*. Ituah then filed a Motion to Redeem the Premises on December 2, 2015 and City attorney Stavrakis filed an Answer on December 22, 2015. (*Id.*) Judge Carpenter held a hearing on the Motion to Redeem on March 23, 2016. (*Id.*). On March 28, 2016, Judge Carpenter entered an Order denying Ituah's Motion to Redeem. (*Id.*). Ituah appealed Judge Carpenter's decision to the Pennsylvania Superior Court, which dismissed the appeal on June 24, 2016. (*See id.*). Ituah then filed an Application for Leave to File a Petition for Allowance of Appeal *Nunc Pro Tunc* with the Pennsylvania Supreme Court, which that court denied on December 28, 2016. (*See id.*).

Subsequently, Plaintiff filed a federal action in this Court on November 7, 2016, claiming a denial of due process rights under 42 U.S.C. § 1983 and bringing state law claims for abuse of process and fraudulent misrepresentation. (*See* Compl., *Ituah v. City of Philadelphia* (*Ituah II*), CV 16-05772 (E.D. Pa.), attached hereto as **Exhibit 2**. Plaintiff named the City of Philadelphia, the Sheriff's Department, Sheriff Jewell Williams, and City attorney Cynthia Stavrakis as defendants in his complaint. (*See id.* at 1 (caption)). This Court granted the City's motion to

dismiss that complaint on the basis of *Rooker-Feldman* abstention, *res judicata*, and failure to state a claim. *Ituah II*, 2017 WL 2079888 (E.D. Pa. May 15, 2017) (Pappert, J.) .

### B.     The Demolition of 508 W. Tabor Road

On January 2, 2019, the City, by its attorney Brendan Philbin, filed a Petition for a Temporary Restraining Order and Preliminary Injunction in Philadelphia Court of Common Pleas to allow the City to demolish Plaintiff's property at 508 W. Tabor Road because of an imminently dangerous condition described as a "an improperly anchored, bulging, and improperly braced side load bearing wall."  (Pet. for TRO & Prelim. Inj. ¶ 3, *City of Philadelphia v. Ituah (Ituah III)*), No. 181203469 (Com. Pl. Phila.), attached hereto as **Exhibit 3**; *see* Docket, *Ituah III*, attached hereto as **Exhibit 4**).  The City's filing included a December 27, 2018 Notice of Violation for the property issued by Department of Licenses and Inspection ("L&I") Inspector Joseph Carroll.  (*See id.*, Ex. A at 2).  The following day, Plaintiff filed a response in opposition.  (*See* Def.'s Response to Pet. for TRO and Prelim. Inj., *Ituah III*, attached hereto as **Exhibit 5**).

After a hearing later that day attended by both the City and Plaintiff, *see* Docket, *Ituah III* (Exhibit 4) at 2 (Trial/Hearing Exhibits filed), the court entered an order authorizing the City to demolish the property and for the Police Department to remove any occupants.  (*See* TRO at 2-3, ¶¶ 2, 4, *Ituah III* (Pa. Ct. Com. Pl. Phila. Jan. 3, 2019), attached hereto as **Exhibit 6**).  Plaintiff appealed the order to the Commonwealth Court the following day but did not seek a stay.[2] (Notice of Appeal, *Ituah III*  (Pa. Ct. Com. Pl. Phila.), attached hereto as **Exhibit 7**).  Plaintiff subsequently failed to file a required Pa. R. Civ. P 1925(b) Statement of Issues on Appeal. (*See Op.* at 1, *Ituah III* (Pa. Ct. Com. Pl. Phila. Feb. 13, 2019), attached hereto as **Exhibit 8**).  The

---

[2] The City demolished the property on January 11, 2019.

Commonwealth Court quashed Plaintiff's appeal on May 10, 2019. (Docket, *City of Philadelphia v. Ituah*, No. 47 C.D. 2019 (Pa. Commw. Ct.), attached hereto as **Exhibit 9**). On July 8, 2019, Plaintiff filed a Petition for Leave to File a Petition for Allowance of Appeal *Nunc Pro Tunc* with the Pennsylvania Supreme Court, which that court denied on October 1, 2019.  (*See* Docket, *City of Philadelphia v. Ituah*, No. 78 E.M. 2019 (Pa.), attached hereto as **Exhibit 10**).

### C.    The Instant Litigation[3]

#### 1.  Plaintiff's First Complaint

On November 7, 2019, Plaintiff filed the first Complaint in this case.  Plaintiff alleged that he did not receive adequate service of process before the 2015 Sheriff's sale of 3843 Fairmount Avenue and that the property was transferred "expeditiously".  (Compl. at 4, ECF No. 1).  Plaintiff also alleged that on December 27, 2018, an unnamed police officer at 508 W. Tabor Road instructed tenants to vacate the building and towed his car before the L&I inspection and then left the Notice of Violation, which Plaintiff alleges he did not receive until the day of the January 3, 2019 hearing. (*See id.*).

In addition to alleging that the Sheriff's sale of 3843 Fairmount Avenue in 2015 and the demolition of 508 W. Tabor Road in 2019 violated Plaintiff's rights under the Fourth and Fifth Amendments, the Complaint could be read to have suggested two other causes of action. Plaintiff alleged that "James Zwolak and his subordinates" discriminated against him because of his race and national origin, (*id.* § III.C.2), although the only factual allegation regarding Zwolak was that he "deliberately refused to meet with" Plaintiff,(*id.* § III.C.4). Plaintiff also alleged that "City of Philadelphia employees collectively" retaliated against him because of the lawsuit in *Ituah II*, suggesting a claim under the First Amendment.  (See *id.* § III.C.3).

---

[3] This section assumes the truth of the allegations in Plaintiff's Complaint.

The City moved to dismiss the Complaint under Rules 12(b)(1) and (6).  The Court granted the City's motion for failure to state a claim, dismissing Plaintiff's claims as to the 3843 Fairmount Avenue property with prejudice as *res judicata* and barred by the statute of limitations.  (*See* Mar. 26, 2020 Mem. at 8, ECF No. 8).

### 2.  Plaintiff's Amended Complaint

On October 8, 2020, Plaintiff filed an amended complaint claiming violations of his constitutional rights under 42 U.S. § 1983.  The City was served on October 13, 2020.  The Amended Complaint raises claims against City of Philadelphia Law Department attorneys James Zwolak, Brendan Philbin, and Pamela Thurmond, City of Philadelphia employees Joseph Carrol, Carmen Sanchez, Roslyn Speller, John Doe Police officers, and the City itself.  (Am. Compl. ¶ 2, ECF No. 12).

According to the Amended Complaint, Zwolak discriminatorily refused to meet with Plaintiff regarding or reverse the sheriff's sale of the Fairmount property.  (Am. Compl. ¶ 3) Subsequently, Sanchez continued to bill Plaintiff for incorrect tax amounts and applied payments made by Plaintiff to satisfy tax obligations on certain properties to the wrong accounts, resulting in the Plaintiff filing for bankruptcy in New York.  (*Id.* ¶¶ 3, 5).  Plaintiff alleges that after he refused to consent to telephonic hearings, the City's bankruptcy attorney, Thurmond, retaliated against him for having to travel to New York for hearings.  (*Id.* ¶ 5). He claims she submitted incorrect information regarding the value of Fairmount property, resulting in a higher amount remaining due to Plaintiff's creditors in 2018.  He claims she also retaliated by "engineering inaccurate bills" and collections, and encouraging the City's Licenses and Inspections Unit (L&I) to demolish one of Plaintiff's properties.  (*Id.*).

The Amended Complaint further alleges that in December 2018, following the dismissal of Plaintiff's New York bankruptcy, Police Officer John Doe 1 went to Plaintiff's property at

508 W. Tabor Street, declared it condemned, and told the four tenants there to leave.  (*Id.* ¶ 4).

Plaintiff alleges another officer, John Doe 2, then had Plaintiff's truck towed from the property

without prior notice and impounded the vehicle.  (*Id.* ¶ 7).  The Amended Complaint alleges L&I

Inspector Joseph Carrol issued a condemnation notice of the building "for [an] unknown reason."

(*Id.* ¶ 4).  City attorney Brendan Philbin then filed the Tabor action to demolish the property,

which Plaintiff alleges was because Philbin was "offended" at a dropped phone call with

Plaintiff. (*Id.*). Plaintiff alleges that Philbin refused to voluntarily stay the litigation or execution

of judgment despite Plaintiff's requests and Plaintiff's expert's opinion that the structure was

repairable.  (*Id.*).  As a result, the building was demolished.  (*Id.*).

At some unspecified time, Plaintiff also alleges that Speller also retaliated against him by

refusing to shut off water service to another of his properties and billing the account for water

used.  (*Id.* ¶ 6).  Plaintiff alleges this was in retaliation for his lawsuit in *Ituah I.*  (*Id.*)  And

Plaintiff alleges that, in a new bankruptcy case filed earlier this year, Thurmond has "pressed"

the court to dismiss the case.  (*Id.* ¶ 5).

## II.   ARGUMENT

The Amended Complaint fails to state a claim upon which relief can be granted under

Rule 12(b)(6).  The individuals named as defendants here are entitled to absolute or qualified

immunity for their actions as government employees.  In addition, the various claims Plaintiff

asserts against these defendants are barred by *res judicata* and the statute of limitations or lack

sufficient factual allegations to plausibly state a claim for relief.  And Plaintiff still fails to allege

a policy or practice or conduct by a municipal policymaker that could give rise to *Monell* liability

against the City.

### A.  Plaintiff Fails to State a Claim Against the Individual Defendants.

The Court should dismiss Plaintiff's claims against defendants James Zwolak, Brendan J Philbin, and Pamela Thurmond (collectively, the "Attorney Defendants"), as well as Carmen Sanchez, Roslyn Speller, and Joseph Carrol (together with the Attorney Defendants, the "Individual Defendants").  A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *See id.*  Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted). Further, a "defendant in a civil rights action must have personal involvement in the alleged wrongs" of the case, and a complaint must allege such personal involvement "with appropriate particularity."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Here, the Individual Defendants are all entitled to immunity from Plaintiff's claims and the Amended Complaint contains no factual allegations which plausibly suggest that the Individual Defendants personally committed any misconduct in the actions underlying this case.

### 1.  The Individual Defendants Have Legal Immunity

At the outset, Plaintiff's claims against the Individual Defendants fail because they are entitled to legal immunity from Plaintiff's claims under § 1983 for their work performed as government employees.  The Attorney Defendants are entitled to absolute immunity, and all of the Individual Defendants are entitled to qualified immunity.

The Amended Complaint's claims against Zwolak, Philbin, and Thurmond are all barred by absolute immunity.  Government attorneys litigating on behalf of the government are absolutely immune from liability alleged to stem from that conduct.  *See, e.g.*, *Spuck v. Pennsylvania Bd. of Probation & Parole*, 563 Fed. App'x 156, 158 (3d Cir. 2014) (unpublished) (citing *Williams v. Consovoy,* 453 F.3d 173, 178 (3d Cir. 2006)). This includes government defense counsel and "government attorneys involved in civil tax litigation in a state or federal court." *Spuck*, 563 Fed. App'x at 158 (citing *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986); *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991)).  As *Barrett* explained,

> The controversial nature of the proceeding, the risk that a losing civil defendant will seek to retaliate by a suit attacking the propriety of the government attorney's conduct, and the existence of alternative safeguards against the attorney's misconduct (e.g., professional disciplinary proceedings, discovery and cross-examination) militate in favor of absolute immunity.

*Barrett*, 798 F.2d at 572.  Here Plaintiff seeks to impose liability on Zwolak for his role in the sheriff's sale to satisfy Plaintiff's outstanding taxes, on Philbin for bringing the Tabor property demolition action, and Thurmond for her conduct in the bankruptcy litigations.  Each is an instance of a government attorney litigating on behalf of the government, and so these claims against the Attorney Defendants must be dismissed with prejudice.

In addition, all of the Individual Defendants are entitled to qualified immunity from the claims in the Amended Complaint.  Qualified immunity shields a government official from federal claims unless it is "beyond debate" that the federal right they allegedly violated was "clearly established at the time of the challenged conduct." *See George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013) (internal quotation marks omitted) (reversing district court to grant motion to dismiss based on qualified immunity).  A right only qualifies as clearly established if its "contours . . . are sufficiently clear that *every* reasonable official would have understood that

what he is doing violates that right." *See Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2078 (2011) (citations and internal quotation marks omitted) (emphasis added).

The types of violations alleged by Plaintiff are not "clearly established." Plaintiff complains Zwolak refused to meet with him, (Am. Compl. ¶ 3), but there is no clearly established right to meet in person with a government lawyer regarding one's case. The Amended Complaint alleges Sanchez, Speller, and Thurmond were each involved in some type of mis-billing by refusing to shut off water service, (*id.* ¶ 6 (Speller)), mis-applying tax payments, (*id.* ¶ 3 (Sanchez)), or "engineering" inaccurate bills, (*id.* ¶ 5 (Thurmond)). But while such errors would be regrettable, it is far from clear that imperfect billing or less than satisfactory government customer service violate any constitutional provision. Plaintiff does not allege any non-conclusory facts that plausibly suggest the alleged actions were intentional or retaliatory. *See Iqbal,* 556 U.S. at 678. As a result, Sanchez, Speller, and Thurmond are entitled to qualified immunity for any alleged billing errors or improprieties.

The deprivation of property claims regarding the demolition of the Tabor property and the attendant relocation of Plaintiff's vehicle against Carrol, Philbin, and John Does 1 and 2 are also barred by qualified immunity. While the right to private property generally may be clearly established, it is not clear actions that lead to the demolition of an admittedly damaged structure (though Plaintiff alleges it was repairable) and that are taken to protect the persons and vehicles in the vicinity violate that right. As a result, Carrol, Philbin, and John Does 1 and 2 are also entitled to qualified immunity.

Therefore, the claims against the Individual Defendants should be dismissed with prejudice for failure to state a claim on immunity grounds.

## 2.  Claims against Zwolak and Sanchez

Plaintiff's claims against Zwolak and Sanchez must be also dismissed as *res judicata*,

barred by the statute of limitations, and as implausible under *Iqbal*.

Plaintiff claims Zwolak and Sanchez violated his "constitutional rights to private

property, which was sold under [Zwolak's] supervision" and that Zwolak discriminated against

him based on race and national origin.  (Am. Compl. ¶ 3). Plaintiff alleges that Zwolak would

not meet to discuss the "illegal sale of the property as recommended by the state inspector

general's office." (*Id.* ¶ 3) Based on similar allegations in Plaintiff's original Complaint, (Compl.

§ III.C.4), this allegation appears to refer to the sheriff's sale of 3843 Fairmount Avenue.

Plaintiff alleges that this refusal was discriminatory.  (Am. Compl. ¶ 3).[4]

This Court already dismissed with prejudice Plaintiff's claims against Zwolak and

Sanchez with respect to the sheriff's sale because they are barred by *res judicata* and the statute

of limitations. (Mar. 26, 2020 Mem. at 6). Even if the Court had not already done so, the claims

would still fail on those bases. "The statute of limitations for a § 1983 claim arising in

Pennsylvania is two years."  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. C.S.

§ 5524(2); *Kost v. Kozakiewicz,* 1 F.3d 176, 189–90 (3d Cir. 1993)).  The 3843 Fairmount

Avenue property was sold at Sheriff's sale on September 16, 2015, well over two years ago.

---

[4] Plaintiff further alleges that Sanchez is "manipulat[ing] and inaccurately comput[ing]" the amounts of tax Plaintiff owes and applying payments made by Plaintiff to the wrong tax bills. (Am. Compl. ¶ 3). Although Plaintiff makes these allegations against Sanchez, his constitutional complaint is only for damages from the "private property . . . sold", *i.e.*, the sheriff's sale. Plaintiff has not pled facts sufficient to plausibly allege that unspecified tax assessments against him violate his constitutional rights, and such a claim would be barred in federal court under principles of comity. *See, e.g.*, *Kerns v. Dukes*, 153 F.3d 96, 101 (3d Cir. 1998) ("[S]uits seeking damages because of the imposition of allegedly wrongful taxes are not cognizable in a federal court; while not expressly barred by the Tax Injunction Act, damage actions are barred by principles of comity provided that effective relief is obtainable in state court." (citing *Fair Assessment in Real Estate v. McNary*, 454 U.S. 100 (1981))).

(*See* Docket, *Ituah I* (Exhibit 1); *see also* Compl. at 3, § III.B).  Therefore, Plaintiff's claim is beyond the statute of limitations and should be dismissed.

Similarly, these claims are precluded by *res judicata*. "For the doctrine of res judicata to prevail, Pennsylvania courts require that the two actions share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006). The doctrine "applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Id.* (quoting *Balent v. City of Wilkes–Barre*, 669 A.2d 309, 313 (Pa. 1995)). Here, all four conditions are present. First, *Ituah I* (the Sheriff's sale action), *Ituah II*, and this suit all concern the sale of 3843 Fairmount Avenue and Plaintiff's attempt to reverse it.  Second, Plaintiff brought or could have brought the same due process claims here as he did in *Ituah I* and *Ituah II*.  Third and fourth, all suits involved Plaintiff and the City of Philadelphia.  Therefore, Plaintiff's due process claims as to the sheriff's sale of 3843 Fairmount Avenue should be dismissed as *res judicata*.

Plaintiff's discrimination claim also fails.  To state an equal protection claim for racial or national origin discrimination under § 1983, a plaintiff must establish that the actions of the defendant "(1) had a discriminatory effect, and (2) were motivated by a discriminatory purpose." *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002) (citations omitted). Plaintiff alleges that Zwolak discriminated against him because of race and national origin in refusing to meet with Plaintiff regarding the sheriff's sale of the Fairmount property.  (Am. Compl. ¶ 3).  But Plaintiff still does not allege how he was treated differently than any similarly situated person

12

outside the unspecified class or any facts that might show Zwolak had an impermissible motive.
Plaintiff has not satisfied either prong under *Bradley*.

### 3. Claims against Carrol, Philbin, and John Doe Officers

Plaintiff's claims against Carrol, Philbin, and police officers John Does 1 and 2 are also
insufficient to state a plausible claim under *Iqbal*.

As with Zwolak and Sanchez, Plaintiff alleges that these defendants violated Plaintiff's
constitutional rights to property ownership.[5]  (Am. Compl. ¶ 4; *see also* Am. Compl. ¶ 7).  The
Amended Complaint repeats the original Complaint's claims regarding the demolition of the 508
W. Tabor property, but attributes specific actions to Joseph Carrol, Brendan Philbin, and John
Doe Police Officers 1 and 2.  Plaintiff alleges that John Doe 1 told several of Plaintiff's tenants
to leave the property in December 2018, (Am. Compl. ¶ 3), and that John Doe 2 had Plaintiff's
vehicle towed from Plaintiff's property after Plaintiff sued the City, (Am. Compl. ¶ 7).  Plaintiff
alleges that Mr. Carrol issued a condemnation notice for the property "for [an] unknown reason."
(Am. Compl. ¶ 4).  He also alleges that Mr. Philbin brought the action to demolish the property
because he was "offended" at a dropped phone call with Plaintiff and that Mr. Philbin did not
accede to Plaintiff's request to postpone the demolition.  (*Id.*).

Although Plaintiff does not specify what "constitutional rights to property ownership" he
claims, given the original complaint's references to the Fourth and Fifth Amendments, (Compl.
§ II.B, III.C.1), these claims are best understood as unreasonable seizure claims under the Fourth

---

[5]  Plaintiff does not bring a First Amendment claim or explicitly allege retaliation by John Doe 2
or Philbin.  But even if John Doe's towing of Plaintiff's car or Philbin "get[ting] offended and
fil[ing]" the demolition action were alleged to be retaliatory, the Amended Complaint would still
fail to state a claim against them.  (Am. Compl. ¶ 4).  As to John Doe, Plaintiff has not alleged he
or she knew of Plaintiff's prior lawsuit.  As to Philbin, a dropped phone call is not protected
activity and Plaintiff has not alleged facts plausibly suggesting a causal link between the alleged
dropped call and Philbin's filing of the demolition action for a property previously determined to
be dangerous. *See Leibert v. PHA*, 474 F. App'x 76, 78-79 (3d Cir. 2012).

Amendment, and Takings and Substantive Due Process claims under the Fifth and Fourteenth Amendments.[6]

The demolition of the Tabor property did not violate any of these constitutional rights. "'Whether the [Fourth] Amendment was in fact violated . . . requires determining if the seizure was reasonable." *Gariffo Real Est. Holdings Co., Inc. v. City of Philadelphia*, No. CIV.A. 05-6153, 2007 WL 1410607, at *4 (E.D. Pa. May 11, 2007) (quoting *Soldal v. Cook County, Ill.*, 506 U.S. 56, 62 (1992)). "[M]erely because [a] structure [i]s seized, does not mean that the City's action violated the Fourth Amendment. Instead, the Court must look to the fundamental Fourth Amendment question of reasonableness and balance the public and private interests at stake." *Id.* (citing *Soldal*, 506 U.S. at 62, 71). Along similar lines, to make a substantive due process claim, Plaintiff must allege conduct that "shocks the conscience." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 401 (3d Cir. 2000). And no Takings claim will lie where the government acts pursuant to its police power. *See, e.g.*, *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 490 (1987) (reiterating that no compensation is owed where state acts pursuant to police power to prevent "impending danger").

Plaintiff's claim as to the demolition of the Tabor property fails. First, the City was judicially authorized to enter and demolish the structure. (*See* TRO (Exhibit 6) at 2-3 ¶¶ 3-4). Second, "[w]here a building is seized because of the danger it poses and adequate recourse is provided to challenge any action taken by the local government, the seizure does not violate the Fourth Amendment." *Gardner v. McGroarty*, 68 Fed. App'x 307, 312 (3d Cir. 2003) (unpublished). *Gariffo* explains why the City's demolition would have been reasonable even

---

[6] The original Complaint alleged procedural due process violations with respect to the property's demolition in addition to claims of "property ownership." (*See* Compl. § III.C). Plaintiff does not appear to repeat that claim here, but it would again fail for the same reason: Plaintiff has not specified what process he was entitled to but deprived of. (Mar. 26, 2020 Mem. at 6-7).

absent judicial authorization.  There, as here, the "[p]laintiff retained little or no reasonable

expectation of privacy" in the structure the City demolished because it was in an "imminently

dangerous condition" because of an unsound outer wall.  2007 WL 1410607, at * 4.  On the other

side of the ledger, "the City has a strong interest in ensuring that structures located

within City bounds do not pose a threat to the safety of the general public."  *Id.* at *5.  Further,

Plaintiff had notice and an opportunity to be heard at the hearing.  (*See* Def.'s Response to Pet.

for TRO & Prelim. Inj. (Exhibit 5); Notice of Appeal (Exhibit 7)).  As a result, the Complaint

does not plausibly allege that the demolition was unreasonable.  For the same reasons, it does not

"shock the conscience" or require compensation as an exercise of the City's police power to

prevent "impending danger."

Plaintiff's claim as to the alleged towing of his car from the premises also fails.  Plaintiff

does not appear to seek the return of the car, only damages for its temporary seizure.  (*See* Am.

Compl. ¶ 7).  But towing a vehicle from a property about to be demolished is not unreasonable or

shocking, and in fact serves to preserve the vehicle from damage.  Nor is such a temporary

deprivation of property when done under the literal police power to prevent harm a Taking.

### 4.  Claims against Speller

Plaintiff's allegations against Roslynn Speller also fail to state a claim.  Plaintiff contends

that Speller refused to shut off water service to a vacant property.  (Am. Compl. ¶ 5)  Plaintiff

alleges this resulted in water bills to the Plaintiff, which he paid.  (*Id.*)  Plaintiff alleges this was

retaliation for Plaintiff's lawsuit against the City.  (*Id.*)

"To plead a retaliation claim under the First Amendment, a plaintiff must allege: '(1)

constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary

firmness from exercising h[er] constitutional rights, and (3) a causal link between the

constitutionally protected conduct and the retaliatory action.'" *Leibert v. PHA*, 474 F. App'x 76,

78-79 (3d Cir. 2012) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)). To plead "a causal connection between [a plaintiff's protected conduct] and the alleged retaliatory conduct," a plaintiff must aver that the defendant was aware of the allegedly protected conduct. *Id.* at 79.

Even assuming the lawsuit was protected conduct, Plaintiff's claim does not meet the other requirements.  Plaintiff does not allege a causal claim because he does not allege that Speller was aware of the lawsuit, nor how she would have been. Instead, Plaintiff asks this Court to assume that she knew about some suit when she allegedly refused to stop water service to his property. As *Leibert* held, this Court cannot make such an assumption without supporting facts which show such knowledge. *See* 474 F. App'x. at 79 (holding that a claim cannot proceed if a complaint's factual allegations do nothing more than to suggest the "mere possibility of misconduct"); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Further, the injury Plaintiff complains of—refusal to turn off utility service to a property Plaintiff allegedly owns—is not sufficient to deter the exercise of constitutional rights, particularly given other remedies Plaintiff may have had in the form of manually preventing water usage at his property or seeking recompense from the occupants. Given these failures, Plaintiff's retaliation claim must be dismissed.

### 5.  Claims against Thurmond

Plaintiff has also failed to state a claim for retaliation against Pamela Thurmond, a bankruptcy attorney with the City. The Amended Complaint alleges that Thurmond retaliated against him for refusing to consent to telephonic hearings in a bankruptcy case he filed in New York.  (Am. Compl. ¶ 5).  Plaintiff alleges that, prior to August 2018, she intentionally presented inaccurate information regarding the value of the 5843 Fairmount Avenue property in the case,

hampering Plaintiff's ability to negotiate reduced creditor payments. (*Id.*).  Plaintiff alleges that after the case was over, Ms. Thurmond "engineered inaccurate bill[] collections" and "encouraged" the City to demolish Plaintiff's 508 W. Tabor property. (*Id.*)  He also alleges that the City continues to bill him for amounts he has already paid and more recently, in January 2020, Thurmond moved to dismiss another bankruptcy case Plaintiff filed based on inaccurate information from City records. (*Id.*)

None of these alleged actions constitutes a cognizable claim for retaliation here. First, Plaintiff's claim regarding the presentation of inaccurate information prior to August 2018 is barred by the two-year statute of limitations.  Second, Plaintiff's claims that Thurmond "engineered" and "encouraged" action by others, including incorrect billing and the demolition of the Tabor property, are insufficient to state a claim under § 1983, which requires "personal involvement." *Rode*, 845 F.2d at 1207. Finally, Plaintiff's claim that Thurmond made some effort to have Plaintiff's more recent bankruptcy case dismissed is not an action sufficient to deter an ordinary person from exercising their constitutional rights. As a result, the claims against Thurmond should be dismissed.

### B.      Plaintiff Fails to State a Claim of Municipal Liability Against the City

The Court should additionally dismiss the municipal liability claim in the Amended Complaint against the City of Philadelphia.[7]  A municipality cannot be held vicariously liable for the constitutional violations of its employees or agents.  *See Langford v. Atlantic City*, 235 F.3d

---

[7] Plaintiff does not list the City of Philadelphia Police Department as a party but does reference the Department once as "defendant."  *See* (Am. Compl. ¶ 7). To the extent Plaintiff is making a claim against the Police Department, it should be construed as a claim against the City and dismissed for the reasons discussed above.  (*See* Mar. 26, 2020 Mem. Op. at 7 n.3 (citing 53 P.S. § 16257)); *see also Wimbush v. City of Philadelphia*, No. CV 16-05783, 2017 WL 1355174, at *4 n.2 (E.D. Pa. Apr. 13, 2017) ("[T]he police department . . . cannot be sued apart from the City of Philadelphia itself.").

845, 847 (3d Cir. 2000).  Municipal entities are only liable under Section 1983 "when execution

of a government's policy or custom, whether made by its lawmakers or by those whose edicts or

acts may fairly be said to represent official policy, inflicts the injury that the government as an

entity is responsible for under § 1983."  *Monell v. Dep't of Social Services of the City of New*

*York*, 436 U.S. 658, 694 (1978).

Plaintiff presumably attempts to sue the City under *Monell,*  Plaintiff alleges that the City

and its employees "are guilty of malice and oppression as defined in civil code section 3294-

3296."  (Am. Compl. ¶ 8).  Plaintiff also seeks to stop the City from collecting the costs of the

demolition of the 508 W. Tabor St. property and personal income taxes owed by Plaintiff

because he alleges he was not a City resident during the years at issue.  (*Id.* at 6).

In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal

liability under § 1983, depending on whether the allegation is based on municipal policy or

custom."  *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and

internal quotations marks omitted).  A policy occurs when a decisionmaker with final authority

"issues an official proclamation, policy, or edict," while a custom occurs when practices are "so

permanent and well-settled as to virtually constitute law."  *See id.* (citations and quotations

omitted).

 Here, Plaintiff fails to adequately allege a *Monell* claim for multiple reasons.  First,

Plaintiff's complaint alleges several apparently unrelated individual constitutional violations by

different employees and separate departments, with no mention of a City municipal policy or

custom.  Second, Plaintiff fails to make factual allegations regarding the conduct of any

municipal policymaker in his complaint. Further, Plaintiff has failed for a second time to make

any attempt at articulating either possibility, and so the claims should be dismissed with prejudice, as leave to amend would be futile.

      **1.**   **Plaintiff's *Monell* Claim Fails Because He Pleads No Facts Regarding a Municipal Policy or Custom.**

The Court should dismiss the City of Philadelphia from this case because Plaintiff fails to plead a § 1983 claim with any factual allegations regarding a municipal policy or custom as required under *Monell*.  Plaintiff has attempted to plead municipal liability without offering any factual allegations regarding a policy or custom by the City of Philadelphia.

      **2.**   **Plaintiff's *Monell* Claim Fails Because He Does Not Adequately Allege Conduct by a Municipal Policymaker.**

Plaintiff also fails to state a *Monell* claim because his amended complaint does not allege conduct by a specific policymaker involved in the formation of a custom or policy.  The Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss.  *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Philadelphia*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action").  Here, Plaintiff's complaint fails to set forth any factual allegations about the conduct of such a policymaker.  Given the above, the Court should dismiss Plaintiff's complaint against the City.  *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Philadelphia*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009)

(holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that all claims against them be dismissed with prejudice.

Date:  October 27, 2020                                    Respectfully submitted,


                                                          /s/ Michael Pfautz
                                                          Michael Pfautz
                                                          Assistant City Solicitor
                                                          Pa. Attorney ID No. 325323
                                                          City of Philadelphia Law Department
                                                          1515 Arch Street, 15th Floor
                                                          Philadelphia, PA 19102
                                                          215-683-5233
                                                          michael.pfautz@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABRAHAM ITUAH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 19-5088** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Motion to Dismiss the Amended Complaint was filed via the Court's electronic filing system and is available for downloading.  I also certify that a copy of the Motion to Dismiss has been served upon the Plaintiff by first class mail, postage prepaid, as follows:

Abraham Ituah
92 Robinson Avenue
Newburgh, New York 12550

Date:  October 27, 2020                 Respectfully submitted,

/s/ Michael Pfautz
Michael Pfautz
Assistant City Solicitor
Pa. Attorney ID No. 325323
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5233
michael.pfautz@phila.gov