# EXHIBIT "3"

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

*Filed and Attested by the Office of Judicial Records 02 JAN 2019 03:52 pm F. HEWITT*

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | COURT OF COMMON PLEAS |
| Plaintiff | : | CIVIL TRIAL DIVISION |
| vs. | : | |
| | : | |
| ABRAHAM ITUAH | : | |
| 508 W. Tabor Road | : | TERM, 2019 |
| Philadelphia PA, 19120-2718 | : | |
| and | : | |
| 92 Robinson Avenue | : | |
| Newburgh, NY 12550-4402 | : | |
| | : | No. |
| AND | : | |
| | : | |
| JOHN AND JANE DOE AND ALL | : | |
| KNOWN AND UNKNOWN OCCUPANTS OF | : | |
| 508 W. TABOR ROAD, PHILADELPHIA PA | : | |
| 19120 | : | |
| Defendants. | : | |

**RULE TO SHOW CAUSE WHY**
**PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

AND NOW, this _____ day of _____, 2019, upon consideration of the Plaintiff, City of Philadelphia's, Petition for a Temporary Restraining Order, Preliminary Injunction, a Rule is entered against Defendants, Abraham Ituah and John and Jane Doe and all known and unknown occupants of 508 W. Tabor Road, Philadelphia, PA, to show cause why a Preliminary Injunction providing the relief sought in the accompanying Motion should not be entered.

IT IS ORDERED that the above-mentioned defendants show cause before this Court on the _____ day of _____, 2019 at _____AM/PM in Courtroom ____ why a Preliminary Injunction providing the relief sought in the accompanying Motion should not be entered.

Case ID: 181203469
Control No.: 19010128

IT IS FURTHER ORDERED that Plaintiff cause a copy of this Rule, along with a copy of the Petition and the aforesaid accompanying papers, to be served upon defendants at least five (5) days before the day of the hearing.

BY THE COURT:

_____
                                                             J.

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| CITY OF PHILADELPHIA<br>    Plaintiff<br>vs.<br><br>ABRAHAM ITUAH<br>508 W. Tabor Road<br>Philadelphia PA, 19120-2718<br>and<br>92 Robinson Avenue<br>Newburgh, NY 12550-4402<br><br>AND<br><br>JOHN AND JANE DOE AND ALL<br>KNOWN AND UNKNOWN OCCUPANTS OF<br>508 W. TABOR ROAD, PHILADELPHIA PA<br>19120<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br><br><br>TERM, 2019<br><br><br><br><br>No. |

## **TEMPORARY RESTRAINING ORDER**

  AND NOW, this _____ day of _____, 2019, upon consideration of Plaintiff's Petition and having determined that:

  1. Plaintiff, City of Philadelphia, as well as the public at large, will suffer irreparable harm and loss if the Defendants are permitted to:

    a) Remain at 508 W. Tabor Road, Philadelphia PA (hereinafter "subject premises");

    b) Obstruct, prevent, interfere and/or otherwise impede in any manner the Department of Licenses and Inspections (hereinafter "Department") and/or its contractors from vacating and demolishing the subject premises, which has been declared imminently dangerous by the Department of Licenses and Inspections;

  2. Plaintiff does not have an adequate remedy at law;

3. Demolition of the subject premises is reasonably suited to abate the imminently dangerous condition of the subject premises;

4. Demolition of the subject premises is in the public interest; and

5. Greater injury would be inflicted upon Plaintiff and the safety and health of the public, including the defendants and occupants of the subject premises by the denial of temporary injunctive relief than would be inflicted upon defendants by the granting of such relief, it is therefore ORDERED, ADJUDGED and DECREED as follows:

1. All persons, including all defendants, are enjoined from:

   a) Remaining in the subject premises and shall vacate said premises immediately;

   b) Obstructing, threatening, preventing, interfering, or otherwise impeding in any manner the Department and/or its contractors from vacating and demolishing the subject premises, and;

   c) The defendants and all occupants of the subject premises shall allow representatives of the Department and/or its contractors to enter the interior of the subject premises for purposes of vacating and demolishing the subject premises.

2. If any person fails to vacate the subject premises, the Office of the Sheriff of Philadelphia and/or the Philadelphia Police Department is hereby directed to provide any such person with a copy of this Order. If any such person refuses to leave the building immediately after receiving a copy of this Order, they are authorized, without the need for a writ of possession, to use whatever reasonable force is necessary to remove any such person. The City shall assist any occupant with temporary relocation through the Office of Homeless Services.

3. Defendants or owners, operators, trustees, agents, tenants, and otherwise responsible parties of the subject premises shall permit and provide access to the subject premises to the Department for the purpose of conducting a full and complete interior and exterior inspection by an official inspector of the Department, for the purpose of abatement of

the Philadelphia Code violations at the subject premises. The Department and/or its representatives are authorized to use all reasonable measures to gain access to the premises, including, but not limited to, the services of the Police Department or Sheriff's office and a locksmith. Charges incurred in this matter by the City of Philadelphia, including but not limited to locksmith's fee, charges for removing and maintaining any animals removed, and charges for the inspection, are imposed on Defendant Abraham Ituah.

4. The City of Philadelphia and/or its contractors shall be authorized to demolish the subject premises.

5. Pursuant to Pennsylvania law, the Philadelphia Code and the Department's Regulations, Defendant Abraham Ituah is responsible for the costs incurred by the City for any work performed to abate the violation of the Philadelphia Code and remediate the imminently dangerous conditions at the subject premises. This includes but is not limited to, services of a professional engineer, demolition, sealing the lateral, stucco and weatherproofing. In addition, Defendant Abraham Ituah is responsible for a twenty-one percent (21%) administrative fee.

6. This Order shall remain in full force and effect until this Court specifically orders otherwise; and

7. A Rule to Show Cause why a Preliminary Injunction should not be ordered shall be issued.

BY THE COURT:

_____
J.

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| ABRAHAM ITUAH<br>508 W. Tabor Road<br>Philadelphia PA, 19120-2718<br>and<br>92 Robinson Avenue<br>Newburgh, NY 12550-4402<br><br>AND<br><br>JOHN AND JANE DOE AND ALL KNOWN AND UNKNOWN OCCUPANTS OF 508 W. TABOR ROAD, PHILADELPHIA PA 19120<br>　　　　　Defendants. | TERM, 2019<br><br>No. |

## **PRELIMINARY INJUNCTION**

AND NOW, this _____ day of _____, 2015, upon consideration of Plaintiff's Petition and having determined that:

1. Plaintiff, City of Philadelphia, as well as the public at large, will suffer irreparable harm and loss if the Defendants are permitted to:

    a) Remain at 508 W. Tabor Road, Philadelphia PA (hereinafter "subject premises");

    b) Obstruct, prevent, interfere and/or otherwise impede in any manner the Department of Licenses and Inspections (hereinafter "Department") and/or its contractors from vacating and demolishing the subject premises, which has been declared imminently dangerous by the Department of Licenses and Inspections;

2. Plaintiff does not have an adequate remedy at law;

3. Demolition of the subject premises is reasonably suited to abate the imminently dangerous condition of the subject premises;

4. Demolition of the subject premises is in the public interest; and

5.  Greater injury would be inflicted upon Plaintiff and the safety and health of the public, including the defendants and occupants of the subject premises by the denial of temporary injunctive relief than would be inflicted upon defendants by the granting of such relief, it is therefore ORDERED, ADJUDGED and DECREED as follows:

1.  All persons, including all defendants, are enjoined from:

    a) Remaining in the subject premises and shall vacate said premises immediately;

    b) Obstructing, threatening, preventing, interfering, or otherwise impeding in any manner the Department and/or its contractors from vacating and demolishing the subject premises, and;

    c) The defendants and all occupants of the subject premises shall allow representatives of the Department and/or its contractors to enter the interior of the subject premises for purposes of vacating and demolishing the subject premises.

2.  If any person fails to vacate the subject premises, the Office of the Sheriff of Philadelphia and/or the Philadelphia Police Department is hereby directed to provide any such person with a copy of this Order. If any such person refuses to leave the building immediately after receiving a copy of this Order, they are authorized, without the need for a writ of possession, to use whatever reasonable force is necessary to remove any such person. The City shall assist any occupant with temporary relocation through the Office of Homeless Services.

3.  Defendants or owners, operators, trustees, agents, tenants, and otherwise responsible parties of the subject premises shall permit and provide access to the subject premises to the Department for the purpose of conducting a full and complete interior and exterior inspection by an official inspector of the Department, for the purpose of abatement of the Philadelphia Code violations at the subject premises. The Department and/or its representatives are authorized to use all reasonable measures to gain access to the premises, including, but not limited to, the services of the Police Department or Sheriff's office and a

locksmith. Charges incurred in this matter by the City of Philadelphia, including but not limited to locksmith's fee, charges for removing and maintaining any animals removed, and charges for the inspection, are imposed on Defendant Abraham Ituah.

4. The City of Philadelphia and/or its contractors shall be authorized to demolish the subject premises immediately.

5. Pursuant to Pennsylvania law, the Philadelphia Code and the Department's Regulations, Defendant Abraham Ituah is responsible for the costs incurred by the City for any work performed to abate the violation of the Philadelphia Code and remediate the imminently dangerous conditions at the subject premises. This includes but is not limited to, services of a professional engineer, demolition, sealing the lateral, stucco and weatherproofing. In addition, Defendant Abraham Ituah is responsible for a twenty-one percent (21%) administrative fee.

6. The terms of this Order shall be binding upon the defendants, agents, lessees, heirs, assigns, successors in interest, and all persons acting in or for their behalf or occupying the subject premises.

7. This Order shall remain in full force and effect until this Court specifically orders otherwise; and

8. Any other relief that this Honorable Court deems appropriate.

BY THE COURT:

_____
J.

CITY OF PHILADELPHIA, LAW DEPARTMENT
By: Brendan J. Philbin, Deputy City Solicitor
Attorney Identification No. 307276
1515 Arch Street - 15th Floor
Philadelphia, PA  19102-1595
(215) 683-5110; (215) 683-5299 (Fax)

| | | |
|---|---|---|
| CITY OF PHILADELPHIA<br>    Plaintiff<br>vs.<br><br>ABRAHAM ITUAH<br>508 W. Tabor Road<br>Philadelphia PA, 19120-2718<br>and<br>92 Robinson Avenue<br>Newburgh, NY 12550-4402<br><br>AND<br><br>JOHN AND JANE DOE AND ALL<br>KNOWN AND UNKNOWN OCCUPANTS OF<br>508 W. TABOR ROAD, PHILADELPHIA PA<br>19120<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br><br><br>TERM, 2019<br><br><br><br><br>No. |

**PETITION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Plaintiff, City of Philadelphia (hereinafter "Plaintiff"), respectfully petitions this Honorable Court for a Temporary Restraining Order and Preliminary Injunction pursuant to Pa. R.C.P. 1531, and alleges in support thereof as follows:

1.  Defendant Abraham Ituah is the owner of or otherwise responsible party (hereinafter "defendant-owner") for the premises located at 508 W. Tabor Road, Philadelphia, PA (hereinafter "subject premises").

2.  Defendants John and Jane Doe are the occupants of the subject premises.

3.  The Department of Licenses and Inspections (hereinafter "Department") inspected the subject premises on or about December 27, 2018 and observed that the subject premises is in

"imminently dangerous" condition in violation of Title 4 The Philadelphia Code of General Ordinances, PM-110, "Imminently Dangerous Structures," due to an improperly anchored, bulging, and improperly braced side load bearing wall which causes the property to be in imminent danger of collapse.

4. The Department served Violation Notice #668607 upon the defendant-owner on or about December 27, 2018, ordering the timely remediation of the imminently dangerous conditions at the subject premises or demolition thereof by the defendant-owners. A copy of Violation Notice 668607 is attached as Exhibit "A" and incorporated as if fully set forth herein.

5. Defendants have failed to remediate the imminently dangerous conditions at the subject premises.

6. As of this date, no required building permits or demolition permits have been applied for by the Defendant owner or his contractors, and no work has begun to remediate the imminently dangerous conditions at the subject premises.

7. The actions of Defendant in not correcting or attempting to correct any of the outstanding violations at the subject property have caused the City of Philadelphia and its citizens immediate irreparable and substantial harm for per se violations of the Philadelphia Code.

8. The imminent danger of collapse of the subject premises constitutes a severe public nuisance which may be enjoined by this Honorable Court.

9. Because of the immediate, irreparable, and substantial harm to the occupants and public, and the fact that such harm grows greater each day, the City of Philadelphia is without an adequate remedy at law.

10. Greater injury will be inflicted upon the City of Philadelphia by the denial of injunctive relief than will be inflicted upon the Defendants by the granting of injunctive relief.

11. Defendants will not suffer any irreparable injury if the Temporary Restraining Order and Preliminary Injunction are granted.

12. Demolition of this property will restore it to the status quo existing prior to the violations of the Philadelphia Code;

13. Demolition of this property is reasonably suited to abate the imminently dangerous conditions existing in violation of the Philadelphia Code;

14. Plaintiff will likely succeed on the merits of its claim;

15. Allowing the structure to remain in an imminently dangerous condition harms the public interest.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order for the following requested relief:

1. Order Defendants and all known and unknown occupants to vacate the subject premises;

2. Authorize the City to vacate the subject premises if Defendants and occupants fail to do so on their own accord;

3. Authorize the City to demolish the subject premises to abate the imminently dangerous conditions;

4. Order Defendants to allow the City and its contractors to enter the subject premises to execute the authorized demolition;

5. Order Defendant-owner to pay all costs related to the demolition as provided under applicable law, ordering said costs to be a municipal claim and lien against the subject premises; and

6. Order any other appropriate relief.

Respectfully Submitted,

    MARCEL PRATT
    CITY SOLICITOR

    KRISTIN K. BRAY
    CHIEF DEPUTY CITY SOLICITOR

    EDWARD P. JEFFERSON
    DIVISIONAL DEPUTY CITY SOLICITOR

By: _/s/ Brendan J. Philbin_____
    Brendan J. Philbin
    Deputy City Solicitor

    Attorneys for the Plaintiff
    City of Philadelphia

CITY OF PHILADELPHIA, LAW DEPARTMENT
By: Brendan J. Philbin, Deputy City Solicitor
Attorney Identification No. 307276
1515 Arch Street - 15th Floor
Philadelphia, PA  19102-1595
(215) 683-5110; (215) 683-5299 (Fax)

| | | |
|---|---|---|
| CITY OF PHILADELPHIA<br>                Plaintiff<br>vs.<br><br>ABRAHAM ITUAH<br>508 W. Tabor Road<br>Philadelphia PA, 19120-2718<br>and<br>92 Robinson Avenue<br>Newburgh, NY 12550-4402<br><br>AND<br><br>JOHN AND JANE DOE AND ALL<br>KNOWN AND UNKNOWN OCCUPANTS OF<br>508 W. TABOR ROAD, PHILADELPHIA PA<br>19120<br>                Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br><br><br>TERM, 2019<br><br><br><br>No. |

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF PETITION FOR INJUNCTIVE RELIEF

**I.  FACTUAL BACKGROUND:**

Plaintiff City of Philadelphia incorporates the averments of the foregoing Petition as if set forth at length herein.

**II.  QUESTIONS PRESENTED:**

Is the inaction of the owner of the property, Abraham Ituah, to take steps to correct the Building Code violations, and repair the property at 508 W. Tabor Road in Philadelphia, such that this Court should impose a preliminary injunction and grant an order to vacate and demolish the subject premises?

**SUGGESTED ANSWER:**

Yes.

III.   **LEGAL ARGUMENT:**

Plaintiff seeking a special or preliminary injunction in Pennsylvania must demonstrate: 1) Immediate and irreparable harm not compensable by damages; 2) greater injury resulting from a refusal of the injunction than from a grant of it; 3) effectiveness of an injunction to restore the status quo; 4) an actionable wrong abatable by the injunction. See e.g., Summit Towne Centre, Inc. v. The Shoe Show of Rocky Mount, Inc., 573 Pa. 637, 646-647, 828 A.2d 995, 1001 (2003)(citations omitted), City of Philadelphia v. District Council 33, 528 Pa. 355, 598 A.2d 256 (1991); Adler v. Township of Bristol, 83 Pa. Commw. 72, 475 A.2d 1361 (1984).

The defendants, their employees, agents, contractors and/or subcontractors present a risk of harm by failing to commence and complete repair work necessary to abate the imminently dangerous conditions at 508 W. Tabor Road, Philadelphia PA. Defendant's inaction violates Philadelphia Building Construction and Occupancy Code, Title 4 of the Philadelphia Code of General Ordinances, and severely threatens the public safety, health and welfare. Further deterioration and collapse of the structure will cause significant damage to the adjacent public rights of way and adjacent buildings. The likely collapse will also threaten the lives and safety of neighbors, first responders, and the general public.

The defendants, their agents, employees, contractors and subcontractors, have demonstrated that they will continue to proceed in a hazardous manner, unless they are enjoined by this Honorable Court. The actions of Defendants and those acting in concert with them have directly caused the City of Philadelphia, its employees, agents, contractors and subcontractors

immediate, irreparable and substantial harm for per se Philadelphia Building Code violations, and for persisting extremely dangerous conditions, which pose a public safety threat to the entire area surrounding the subject premises.

As a result, the imminently dangerous conditions which exist at the subject premises present a serious, immediate and irreparable hazard to the safety, health and welfare of the defendants as well as the public at large. Because of the immediate, irreparable and substantial harm, and the fact that such harm grows greater each day, the City of Philadelphia is without an adequate remedy at law. Rather, this dangerous condition and imminent hazard can only be abated through injunctive relief.

Greater injury will be inflicted upon the City of Philadelphia by the denial of injunctive relief, than will be inflicted upon the defendants by the granting of injunctive relief.

## IV.   CONCLUSION:

For all of the foregoing reasons as set forth above, Plaintiff City of Philadelphia respectfully requests that this Honorable Court grant its request for injunctive relief.

Respectfully Submitted,

MARCEL PRATT
CITY SOLICITOR

KRISTIN K. BRAY
CHIEF DEPUTY CITY SOLICITOR

EDWARD P. JEFFERSON
DIVISIONAL DEPUTY CITY SOLICITOR

By: *Brenda J. Phil* [signature]
Brendan J. Philbin
Deputy City Solicitor

Attorneys for the Plaintiff
City of Philadelphia

Case ID: 181203469
Control No.: 19010128

# EXHIBIT A

Case ID: 181203469
Control No.: 19010128



**CITY OF PHILADELPHIA
DEPARTMENT OF LICENSES AND
INSPECTIONS**

Municipal Services Building
1401 JFK Blvd., 11th Floor
Philadelphia, PA 19102
215-686-2480
CSU@phila.gov

### FINAL NOTICE OF VIOLATION AND ORDER
### IMMINENTLY DANGEROUS BUILDING

ITUAH ABRAHAM
508 W TABOR RD
PHILADELPHIA PA 19120-2718

Case Number: 668607

PROPERTY IN VIOLATION: 508 W TABOR RD SIDE BEARING W    Date of Notice: 12/27/18

Dear Sir/Madam,

This is to inform you that the Department of Licenses and Inspections inspected the subject premises on **12/27/18** and has declared it **IMMINENTLY DANGEROUS**, in whole or in part, pursuant to Section PM15-110.1 of the Philadelphia Property Maintenance Code. The results are included in the violation section below.

You are directed to obtain all necessary permits as required by the City and to make repairs or demolish the structure to remove the imminently dangerous condition. Failure to comply with this order forthwith shall result in the City taking action to demolish the structure and stucco remaining party walls exposed by the demolition as per Department policy. You, the owner, will be billed for all costs incurred by the City, including administrative fees.

This is your final notice, if you have any questions regarding this matter please contact: **INSPECTOR CARROLL** at **JOSEPH.CARROLL@phila.gov** or the district office noted above.

## VIOLATIONS:

STRUCTURES OR COMPONENTS THEREOF THAT HAVE REACHED THEIR LIMIT STATE PM-304.1(3)
LOCATION: Side Bearing Wall

You are hereby ordered to obtain the services of a Pennsylvania Licensed Professional Engineer to serve as the design professional in responsible charge pursuant to Administrative Code Section A-304, and maintain, at a minimum, the following responsibilities:
1) Immediately assess the structure to determine the extent of the structural defects and submit those findings along with a timeline of corrective actions to the Department.
2) Design and observe the immediate installation of temporary protections of the public way and adjacent properties.
3) Develop a remediation plan, detailing the extent of the required removal and replacement of structural components and temporary shoring required for the remediation. The remediation plan must contain adequate construction details to confirm code compliance as well as provide the responsible contractor with necessary direction in approaching and completing the necessary repairs.
4) Submit such remediation plan with details to the Department along with an application for a building

Case ID: 181203469
Control No.: 19010128

permit.
5) Provide periodic structural observations of the remediation work throughout the repair process.
6) Inform the Department if a condition arises which poses an immediate threat to public safety.
7) Upon completion of the repairs, submit a sealed statement to the Department that the structure has been made safe.
8) Inform the Department if oversight responsibilities are terminated by the owner.

LOCATION: Entire Property


EXTERIOR WALLS ARE NOT ANCHORED TO SUPPORTING AND/OR SUPPORTED ELEMENTS OR ARE NOT PLUMB AND FREE OF HOLES, CRACKS OR BREAKS AND LOOSE OR ROTTING MATERIALS, ARE NOT PROPERLY ANCHORED OR ARE NOT CAPABLE OF SUPPORTING ALL NOMINAL LOADS AND RESISTING ALL LOAD EFFECTS PM-304.1(7)
LOCATION: Side Bearing Wall


THE DEPARTMENT INSPECTED THE SUBJECT STRUCTURE AND DETERMINED IT IS IN IMMINENT DANGER OF COLLAPSE YOU MUST REPAIR OR DEMOLISH SAID STRUCTURE IMMEDIATELY. WHEN THERE IS IMMINENT DANGER OF FAILURE OR COLLAPSE OF A STRUCTURE OR ANY PART THEREOF WHICH ENDANGERS LIFE, OR WHEN ANY STRUCTURE OR PART OF A STRUCTURE HAS FALLEN AND LIFE IS ENDANGERED BY THE OCCUPATION OF THE STRUCTURE, THE CODE OFFICIAL IS AUTHORIZED AND EMPOWERED TO ORDER AND REQUIRE THE OCCUPANTS TO VACATE THE SAME FORTHWITH IN ACCORDANCE WITH THE CEASE OPERATIONS PROVISIONS SET FORTH IN THE ADMINISTRATIVE CODE. IT SHALL BE UNLAWFUL FOR ANY PERSON TO ENTER SUCH STRUCTURE EXCEPT FOR THE PURPOSE OF MAKING THE REQUIRED REPAIRS OR DEMOLISHING THE STRUCTURE PM-110
LOCATION: Entire Property


RIGHT TO APPEAL
You have the right to appeal these violations within five (5) days for Unsafe or Imminently Dangerous violations. Appeals must be submitted in writing on approved forms to the Boards Administration Unit 11th floor Municipal Services Building 1401 John F Kennedy Blvd Philadelphia PA 19102. The appeal form can be downloaded from the L&I website at www.phila.gov/li. If you have any questions call (215) 686-2427.


PENALTIES AND FEES
Fines shall be imposed from 12/27/18 and shall be assessed in the amount of $150 to $2000 per violation each and every day the violation remains uncorrected.

Your failure to correct the violations may result in the revocation or suspension of certain licenses and permits.

Your failure to correct the violations may also result in the City filing a legal action against you to obtain compliance, an injunction, and the imposition of fees and fines.

Case ID: 181203469
Control No.: 19010128