NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1213
_____

ABRAHAM ITUAH,
     Appellant

v.

CITY OF PHILADELPHIA; JAMES ZWOLAK; BRENDAN J. PHILBIN; JOSEPH
CARROL; ZACHARY STRASSBURGER; CARMEN SANCHEZ, Tax Analyst ll;
ROSLYN SPELLE, /-Rev. Collection Supervisor; POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-05088)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2022

Before: GREENAWAY JR., PORTER and NYGAARD, Circuit Judges

(Opinion filed: September 26, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Abraham Ituah, proceeding pro se, appeals the District Court's order granting Appellees' motion to dismiss his complaint. For the reasons detailed below, we will affirm in part and vacate and remand in part.

I.

In October 2019, Ituah filed a pro se 42 U.S.C. § 1983 action against the City of Philadelphia (the "City"), the Philadelphia Police Department, and several City employees, alleging various constitutional violations arising from the City's September 2015 sale of his property at 3843 Fairmount Avenue (the "Fairmount Property"), and 2019 demolition of his property at 508 W. Tabor Street (the "Tabor Property.").[1] The relevant procedural background is as follows. With regard to the Fairmount Property, following the September 2015 court-ordered sale, Ituah immediately filed a motion to set aside the sale in the state-court proceedings, and then litigated issues surrounding the sale in state court through at least December 2016. In November 2016, he filed a prior federal lawsuit claiming that the City and two City employees (neither of whom is named in the current suit) violated his due-process rights with respect to the sale of the Fairmount Property. In May 2017, the District Court granted the City's motion to dismiss that case. See Ituah v. City of Phila., 2017 WL 2079888 (E.D. Pa. May 15, 2017).[2]

---

[1] The District Court noted the general rule that an amended pleading supersedes the original pleading and stands alone, but still considered the allegations contained both in Ituah's complaint and amended complaint. We will do the same on review.

[2] Ituah's appeal of that dismissal was dismissed as untimely. See Ituah v. Philadelphia, C.A. No. 17-2562 (3d Cir. Jan. 23, 2018).

2

In this action, Ituah brought First Amendment retaliation claims, Fourth and Fifth Amendment claims related to the demolition of the Tabor Property, an equal-protection claim, and a claim related to City tax assessments. The District Court granted the City's motion to dismiss Ituah's amended complaint on several grounds, including, as relevant, the statute of limitations, issues of comity, and failure to state a claim. The Court dismissed the claims against two of the named defendants with prejudice, and the claims against the rest of the defendants without prejudice.[3] Ituah timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review both over the District Court's decision to grant a motion to dismiss on statute of limitations grounds, see Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 181 (3d Cir. 1997), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), see Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). The District Court may grant a motion to dismiss based on the statute of limitations when the time-bar is apparent on the face of the complaint. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). In addition to considering the allegations in the complaint, courts may consider exhibits submitted with the complaint and matters of public record.

---

[3] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, such an order will be final and appealable if the plaintiff "declares his intention to stand on his complaint." Id. at 952. Here, Ituah expressly indicated his intention to stand on his complaint in this Court. See, e.g., Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (3d Cir. 2004).

3

Id. To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We also construe Ituah's pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### III.

We will discuss the allegations against each named defendant in turn, discussing Ituah's retaliation claims first. Ituah alleged that in retaliation for filing his previous federal lawsuit against the City, Roslyn Speller, a City employee, refused to shut off the water account for a vacant building he owned, despite his three requests that she do so, ultimately resulting in water bills totaling $30,000, which he paid after he sold the building. In refusing to shut off the water, she allegedly said, "I don't care someone must pay for it." (Am. Compl. at ¶ 6). To prevail on a First Amendment retaliation claim, Ituah had to show that: "(1) [he] engaged in constitutionally protected conduct, (2) there was retaliatory action sufficient to deter a person of ordinary firmness from exercising [his] constitutional rights, and (3) there was a causal link between the constitutionally protected conduct and the retaliatory action." Conard v. Pa. State Police, 902 F.3d 178, 183 (3d Cir. 2018) (alterations omitted) (quoting Mirabella v. Villard, 853 F.3d 641, 649 (3d Cir. 2017)). There is no dispute that Ituah's lawsuit against the City qualifies as constitutionally protected conduct. See Anderson v. Davila, 125 F.3d 148, 161 (3d Cir.

4

1997). However, the District Court held, as relevant, that Ituah failed to allege a causal link between the lawsuit and Speller's alleged retaliation. We agree. Ituah failed to put forth any factual allegation in this regard, beyond his conclusory assertion that Speller retaliated against him for filing his lawsuit. See Iqbal, 556 U.S. at 678 (explaining that a pleading "that offers labels and conclusions" or "tenders naked assertion[s] devoid of further factual enhancement" fails to state a viable claim) (alteration in original) (internal quotation marks omitted); see also Conard, 902 F.3d at 184. Accordingly, we will affirm the dismissal of Ituah's retaliation claim against Speller.

Ituah claimed also that City attorney Pamela Thurmond retaliated against him for filing for bankruptcy in New York, which necessitated her participation in the proceedings as an attorney for the City as one of Ituah's creditors.[4] Ituah alleged, *inter alia*, that "[a]s soon as" the bankruptcy proceedings were dismissed, Thurmond "engineered inaccurate bills collections and encouraged the licensing units to demolish [the Tabor Property]," and that "[a]ll payments received from escrow after settlements were not updated and the city continues to create bills and claims already paid." (Am. Compl. at ¶ 5). The District Court held that Ituah had failed to state a claim as to any of the three elements of a retaliation claim. We disagree. With regard to the first element, the District Court narrowly construed Ituah's pleadings as alleging that the retaliatory actions were in response only to his insistence that Thurmond attend in-person

---

[4] We take judicial notice of Ituah's bankruptcy proceedings. See In re Ituah, No. 18-35408 (Bankr. S.D.N.Y.); see also McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009); Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

5

bankruptcy proceedings in New York because he would not consent to telephonic hearings. Affording Ituah's pleadings a liberal construction, see Erickson, 551 U.S. at 94, we more broadly read his pleadings as alleging that the retaliatory actions were in response to his initiation of bankruptcy proceedings in New York, which necessitated Thurmond's participation. "The Supreme Court has consistently held that an individual's constitutional right of access to court is protected by the First Amendment's clause granting the right to petition the government for grievances." Anderson, 125 F.3d at 161 (citing Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972)). Along these lines, we hold that Ituah's filing of a petition for bankruptcy protection in federal court was protected conduct for purposes of his retaliation claim. See Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 862 (4th Cir. 2001) (noting that a retaliatory action taken in response to filing a bankruptcy petition would have constituted a viable First Amendment retaliation claim if the plaintiff had satisfied the other elements). Further, we hold that the alleged slate of retaliatory actions, accepted as true, would deter a person of ordinary fitness from exercising their constitutional rights, and that Ituah has adequately alleged causation, given the temporal proximity between the dismissal of the bankruptcy proceedings and the alleged retaliatory actions. See Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016) (noting that to establish causation a plaintiff must show that "his constitutionally protected conduct was a substantial or motivating factor" for the retaliatory conduct, which can be done through evidence, *inter alia*, of "an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action").

With regard to his Fourth Amendment claim, Ituah asserted a violation based on the demolition of the Tabor Property. He alleged that City attorney Brendan Philbin, City Inspector Joseph Carroll, and a John Doe police officer participated in the violation. In December 2018, the John Doe officer visited the property, declared it condemned, and asked the four tenants to vacate the building immediately. On December 27, 2018, Carroll issued a condemnation notice. On January 2, 2019, Ituah hired a structural engineer, who contended that the issues could be repaired, which Ituah conveyed to Philbin, to no avail; Philbin filed an action to demolish the property the same day. On January 3, 2019, a hearing was held in the Court of Common Pleas of Philadelphia County, and the Court granted the City's request after the hearing. Ituah immediately appealed, but the property was demolished two weeks later.[5]

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. am. IV. A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992) (quotation marks omitted). Whether a government seizure violates the Fourth Amendment depends on its overall

---

[5] Although Ituah appealed the demolition order, he did not file a request for a stay of the demolition pending appeal. See City of Phila. v. Ituah, No. 181203469 (Pa. Ct. Com. Pl.). Ituah's appeal was ultimately quashed because he failed to file a statement of error complained of on appeal, as required by the relevant court rules. See City of Phila. v. Ituah, No. 47 C.D. 2019 (Pa. Commw. Ct.). The Pennsylvania Supreme Court denied review. See City of Phila. v. Ituah, No. 78 E.M. 2019 (Pa.).

reasonableness, which must be based upon a "careful balancing of governmental and private interests." Id. at 71 (quoting New Jersey v. T.L.O., 469 U.S. 325, 341 (1985)).

Appellees concede that the demolition of the Tabor Property constituted a seizure for Fourth Amendment purposes, but they contend that Ituah failed to allege facts indicating that the demolition was unreasonable. We agree. The Supreme Court has held that when officials are acting pursuant to a court order, a showing of unreasonableness "would be a laborious task indeed." Soldal, 506 U.S. at 71 (citation omitted); see also Cinea v. Certo, 84 F.3d 117, 124 (3d Cir. 1996). Here, based on Ituah's allegations and brief, the demolition was carried out by a state-court order issued after a hearing. Ituah has failed to allege facts that could arguably fulfill the "laborious task" of establishing the unreasonableness of the demolition. See Soldal, 506 U.S. at 71; cf. Perry v. Sheahan, 222 F.3d 309, 316 (7th Cir. 2000) (noting that although a showing of unreasonableness is a laborious task when undertaken pursuant to a court order, it is "not an impossible one.") (citing Soldal). Accordingly, we will affirm the dismissal of Ituah's Fourth Amendment claim.

However, we will vacate the dismissal of Ituah's Fifth Amendment Takings Clause claim regarding the Tabor Property. The District Court dismissed this claim as unripe because Ituah had failed to plead any facts indicating that he had availed himself of the Pennsylvania state procedures available to him for seeking just compensation. In support of this conclusion, the District Court relied on our holding in Cowell v. Palmer Township, 263 F.3d 286, 290 (3d Cir. 2001), which in turn relied on the Supreme Court's holding in Williamson County Regional Planning Commission v. Hamilton Bank of

8

Johnson City, 473 U.S. 172, 195 (1985). However, the Supreme Court has since vacated that aspect of the Williamson County holding. See Knick v. Twp. of Scott, Pa., 139 S. Ct. 2162, 2167-68 (2019). Although Appellees urge affirmance by arguing that "the City demolished an unsafe structure to further the legitimate purpose of promoting public safety, which was an appropriate exercise of the City's police powers," (Appellees' Br. at 23-24), these arguments rely on facts that are properly considered on summary judgment, not the motion-to-dismiss stage.

We will affirm the dismissal of the remainder of Ituah's claims. Ituah brought sparse allegations regarding his car being towed from private property by a second John Doe police officer and impounded "without prior notices of violations," shortly after he "filed actions against the city of Philadelphia." (Am. Compl. at ¶ 7). It is unclear whether Ituah meant these allegations to support a Fourth Amendment claim or a retaliation claim, but, in either event, the allegations were too vague to state a claim and were properly subject to dismissal. See Iqbal, 556 U.S. at 678 (explaining that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that [any] defendant is liable for the misconduct," and allege "more than a sheer possibility that a defendant has acted unlawfully").

Ituah alleged that City attorney James Zwolak discriminated against him based on his race and national origin, in violation of his equal protection rights, by refusing to meet with him to discuss the "illegal sale" of the Fairmount Property. The District Court held

9

that Ituah's claims against Zwolak were barred by the applicable statute of limitations.[6] Section 1983 claims are subject to Pennsylvania's two-year statute of limitations. See 42 Pa. Cons. Stat. § 5524; Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78-79 (3d Cir. 1989). Because Ituah filed this action in September 2019, any allegations describing events that occurred prior to September 2017 are untimely. His allegations relate to Zwolak's alleged role in the September 2015 sale of the Fairmount Property, and refusal to meet with Ituah immediately afterward, which motivated Ituah to file his motion to set aside the sale. Ituah did not assert any basis for tolling the statute. For these reasons, the District Court correctly held that Ituah's claims based on these allegations were barred by the two-year statute of limitations.[7]

Ituah brought claims against City tax analyst Carmen Sanchez alleging that she intentionally miscalculated his property taxes in various instances. The District Court concluded that principles of comity bar Ituah from pursuing these claims in federal court. We agree. The United States Supreme Court has held that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts" so long as "plain, adequate, and complete" remedies are available in

---

[6] Ituah's complaint and amended complaint did not make clear when the alleged events involving Zwolak transpired. For this reason, the District Court held that to the extent that allegations occurred after September 2017, they failed to state a claim. However, in this Court, Ituah's brief describes the events as occurring well before September 2017.

[7] In his brief, Ituah for the first times alleges that Zwolak was involved in the alleged events giving rise to Ituah's claims against Pamela Thurmond, discussed above. We decline to address these new allegations for the first time on appeal. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021).

10

state court.  Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981) (addressing claim of retaliatory assessment for tax purposes); see also Kerns v. Dukes, 153 F.3d 96, 101 (3d Cir. 1998) (stating "that suits seeking damages because of the imposition of allegedly wrongful taxes are not cognizable in a federal court").  We have repeatedly held that the Pennsylvania state courts provide a "plain, speedy, and efficient" remedy for challenges to a county's assessment of real property taxes.  See, e.g., Gass v. Cnty. of Allegheny, Pa., 371 F.3d 134, 137-38 (3d Cir. 2004).

Finally, we conclude that Ituah's pleadings contained no allegations that the City or Police Department initiated a plan, policy or custom that violated his constitutional rights, and they were therefore properly dismissed.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

For these reasons, we will vacate the District Court's judgment insomuch as it dismissed the Fifth Amendment claim and retaliation claim against Thurmond, and remand for further proceedings as to those claims.  In all other respects, we will affirm. [8]

---

[8] Appellees' motion for leave to file a supplemental appendix is granted.

11