From: ITUAH ABRAHAM aituah@aol.com
Subject: Fwd: Appendix_1_2017_March_.docx
Date: Apr 3, 2023 at 1:17:16 AM
To: Chambers_of_Judge_Pappert@paed.uscourts.gov, Michael Pfautz Michael.Pfautz@phila.gov, ituahabraham@gmail.com

REC'D APR -3

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Abraham Ituah
    Plaintiff.
V.
City of Philadelphia et Al.,
    Defendants.

CIVIL ACTION
NO. 2-19-5088

PROPOSED JURY INSTRUCTIONS AND JOINT STATUS REPORTS

Abraham Ituah is representing himself in this trial. This fact must not affect your consideration of the case. Self- represented parties and parties represented by an attorney are entitled to the same fair consideration.
Because Abraham Ituah is acting as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument and may ask questions, and argue legal issues to the court. I want to remind you that when Abraham Ituah speaks in this part of the trial, he is acting as his own advocate, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand or by deposition and from exhibits that are admitted into evidence. When a self represented party testifies, you should treat this testimony just as you would the testimony of any other witness.

                              Appendix One:
                          Integrated Instruction and Verdict Form

**Appendix One:**

**Integrated Instruction and Verdict Form –
Section 1983 Claim –
Excessive Force (Stop, Arrest, or other "Seizure")**

**Instructions**

### Section 1983

[Plaintiff] is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal [constitutional] [statutory] rights under color of state law.

### Elements of Claim

[Plaintiff] must prove both of the following elements by a preponderance of the evidence:

First: [Defendant] acted under color of state law.

Second: While acting under color of state law, [defendant] deprived [plaintiff] of a federal [constitutional right] [statutory right].

I will now give you more details on action under color of state law, after which I will tell you the elements [plaintiff] must prove to establish the violation of [his/her] federal [constitutional right] [statutory right].

### Action Under Color of State Law

The first element of [plaintiff]'s claim is that [defendant] acted under color of state law. This means that [plaintiff] must show that [defendant] was using power that [he/she] possessed by virtue of state law.

A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

*[Insert appropriate instruction on action under color of state law. See Instructions 4.4.1 through 4.4.3.]*

Deprivation of a Federal Right

[I have already instructed you on the first element of [plaintiff]'s claim, which requires [plaintiff] to prove that [defendant] acted under color of state law.]

The second element of [plaintiff]'s claim is that [defendant] deprived [him/her] of a federal [constitutional right] [statutory right].

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being [arrested] [stopped by police]. In other words, a law enforcement official may only use the amount of force necessary under the circumstances to [make the arrest] [conduct the stop]. Every person has the constitutional right not to be subjected to excessive force while being [arrested] [stopped by police], even if the [arrest] [stop] is otherwise proper.

In this case, [plaintiff] claims that [defendant] used excessive force when [he/she] [arrested] [stopped] [plaintiff]. In order to establish that [defendant] used excessive force, [plaintiff] must prove both of the following by a preponderance of the evidence:

First: [Defendant] intentionally committed certain acts.

Second: Those acts violated [plaintiff]'s Fourth Amendment right not to be subjected to excessive force.

In determining whether [defendant]'s acts constituted excessive force, you must ask whether the amount of force [defendant] used was the amount which a reasonable officer would have used in [making the arrest] [conducting the stop] under similar circumstances. You should consider all the relevant facts and circumstances (leading up to the time of the [arrest] [stop]) that [defendant] reasonably believed to be true at the time of the [arrest] [stop]. You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. The circumstances relevant to this assessment can include *[list any of the following factors, and any other factors, warranted by the evidence]*:

- the severity of the crime at issue;
- whether [plaintiff] posed an immediate threat to the safety of [defendant] or others;
- the possibility that [plaintiff] was armed;
- the possibility that other persons subject to the police action were violent or dangerous;
- whether [plaintiff] was actively resisting arrest or attempting to evade arrest by flight;
- the duration of [defendant]'s action;
- the number of persons with whom [defendant] had to contend; and
- whether the physical force applied was of such an extent as to lead to unnecessary injury.

The reasonableness of [defendant]'s acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to [make the arrest] [conduct the stop]. However, not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about theamount of force that is necessary in a particular situation.

As I told you earlier, [plaintiff] must prove that [defendant] intended to commit the acts in question; but apart from that requirement, [defendant]'s actual motivation is irrelevant. If the force [defendant] used was unreasonable, it does not matter whether [defendant] had good motivations. And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

What matters is whether [defendant]'s acts were objectively reasonable in light of the facts and circumstances confronting the defendant.

[<u>Liability in Connection with the Actions of Another</u>]

*[If the case involves a claim that a defendant is liable for the actions of another, insert appropriate instruction here. See Instruction 4.6.1 (supervisory liability); Instruction 4.6.2 (liability for failure to intervene); Instructions 4.6.3*

through 4.6.8 (municipal liability).]

<u>Damages</u>

[Insert appropriate instructions on damages here.  See Instructions 4.8.1 through 4.8.3.]

<u>Instructions Concerning Verdict Form</u>

A verdict form has been prepared for your convenience.  I will review this form with you now, and afterwards you will take it with you to the jury room.

[Form of verdict read]

In order for you as a jury to answer a question, each juror must agree to the answer.  In other words, your answers to each question must be unanimous.  Your foreperson will write the unanimous answer of the jury in the space provided after each question, and will date and sign the form of verdict when completed.

Nothing said in the verdict form is meant to suggest what your verdict should be. You alone have the responsibility for deciding the verdict.

**<u>Verdict Form</u>**

We, the jury, unanimously find the following by a preponderance of the evidence:

(1)     Did [defendant] act under color of state law?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES" TO PART 1, PROCEED TO PART 2. OTHERWISE, PLEASE STOP.

(2)    Did [defendant] intentionally commit an act, under color of state law, that violated [plaintiff]'s Fourth Amendment right not to be subjected to excessive force?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES" TO PART 2, PROCEED TO PART 3. OTHERWISE, PLEASE STOP.

(3)    Did [defendant]'s act, described in Part (2) above, cause injury to [plaintiff]?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES" TO PART 3, PROCEED TO PART (4)(A), AND SKIP PART (4)(B).

IF YOU ANSWERED "NO" TO PART 3, SKIP PART 4(A) AND PROCEED TO PART 4(B).

(4)(A)    Please state the amount that will fairly compensate [plaintiff] for any injury [he/she] actually sustained as a result of [defendant]'s conduct.

Answer: $ _____
(Fill in Dollar Figure)

(4)(B)    Because we answered "No" to Part 3, [plaintiff] is awarded nominal damages in the amount of $ 1.00.

AFTER ANSWERING PART 4, PROCEED TO PART 5.

(5)(A)   Did [defendant] act maliciously or wantonly in violating [plaintiff]'s rights?

   Answer:  Yes _____   No _____

IF YOU ANSWERED "YES" TO PART (5)(A), PROCEED TO PART (5)(B). OTHERWISE, PLEASE STOP.

(5)(B)   Do you award punitive damages against [defendant]?

   Answer:  Yes _____   No _____

   If yes, in what amount?

   Answer:  $ _____
   (Fill in Dollar Figure)

SO SAY WE ALL, this ___ day of _____, 20[ ].

_____
Foreperson

-1-

### Joint Status Report Pursuant to Rule 26(f)

Caption: *Ituah v. City of Philadelphia*          Civil Action No: **19-5088**

Basis of Jurisdiction: **Federal Question (section 1983)**

Jury Trial: **X**          Non-Jury Trial:_____ Arbitration:_____

Plaintiff's counsel participating in the Rule 16 Conference: **Abraham Ituah**
Defendants counsel participating in the Rule 16 Conference: **Michael Pfautz**
Do counsel have full authority to settle at Rule 16 Conference? **Yes**
    If not, client with such authority who will attend conference:

When did the parties hold the Rule 26 Conference? **3/23/23**
When did the parties comply with the Rule 26(a)'s duty of self-executing disclosure?
**Defendants sent on 2/6/23; Plaintiff sent on 3/23/23**

Does either side expect to file a case-dispositive motion? **Yes, Defendants**

    If yes, under what Rule: **56**
    If yes, specify the issue: **First Amendment Retaliation and Takings**
    Proposed deadline for filing dispositive motions: **July 1, 2023**
    Does either side anticipate the use of experts? **Yes, Plaintiff (Defendants' rebuttal)**
        If yes, what is the proposed deadline for expert discovery? **June 1, 2023**

Approximate date case should be trial-ready: **September 1, 2023**
    Time for Plaintiff's case: **2 days**     Time for Defendant's case: **2 days**
Is a settlement conference likely to be helpful? **Plaintiff would like to discuss settlement**
    If so, when:   Early **Yes** (yes/no)     After Discovery_____ (yes/no)
Do the parties wish to proceed before a Magistrate Judge for final disposition? **Plaintiff does; Defendants do not**

Plan for Discovery:
1. The parties anticipate that discovery should be completed within **90** days.
2. What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to? **None**
3. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)? **Yes**
4. Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan. **Bifurcation of discovery on the Takings Claim–Defendants believe postponing discovery on this claim until the legal issue of police power is resolved would be more efficient**
5. If you contend the discovery period to exceed 90 days, please state reason: **N/A**
6. Do the parties anticipate the need to subpoena any third parties? **Plaintiff does**
    If yes, to the extent any authorizations or releases are required to be signed, counsel should exchange them in advance of the Rule 16 Conference.

I hereby submit the proposed jury instructions documents in words as well as joint report of Rule 26(f) meeting we (plaintiff and defendants counsel) completed on phone conference.

                        Respectfully submitted

Date: 4/3/2023.       Abraham Ituah
                         Plaintiff

## CERTIFICATE OF SERVICE

I, Abraham Ituah, certify that on this date, I caused a true and correct copy of the foregoing to be served on the following via e-mail and mail:

TO:
Michael Pfautz Esquire
Deputy City Solicitor
Pa. Attorney ID No. 325323
City of Philadelphia Law Department

Date: 4/3/2023

                                              Abraham Ituah