From: ITUAH ABRAHAM aituah@aol.com
Subject: Plaintiff request for Interrogatories and production of documents addressed to Defendants for response
Date: Apr 19, 2023 at 6:01:00 AM
To: Chambers_of_Judge_Pappert@paed.uscourts.gov, Michael Pfautz Michael.Pfautz@phila.gov, ITUAH ABRAHAM aituah@aol.com

Abraham Ituah
419 W Godfrey Avenue
Philadelphia PA 19120
(310) 3819859

Re: Plaintiff request for interrogatories and production of Documents to Defendants for response

Mr. Michal Pfautz Esquire,

Below are plaintiff request for interrogatories and production of Documents for Defendants to provide answers and produce every requested relevant documents in support of defendants defenses. Plaintiff look forward for amicable settlement. Plaintiff responses to defendants request for interrogatories and production of documents shall be ready soon delivery. Otherwise, plaintiff intend to file petition for certiorari through agencies like judicial watch in Washington DC. As Plaintiff has no resources to defeat over 100 city of Philadelphia lawyers. Notwithstanding, the truth has to be told "No where in USA, tax sale of personal property actions started on April 22 2015 and verdict entered on August 7 2015 and the subject property sold on September 16, 2015" All efforts to set aside the fictitious sheriff sales or redeemed the property for the amount owed failed because it was fraudulent transaction. In fact, the lawyer involved in the scam resigned to silence the incident. The incident caused plaintiff financial misery; Plaintiff initial investment of $1 million in Philadelphia city, gone; Plaintiff filed 3 bankruptcies due to financial predicament; Plaintiff high blood pressure, increased; Pl depression increased; Plaintiff is psychologically and emotionally depressed . For these above reasons, Plaintiff vowed to continue to exercise all guaranteed constitutional rights by any means necessary to seek justice that would be fair and just.

Sincerely yours,

Abraham Ituah
PLAINTIFF                              Date: 4/19/2023

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABRHAM ITUAH,
    Plaintiff,

v.              CIVIL ACTION
             Case: 2-19-cv-5088

CITY OF PHILADELPHIA, et al.
    Defendants.

PLAINTIFF'S FIRST SET OF INTEROGATORIES TO DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiff, requests that Defendant serve upon Plaintiff answers under oath to each of the following Interrogatories within thirty (30) days of service of these interrogatories.

DEFINITIONS

The following definitions shall apply to these interrogatories:

1. The words and phrases used in these interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania. In addition, the following terms shall have the meanings set forth below:

2. "Action" or "Complaints" refers to the Complaint in the above- captioned matter, filed by Plaintiff on October 8, 2020 Amended as the court directed.

3. "Communication" refers to the transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether written or oral, including, but not limited to, interviews, conferences, conversations, discussions, meetings, contracts, agreements, letters, memoranda, reports, emails, or facsimiles. The term "communication" further includes any transmittal of information on any and all social media platforms and applications, including, but not limited to, Facebook, Twitter, Google+, WhatsApp, Signal, or any internet forum or blog.

4. "Document" has the same meaning as that in Rule 34 of the Federal Rules of Civil Procedure, and thus is used in the broadest, most comprehensive sense. It refers to the original and each and every non-identical copy of all writings of every kind, including, but not limited to, bulletins, calendar or diary entries, charts,

Plaintiff hereby demand that the above-named Defendants provide responses to the following Requests for Production of Documents ("Requests") under oath within 30 days of service hereof, at such time as may be agreed or ordered by the Court, pursuant to the Fed. R. Civ. P. 26 and 34. These Requests are to be deemed continuing and shall require supplemental answers from time to time to the extent required by the Federal Rules of Civil Procedure.

DEFINITIONS

1. The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania. In addition, the following terms shall have the meanings set forth below:

2. "Action" or " Complaint and Amended Complaint" refers to the Complaints in the above- captioned matter, filed by Plaintiff on or before October 8, 2020.

3. "Communication" refers to the transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether written or oral, including, but not limited to, interviews, conferences, conversations, discussions, meetings, contracts, agreements, letters, memoranda, reports, emails, or facsimiles. The term "communication" further includes any transmittal of information on any and all social media platforms and applications, including, but not limited to, Facebook, Twitter, Google+, WhatsApp, Signal, or any internet forum or blog.

4. "Document" has the same meaning as that in Rule 34 of the Federal Rules of Civil Procedure, and thus is used in the broadest, most comprehensive sense. It refers to the original and each and every non-identical copy of all writings of every kind, including, but not limited to, bulletins, calendar or diary entries, charts, claims and reimbursement data, contracts, computer files, computer print outs, directives, drafts, electronic mail and electronically stored information and metadata, expense records, meeting minutes, and all other data compilations from which information can be obtained in reasonably usable forms.

5. "Including" means "including but not limited to."

6. "Person," as used herein, refers to all individuals and entities, including, without limitation, any business or governmental entity or association.

7. "Reflecting," "referring," and/or "relating," as used herein, shall be interpreted

Date: April 19, 2023.                Abraham Ituah
                                     PLAINTIFF

CERTIFICATE OF SERVICE

I, Abraham Ituah, Plaintiff certify that on this date, I caused a true and correct copy of the foregoing to be served on the following via e-mail and mail:

TO:

Abraham Ituah

419 W Godfrey Avenue

Philadelphia PA 19120

(310) 381-9859

aituah@aol.com

Michael Pfautz Esquire

City of Philadelphia Law Department

1515 Arch Street, 15th Floor

Philadelphia, PA 19102

(215) 683-5233 Michael.

Pfautz@phila.gov

April 19 2023.                       Abraham Ituah
                                     PLAINTIFF

IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

: ABRHAM ITUAH,

    Plaintiff, :

v.                    CIVIL ACTION

    Case: 2-19-cv-5088

CITY OF PHILADELPHIA, et al.

    Defendants.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

ANSWERS:

14. Explain the factual basis for Defendant Pamela Thurmond motion to dismiss plaintiff bankruptcy petition without objections from plaintiff attorney and testified in a hearing opposing the dubiously requested for payment of $10000 for ineffective representation from January 20 2020 through September 2020.
ANSWERS:

15. Explain the factual and legal basis for Ms Thurmond to file a motion to dismissed plaintiff third bankruptcy petition.
ANSWER:

16. Explain the factual basis for issuing a condemnation notice on December 2018 shortly after plaintiff Bankruptcy filed in New York was dismissed on November 2018. State the date and time the violation was first noticed.
ANSWERS:

17. Explain the factual basis for sending demolition charges of the subject property to plaintiff for payment?
ANSWERS:

18. Explain the factual basis and why plaintiff must pay the bills for demolished property?
ANSWER:

19. Explain the factual basis for demolition of plaintiff building based on judgment entered on January 3 2019 and ignored plaintiff appeal filed on January 4 2018.
ANSWERS:

20. What's the basis of not receiving responses from Ms Thurmond and other city employees of 12 inquiries plaintiff submitted if not retaliation.
ANSWER:

21. State which of the defendants actions mentioned above does support plaintiff retaliation claim?
ANSWERS:

22. Identify any expert whom your plan to obtain for use in this Action.
ANSWER:

Defendants actions up to present does not support plaintiff claim of retaliation?
**ANSWER:**

6. Defendants counsel must state the reason Plaintiff was escorted out of defendants office on February 1 2023?
**ANSWER**

7. Does Defendant Ms Thurmond agreed that the Bankruptcy Plaintiff filed in New York was dismissed on November 2018 and eminent danger notice was issued on December 2018?
**ANSWER**

8. Defendant, Pamela Thurmond and other Defendants must give reasons why plaintiff shouldn't consider their actions as a retaliations?
ANSWERS:

9. For each verbal communication Plaintiff had with Defendants Pamela Thurmond, Brendan Philbin, and Joseph Carrol at different occasions ended without mutual understanding. Why?
ANSWERS:

10. Defendant, Mr Joseph Carrol humiliated Plaintiff in many occasions and asked police officer to escort me out of his office without remorse? How would you described such experiences?
ANSWER:

11. Explain the factual basis for Mr Carrol to issue eminent danger violation notice on December 28 and Mr. Philbin called plaintiff on the phone on January 2 2019 to request that plaintiff reports for emergency hearing on January 3, 2019.
ANSWERS:

**12.** Plaintiff received first violation notice on December 28th 2018 and unknown police officer ordered plaintiff tenants to vacate the building and declared the building condemned. What's the name of the police officer? Was the violation notice issued by the police officers?

13. Can Defendant Joseph Carrol identify any other owner of property in Philadelphia that was issued eminent dangerous violation and petition the court to get judgment to demolish the           property within 5 days? State why the building was considered eminently dangerous.

communication was oral, all persons present while the communication was made. if the communication was written, the author, addressees, and any other recipients; the relationship of the author of the communication to each recipient; the relationship of the persons present to the person who made the communication;

the date and place of the communication; and the general subject matter of the communication. Unless otherwise specified in any of the interrogatories below, these interrogatories cover the time period from September 16, 2015 through and including the present covering the complaint period.

4. Answers to these interrogatories shall be served upon Abraham Ituah via email within thirty (30) days of service of these interrogatories.

5. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

INTERROGATORIES

1. For each " Action " referenced in Plaintiff Complaints that was filed, explain which of the claims has no merits to be tried in a perfected jury trial and explain the reason for dismissing the complaint.
ANSWERS:

2. Explain the reason Plaintiff claims was dismised before trial?
**ANSWER:**

3. Mr Philbin and Carrol must State the section of law that permits Defendants to ignore appeal filed by plaintiff and contracted the subject property for demolition within 2 weeks.
ANSWER:

4. Defendant, Mr Philbin and Carrol must states the number of violation notices sent to plaintiff concerning the building demolished before issuing eminent danger notice on December 28 2018.
ANSWERS:

5. State the factual basis Pamela Thurmond and other defendants disagreed that

claims and reimbursement data, contracts, computer files, computer print outs, directives, drafts, electronic mail and electronically stored information and metadata, expense records, meeting minutes, and all other data compilations from which information can be obtained in reasonably usable forms.

5. "Including" means "including but not limited to."

6. "Person," as used herein, refers to all individuals and entities, including, without limitation, any business or governmental entity or association.

7. "Reflecting," "referring," and/or "relating," as used herein, shall be interpreted broadly, including by both explicit and implicit reference, to mean (without limitation) "defining," "discussing," "containing," "construing," "concerning," "constituting," "embodying," "pertaining," stating," "supporting," "dealing with," or "prepared as a result of."

8. "Defendants" "City of Philadelphia et al," "You," or "Your, "as used herein, refers to all named Defendants on the complaints and includes your representatives, agents, and all other persons or entities acting or purporting to act on Defendants behalf.

9. "Plaintiff" refers to Abraham Ituah

10. "The City of Philadelphia" or the "City" refers to a political subdivision of the Commonwealth of Pennsylvania, and includes its representatives, agents, and all persons or entities acting or purporting to act on its behalf.

11. The "Property" refers to a parcel of land and building located at 508 West Tabor St (4 units apartments licensed and fully occupied by tenants ) referenced in paragraph 4 of the Amended Complaint as directed by the court

INSTRUCTIONS

1. Each interrogatory is to be answered fully based on information in Defendants possession, custody, or control, or in the possession, custody, or control of Defendants representatives, agents, or attorneys.

2. If you object to any interrogatory or any portion of an interrogatory on the ground that the answer reflects or would reveal the substance of a privileged communication, identify: a. b. c. d. e. f. g. h. etc

the nature of the privilege claimed;

the person who made the communication, whether oral or in writing; if the

broadly, including by both explicit and implicit reference, to mean (without limitation) "defining," "discussing," "containing," "construing," "concerning," "constituting," "embodying," "pertaining," "stating," "supporting," "dealing with," or "prepared as a result of."

8. "Defendants", " All City of Philadelphia employees named as Defendants" "You," or "Your, "as used herein, refers to defendants and includes his representatives, agents, and all other persons or entities acting or purporting to act on their behalf.

9. "Defendants" refers to Defendants Pamela Thurmond, Brendan Philbin, and Joseph Carroll and their employer known as the City of Philadelphia.

10. "The City of Philadelphia" or the "City" refers to a political subdivision of the Commonwealth of Pennsylvania, and includes its representatives, agents, and all persons or entities acting or purporting to act on its behalf.

11. The "Property" refers to a parcel and fully rented building that was located at 508 West Tabor St. referenced in Complaints.

INSTRUCTIONS

1. Except where otherwise indicated, these Requests seek all documents created in, or in any way covering, in effect, or relating to the period from April 22, 2015 at 5:15 PM to the present.

2. Each Request for "all documents" includes any communications relating to the subject matter of the request.

3. These Requests seek all documents and information within your possession or control, as well as the possession or control of your attorneys, employees, agents, contractors, investigators, or representatives.

4. If any portion of any document is responsive to any Request, then the entire document must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless whether you consider the entire document to be relevant or responsive to these Requests, including all cover letters and cover emails. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. If you have redacted any portion of a document, stamp the word "redacted" on each page of the document that you

have redacted. Privileged redactions must be included in a privilege log; any non-privileged redactions must also be included in a log describing the basis for the redaction.

5. You should produce all electronically-stored documents in electronic, machine-readable, text-searchable form, with the integrity of the underlying electronically-stored information preserved, including but not limited to the original formatting, the metadata, and, where applicable, the revision history.

6. You should produce documents as they are kept in the usual course of business. Documents attached to each other should not be separated. Documents that are segregated or separated from other documents, whether by inclusion in binders, file folders, or other containers, or by the use of dividers, tabs, or any other method, shall be produced in that form.

7. If you are unable to respond fully to any Request, explain why your response is incomplete, the efforts you have made to obtain the information, and the source from which all responsive information may be obtained to the best of your knowledge or belief.

8. If you object to any part of a Request, set forth the basis for your objection, including whether any responsive documents are being withheld pursuant to that objection, and respond to all parts of the Request to which you do not object. If you object to providing any document requested on the ground that such information is privileged, you should identify the privilege claimed and state the basis for that claim, identifying the pertinent circumstances with sufficient specificity to permit plaintiff to assess the applicability of the privilege. See Fed. R. Civ. P. 26(b)(5). If the claim is that the information requested relates to a privileged communication, identify the nature of the communication, the author(s), the participants, the identities of all other persons who were present or who otherwise received or had access to the communication, the date and place of the communication, the subject matter of the communication, and the basis for your claim of privilege.

9. If a document responsive to any Request is no longer in your possession, custody, or control, identify each such document by author, addressee, date, number of pages, and subject matter, and state what disposition was made of the

document and the date of such disposition, and identify all persons having knowledge of the document's contents.

10. If a document responsive to any Request is no longer in your possession, but a copy has been maintained by any of your agents or advisors (including any of your accountants, auditors, attorneys, financial advisors, experts, or lobbyists), include such documents in your production.

11. If any document responsive to any Request has been destroyed, lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter, and set forth its content, the date of destruction, and the name of the person who destroyed the document or ordered or authorized its destruction.

12. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all material that might otherwise be construed to be outside their scope.

13. All singular terms include the plural, and all plural terms include the singular.

14. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

15. These document Requests are continuing in character so as to require you to produce additional documents if you obtain further or different information at any time before trial.

16. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty to timely supplement any response to these Requests for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made
known to Plaintiff during the discovery process or in writing.

REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All "documents" referenced in the Complaints that James Zwolak and Cynthia Stavrakis contended were the reasons for selling plaintiff property from April 22 2015 and September 16 2015 which was the basis of plaintiff filing complaints i
ANSWER:

2. All documents and communications Defendants contend to support dismissal of plaintiff claim and the Pennsylvania law that waived any part of Pennsylvania

Constitution.
ANSWER:

3. All documents defendants counsel contend or intend to use to support defendants defense violate plaintiff constitutional rights.
ANSWER:

4. All documents relating to the demolition of 4 units building located at 508 w Tabor Roadand states the part of law that authorized defendants to ignored appeal timely filed from the common pleas court judgement.
ANSWER:

5. A copy of the "court order or rules" permitting the ex-city attorney Cynthia Stavrakis to represent named defendant on a motion to set aside sheriff sale filed by plaintiff
ANSWER:

6. A copy of Pennsylvania tax law that permits sales of property tax default action commenced on April 22, 2015 and Court Order to sell free and clear, entered on May 8, 2015.
ANSWER:

7. All documents and rules. Defendants contend to support their actions that demolition of plaintiff property was according to Pennsylvania constitution.
ANSWER:

8. All documents and rules permitting tax sales of property the Order and Decree was entered on August 7 2015 and the property sold September 16, 2015.
ANSWER:

9. All laws or rules permitting the demolition of Plaintiff property without regard to Pennsylvania Constitution Article 1 Section 1,6,7,8 and 12.
ANSWER:

9. Any expert report Defendants plan to use in this action.
ANSWER:

Date: April 19 2023.           Abraham Ituah
                                          PLAINTIFF

CERTIFICATE OF SERVICE

I, Abraham Ituah hereby certify that on this date, I caused a true and correct copy of the foregoing to be served on the following via e-mail and certificate of mailing:

TO:

Michael Pfautz Esquire

City of Philadelphia law department

1515 Arch Street, 15th floor

Philadelphia PA 19102

Abraham Ituah

419 W Godfrey Avenue

Philadelphia PA 19120

Date: April 19 2023.

*Abraham Ituah*

PLAINTIFF