# EXHIBIT "8"

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| CITY OF PHILADELPHIA<br>Plaintiff<br>vs.<br><br>ABRAHAM ITUAH<br>508 W. Tabor Road<br>Philadelphia PA, 19120-2718<br>and<br>92 Robinson Avenue<br>Newburgh, NY 12550-4402<br><br>AND<br><br>JOHN AND JANE DOE AND ALL<br>KNOWN AND UNKNOWN OCCUPANTS OF<br>508 W. TABOR ROAD, PHILADELPHIA PA<br>19120<br>Defendants. | COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br><br><br><br>TERM, 2019<br><br><br><br>No. 181203469 |

## TEMPORARY RESTRAINING ORDER

AND NOW, this **3rd** day of **January**, 2019, upon consideration of Plaintiff's Petition and having determined that:

1.  Plaintiff, City of Philadelphia, as well as the public at large, will suffer irreparable harm and loss if the Defendants are permitted to:

    a)  Remain at 508 W. Tabor Road, Philadelphia PA (hereinafter "subject premises");

    b)  Obstruct, prevent, interfere and/or otherwise impede in any manner the Department of Licenses and Inspections (hereinafter "Department") and/or its contractors from vacating and demolishing the subject premises, which has been declared imminently dangerous by the Department of Licenses and Inspections;

2.  Plaintiff does not have an adequate remedy at law;

City Of Philadelphia Vs-ORDER



18120346900009

Case ID: 181203469
Control No.: 19010128

3. Demolition of the subject premises is reasonably suited to abate the imminently dangerous condition of the subject premises;

4. Demolition of the subject premises is in the public interest; and

5. Greater injury would be inflicted upon Plaintiff and the safety and health of the public, including the defendants and occupants of the subject premises by the denial of temporary injunctive relief than would be inflicted upon defendants by the granting of such relief, it is therefore ORDERED, ADJUDGED and DECREED as follows:

1. All persons, including all defendants, are enjoined from:

   a) Remaining in the subject premises and shall vacate said premises immediately;

   b) Obstructing, threatening, preventing, interfering, or otherwise impeding in any manner the Department and/or its contractors from vacating and demolishing the subject premises, and;

   c) The defendants and all occupants of the subject premises shall allow representatives of the Department and/or its contractors to enter the interior of the subject premises for purposes of vacating and demolishing the subject premises.

2. If any person fails to vacate the subject premises, the Office of the Sheriff of Philadelphia and/or the Philadelphia Police Department is hereby directed to provide any such person with a copy of this Order. If any such person refuses to leave the building immediately after receiving a copy of this Order, they are authorized, without the need for a writ of possession, to use whatever reasonable force is necessary to remove any such person. The City shall assist any occupant with temporary relocation through the Office of Homeless Services.

3. Defendants or owners, operators, trustees, agents, tenants, and otherwise responsible parties of the subject premises shall permit and provide access to the subject premises to the Department for the purpose of conducting a full and complete interior and exterior inspection by an official inspector of the Department, for the purpose of abatement of

Case ID: 181203469
Control No.: 19010128

the Philadelphia Code violations at the subject premises. The Department and/or its representatives are authorized to use all reasonable measures to gain access to the premises, including, but not limited to, the services of the Police Department or Sheriff's office and a locksmith. Charges incurred in this matter by the City of Philadelphia, including but not limited to locksmith's fee, charges for removing and maintaining any animals removed, and charges for the inspection, are imposed on Defendant Abraham Ituah.

4. The City of Philadelphia and/or its contractors shall be authorized to demolish the subject premises.

5. Pursuant to Pennsylvania law, the Philadelphia Code and the Department's Regulations, Defendant Abraham Ituah is responsible for the costs incurred by the City for any work performed to abate the violation of the Philadelphia Code and remediate the imminently dangerous conditions at the subject premises. This includes but is not limited to, services of a professional engineer, demolition, sealing the lateral, stucco and weatherproofing. In addition, Defendant Abraham Ituah is responsible for a twenty-one percent (21%) administrative fee.

6. This Order shall remain in full force and effect until this Court specifically orders otherwise; and

7. A Rule to Show Cause why a Preliminary Injunction should not be ordered shall be issued.

BY THE COURT:

_____ J.

Case ID: 181203469
Control No.: 19010128