# EXHIBIT "14"

ABRHAM ITUAH, :
   Plaintiff, :
 
v. :
                                    : Case Number
                                    : 19-cv-5088
CITY OF PHILADELPHIA, et al. :
   Defendants. :

PLAINTIFF RESPONSE TO DEFENDANTS' AMENDED FIRST SET OF INTEROGATORIES AND PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1, Defendants, by and through its undersigned counsel, requests that Plaintiff serve upon the undersigned counsel answers under oath to each of the following interrogatories within thirty (30) days of service of these interrogatories.

DEFINITIONS

The following definitions shall apply to these interrogatories:

1. The words and phrases used in these interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania. In addition, the following terms shall have the meanings set forth below:

2. "Action" or "Amended Complaint" refers to the Amended Complaint in the above-captioned matter, filed by Plaintiff on October 8, 2020.

3. "Communication" refers to the transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether written or oral, including, but not limited to, interviews, conferences, conversations, discussions, meetings, contracts, agreements, letters, memoranda, reports, emails, or facsimiles. The term "communication" further includes any transmittal of information on any and all social media platforms and applications, including, but not limited to, Facebook, Twitter, Google+, WhatsApp, Signal, or any internet forum or blog.

4. "Document" has the same meaning as that in Rule 34 of the Federal Rules of Civil

Procedure, and thus is used in the broadest, most comprehensive sense. It refers to the original and each and every non-identical copy of all writings of every kind, including, but not limited to, bulletins, calendar or diary entries, charts, claims and reimbursement data, contracts, computer files, computer print outs, directives, drafts, electronic mail and electronically stored information and metadata, expense records, meeting minutes, and all other data compilations from which information can be obtained in reasonably usable forms.

5. "Including" means "including but not limited to."

6. "Person," as used herein, refers to all individuals and entities, including, without limitation, any business or governmental entity or association.

7. "Reflecting," "referring," and/or "relating," as used herein, shall be interpreted broadly, including by both explicit and implicit reference, to mean (without limitation) "defining," "discussing," "containing," "construing," "concerning," "constituting," "embodying," "pertaining," stating," "supporting," "dealing with," or "prepared as a result of."

8. "Plaintiff," "Ituah," "You," or "Your, "as used herein, refers to Plaintiff Abraham Ituah and includes his representatives, agents, and all other persons or entities acting or purporting to act on his behalf.

9. "Defendants" refers to Defendants Pamela Thurmond, Brendan Philbin, and Joseph Carroll.

10. "The City of Philadelphia" or the "City" refers to a political subdivision of the Commonwealth of Pennsylvania, and includes its representatives, agents, and all persons or entities acting or purporting to act on its behalf.

11. The "Property" refers to a parcel located at 508 West Tabor St referenced in paragraph 4 of the Amended Complaint.

INSTRUCTIONS

1. Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

2. If you object to any interrogatory or any portion of an interrogatory on the ground that the answer reflects or would reveal the substance of a privileged communication, identify:

a. b. c.

d.
e. f.
g. h.
the nature of the privilege claimed;
the person who made the communication, whether oral or in writing;
if the communication was oral, all persons present while the communication was made;
if the communication was written, the author, addressees, and any other recipients;
the relationship of the author of the communication to each recipient;
the relationship of the persons present to the person who made the communication;
the date and place of the communication; and
the general subject matter of the communication.
3. Unless otherwise specified in any of the interrogatories below, these interrogatories
cover the time period from January 1, 2018 through and including the present.
4. Answers to these interrogatories shall be served upon the undersigned attorney via email within thirty (30) days of service of these interrogatories.
5. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1. For each "bill" referenced in paragraph 5 of the Amended Complaint that you contend is inaccurate, explain what you contend is inaccurate.
ANSWER: See the exhibits marked As as well as all exhibits attached to Plaintiff complaint and Amended complaint. Plaintiff sold 8 properties from 2019 to payoff the City of Philadelphia over stated bills and harassments claims. The first, 5 of the properties were sold and settled in 2019 by title agent Mike Riley of Statewide Abstract. About $143,000 was withheld to settle all outstanding judgements, tax, water liens, interest, penalties and other charges that shows up on the title's reports. Usually, all liens on the report were paid from the sales amount before plaintiff receives any proceeds from the settlement. After Plaintiff property was demolished.

Defendants issued 8 orders to sell free and clear because the payment plaintiff paid were not properly credited. See Exhibits B1. On 2020, 2021, and 2022, Plaintiff received unpaid bill statements and noticed that most of the payments withheld for payment by the title agent were not credited and 2 other of Plaintiff properties were listed to be sold free and clear. Most of the claims stated on the petition granted to be sold were paid at settlements when plaintiff 5 properties were settled. For this reason, I called Steven Wakefield and Ms Pamela Thurmond colleagues, the tax Attorney listed on the docket to discuss the problem of the title agent failure to respond to plaintiff request to credit the account or provide canceled checks to show that all money withheld at settlements were accurately credited. Otherwise, the said claims on the 2 properties would have been updated as paid. Mr Steven Wakefield hanged up the phone on Plaintiff and obtained zoom judgment to sell plaintiff property at 4021 Neilson Street and 4624 N 12th Street based on petitions and order filed in 2019 before plaintiff 5 properties settlements were made. Under normal circumstances, most of the liens, and judgments on the claims should be part of the money withheld by the title agent Mike. Mr. Wakefield did nothing to asked for the money withheld by the agent instead Mr Steven Wakefield proudly warned plaintiff to desist from discussing about his predecessor, Cynthia Stavrakis and eventually connived with the title agent to request from the court a sanction against plaintiff on his response to plaintiff motion to open judgment. Mr Steven Wakefield refused to reconcile the account from the 5 settlement statements plaintiff attached to the motion to open judgment. Mr Steven Wakefield actions has been unfair and frustrating. He has been very unfriendly as the email Plaintiff received from him shows. See B2 exhibits of his emails attached.

2. For each verbal communication you had with Defendant Pamela Thurmond or any other City employee that you contend supports your claim of retaliation by Pamela Thurmond, identify the date, time, and place of the communication and describe the substance of the conversation.

ANSWER: As stated on plaintiff above answer. Mr Steven Wakefield in 2022 obtained judgment to sell plaintiff properties free and clear without due diligence to verify whether or not the claims on the petition was paid before obtaining default degree via zoom court hearing. Likewise, Steven previously warned plaintiff not to discuss about plaintiff house located at 3843 fairmount Avenue sold by his predecessor.

Steven Wakefield action was definitely retaliation knowing that plaintiff constantly referenced Cynthia Stavrakis his predecessor. See exhibits B referenced in plaintiff answer no 1. Plaintiff believed Defendants collectively planning to foreclosed in all plaintiff properties as the exhibits attached shows inaccurate bills because all payments made to payoff yearly taxes were applied to pay interest, penalties and other fees leaving the principals unpaid. Ms Pamela Thurmond failed to address plaintiff concerns shared on the issue when plaintiff 3rd bankruptcy petition was active. The city staffs collectively retaliated against plaintiff together with Philbin and Mr Joseph Carrol. Mr Carrol the inspector issued eminently dangerous violation on December 27 2018 after Plaintiff New York bankruptcy petition was dismissed on December 11 2018 knowing that 508 W Tabor Road Philadelphia property was no longer under active bankruptcy protection. Eventually, Plaintiff property was demolished. See exhibits A attached. On February 1 2023, Ms Pamela Thurmond office staffs working at the municipal building disgracefully asked security officers to escort plaintiff out of the office and they refused to provide service to plaintiff. This matter was reported to the state Attorney General's office for investigation and necessary action; the same manner plaintiff reported Stavrakis Cynthia and Zwolak James case. The state Attorney General office only advised plaintiff to neet with Mr Zwolak. He declined to meet with plaintiff.
3. Explain the factual basis for your contention in paragraph 5 of the Amended Complaint that Defendant Pamela Thurmond "intentionally retaliated" against you "because [you] filed [for] bankruptcy in New York State and she was comp[ell]ed to personally attend all hearings."
ANSWER: Plaintiff filed New York bankruptcy petition and Mr Pamela Thurmond asked plaintiff to have the hearing over the phone. Plaintiff objected because it was difficult for Plaintiff to do so. Ms Thurmond actions changed anytime Plaintiff request to discuss some of the accounts. Eventually the bankruptcy was dismissed On December 11 2018 and Ms Thurmond knew the property under bankruptcy protection were no longer active and Mr Philbin filed complaint on 1/3/2018 to the court to authorized the demolition. The court granted Mr Philbin request and denied plaintiff request for 10 days to provide the report of the inspector plaintiff hired to conduct the building inspection. Dr Alex Rong, a structural Engineer and the president of AR Engineers completed the inspection on Jan 2 2018 and gave plaintiff

report after the court hearing. See the report marked exhibit A3. Plaintiff appeal which ought to stop the demolition. Plaintiff contacted the insurance company and obtained estimates from city approved contractor and pleaded that Mr Philbin should allow him to fixed the problem before court hearing. Mr Philbin refused and ignored plaintiff appeal after the court hearing. Mr Philbin Immediately completed the Demolition process. The House was permitted to be demolished on 1/11/2019. See the exhibit makes A4 attached.

4. Explain the factual basis for your contention in paragraph 5 of the Amended Complaint that Defendant Pamela Thurmond "engineered inaccurate bills collections".

ANSWER: The statement of claims presented to bankruptcy court by Pamela Thurmond were inaccurate bills created by Sanchez and other staffs working directly with Ms Thurmond. Plaintiff attached herewith some the bills inaccurately collected and some payments received not credited all the efforts for the Defendants to keep Plaintiff in debt with the city and possibly foreclosed on my remaining property like Steve Wakefield attempted to do by obtaining default degree via court hearing. Plaintiff appealed the degree as default judgment the conclusion is pending at the superior court. See the exhibits marked Bs showing incredible account statements for your perusal and considerations

5. Explain the factual basis for your contention in paragraph 5 of the Amended Complaint that Defendant Pamela Thurmond "encouraged the licensing units to demolish Plaintiff building."

ANSWER: As already discussed above. Ms Pamela Thurmond as the bankruptcy attorney confirmed the status of plaintiff property with the bankruptcy court. Therefore, License and inspection demolition section must have heard from Pamela that Plaintiff property was no longer under bankruptcy protection since the complaint was dismissed on December 11 2018 as marked on Exhibit marked A1 and eminently dangerous violation was issued on December 27 2018 marked A2 attached.

6. Explain the factual basis for your contention in paragraph 5 of the Amended Complaint that Defendant Pamela Thurmond "recently pressed the bankruptcy court to dismiss Plaintiff bankruptcy."

ANSWER: See the exhibits copy of plaintiff 3rd bankruptcy petition paper showing that the petition was filed on January 2020 and dismissed on September 2020. Ms

Pamela Thurmond filed motion to dismiss plaintiff bankruptcy petition and plaintiff Attorney failed to opposed the motion because they connived to defraud plaintiff of $10500. Plaintiff objections not to pay the amount but was denied by the presiding bankruptcy Judge because Pamela Thurmond testified that plaintiff Attorney earned the fee. That was the case, Covid prevented court hearings and demanding for such fee for 9 months ineffective representation was unfair. But Pamela made it possible for Plaintiff Attorney to collect the $10500.

7. Describe each and every "inaccurate personal income tax claims" as alleged in paragraph 5 of the Amended Complaint.
ANSWER: See exhibits B3 of the recorded judgment based on agreement plaintiff signed under duress. Plaintiff was threatened to pay down payment of $1555 and signed the agreement in other to get renter license renewed. Under normal circumstances plaintiff properties were under bankruptcy protection at the time but Pamela Thurmond did nothing to inform the section about plaintiff situation with the bankruptcy court. Recently, plaintiff paid over $13000 as the city of Philadelphia demanded as full settlement and not credited. The records still have open as unpaid.

8. Explain the factual basis for your contention in paragraph 5 of the Amended Complaint that Defendant Pamela Thurmond "intentionally presented to the bankruptcy court the assessed value of 33 S 53rd Street, Philadelphia for $210,000 to deceive the bankruptcy Trustee." ANSWER: The claim Pamela Thurmond presented to the bankruptcy court referenced on your question was grossly inaccurate because the amount was not consistent with the city appraised assess value of the property. See exhibits B presented to the bankruptcy court to request dismissal of my third bankruptcy petitions were inaccurate and the settlement amount withheld by settlement agent in 2019 were not reflected as liens already paid.

9. Explain in detail how the alleged retaliation by Pamela Thurmond has caused you damages in the amount of $250,000 as alleged in paragraph 5 of the Amended Complaint.
ANSWER: See the exhibits marked A shows the date Plaintiff bankruptcy petition was finally dismissed on December 11 2018. On December 28, 2018 Defendants connived with Mr Philbin and Joseph to issue emergency dangerous violation to demolish plaintiff property knowing that Plaintiff property was no longer under bankruptcy

protection. Mr. Philbin illegally authorized demolition teams to completed the demolition plan and offered no opportunity to file preliminary injunction supposed to delivered at least 5 days before the day of hearing. The damages incurred as a result of the intentional demolition of plaintiff property as of the day plaintiff filed complaint was set at minimum damages of $250000. Remember, Plaintiff property was legally licensed and rented 4 unit apartments and the property was generating monthly income of $2100. For Plaintiff to suddenly lose such income was psychologically depressing and financially stressful.

10. For each and every action that you allege Pamela Thurmond took that was retaliatory toward you, describe the action and its date, time, and place.

ANSWER: On 2018, Plaintiff filed the 2nd bankruptcy petition in New York and Ms Pamela Thurmond was the city bankruptcy lawyer. Plaintiff filed the petition in attempt to recover the property located at 3843 Fairmont Avenue, Philadelphia the city of Philadelphia ex-lawyer Cynthia Starvrakis and James Zwolak sold without personal notification or services. They fraudulently obtained judgment from the court to sell plaintiff property free and clear. The court proceedings lasted from 22nd of April 2015 through 7th August 2015. Plaintiff property was dubiously sold on September 16, 2015 without plaintiff knowledge. There was no official publication and announcement from the sheriff department before the sale. It was evident that the buyer was a foreign investor from the same nationality with Cynthia who falsely claimed she sold plaintiff property in sheriff sale. Ultimately, Cynthia filed answers to defend the sale at the court as Plaintiff made attempt to set aside the sheriff sale and redeem the property. Eventually Plaintiff filed chapter 13 bankruptcy petition to save the property fraudulent sold. Mr Pamela Thurmond represented the city of Philadelphia at the bankruptcy court. From that point, retaliation treatment stated from the city of Philadelphia employees. Mr Pamela Thurmond did nothing to stop the city of Philadelphia's employees since plaintiff had the bankruptcy protection. The city staffs were aware of the direct accusations of Cynthia Stavrakis for the fraudulent sale of Plaintiff property after plaintiff filed appeal and bankruptcy petitions. Cynthia Stavrakis resigned to silenced the claim against her. Plaintiff contacted the State Attorney General's office to help but I was only advised to contact James Zwolak, Cynthia Stavrakis supervisor. James declined to meet with Plaintiff. Consequently, Plaintiff hoped the bankruptcy petition would yield positive

results. Ms Pamela Thurmond, the city bankruptcy representative was working with the tax and water bill staffs to create inaccurate accounts and allowed the city employees to continue legal proceedings and obtained judgments on the accounts already presented to the bankruptcy court as the debts plaintiff owed to the city. Plaintiff sold 5 properties and about $143000 was withheld by the title agent to settle judgments, liens and bills while the bankruptcy was still active. In the same manner judgements referenced as CE-15-12-72-0658. CE-15-12-72-0875 and CE-15-10-72-0844 were renewed to thwart plaintiff ability to settle property located at 2507 N 19th street property. The title agent refused to release about $19948.02 reported as liens against plaintiff name. In fact, the claim was not valid since the liens before 2019 were paid from the settlements made in 2019. Plaintiff wrote to Revenue department to ask the title agent release the funds withheld since June 24 2022 the property was settled. The city deliberately refused to do so. Plaintiff money is still with the title agent up till now. Ms Pamela Thurmond did nothing to supervise such payments received from the title agents, so as, to adjust the figures on the claims presented to the bankruptcy court in January 20 2020.

11. Identify any expert from whom You have obtained or plan to obtain a report for use in this Action.

ANSWER: see the exhibits A3 attached to this responses. The inspection information prepared by a Ph.D holder in structural Building Engineer completely disagreed with the action Mr Philbin took. Mr Philbin deserves to be reprimanded for abuse of authority and for testifying falsely to gain judgment to demolish plaintiff constitutionally protected property.

*/s/ Abraham Ituah*
Abraham Ituah
419 W Godfrey Avenue,
Philadelphia
PLAINTIFF.                    Date: May 2,2023

### CERTIFICATE OF SERVICE

I, Abraham Ituah, certify that on this date, I caused a true and correct copy of the foregoing to be served on the following via e-mail and mail: