# EXHIBIT "22"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------x
In re                                                   :
                                                        :     Chapter 13
     ABRAHAM O. ITUAH,                                  :
                                                        :     Bankruptcy No. 20-10058 (AMC)
                                        Debtor.         :
--------------------------------------------------------x

**THE CITY OF PHILADELPHIA'S
<u>OBJECTION TO THE PROPOSED CHAPTER 13 PLAN</u>**

TO THE HONORABLE ASHELY M. CHAN:

AND NOW, comes the City of Philadelphia, (the "City"), a secured creditor in the above-captioned case, by and through its Counsel, Pamela Elchert Thurmond, Deputy City Solicitor, pursuant to Bankruptcy Code §§ 506(b), 1325(a)(5), and L.B.R. 3015-4, to object to the proposed Chapter 13 plan (the "Plan"), of the above-captioned debtor, (the "Debtor"). The City avers the following in support thereof:

1. On or about January 6, 2020, the Debtor filed a voluntary petition (the "Petition") for Chapter 13 bankruptcy with this Court.

2. On January 28, 2020, the Debtor filed a list of all real property owned by him, which included the properties located at 419 W. Godfrey Avenue, 33 S. 53rd Street, 3301 A Street, 2538 N. Gratz Street, 4021 Neilson Street, 4624 N. 12th Street and 508 W. Tabor Street, Philadelphia, Pennsylvania (the "Subject Properties"). A copy of the Debtor's Schedule A/B is attached hereto as **Exhibit A**.

3. The Debtor values the Subject Properties at Three Hundred Fifty-Four Thousand Eight Hundred Dollars ($354,800.00) and an unknown value for 508 W. Tabor Street. See **Exhibit A**.

4. On January 29, 2020, the City filed a claim to the amount of One Hundred Thirty-Nine Thousand Eight Hundred Ninety-Three Dollars and Ninety-Nine Cents ($139,893.99) for real estate taxes, trash fees, judgements and secured claims, of which One Thousand Four Hundred Seventy-Seven Dollars and Thirty-Seven Cents ($1,477.37) represents a priority claim for business taxes under Section 507(a)(8) (the "Priority Claim") owed by the Debtor to the City. A copy of the proof of claim filed by the City is attached hereto as **Exhibit B**.

5. As neither the Debtor nor another party in interest has objected to the Secured Claim and the Priority Claim, they are deemed allowed. See 11 U.S.C. § 502(a).

6. On January 28, 2020, the Debtor filed the Plan, which provides a payment in the amount of Fifty-Two Thousand Two Hundred Fifty Dollars ($52,250.00) towards the Secured Claim and nothing towards the Priority Claim. A copy of the Plan is attached hereto as **Exhibit C.**

7. The City is entitled to post-petition interest on the Secured Claim until the last payment under the Plan. See 11 U.S.C. § 506(b); See also U.S. v. Ron Pair Enters., 489 U.S. 235 (1989), In re Nixon, 404 Fed. Appx. 575, 578 (3d Cir. 2010), In re Bernbaum, 404 B.R. 39, 42 (Bankr. D. Mass. 2009), and In re Soppick, 516 B.R. 733, 753 (Bankr. E.D. Pa. 2014).

8. The post-petition interest applicable to the real estate tax portion of the Secured Claim is the nine percent (9%) interest rate on real estate taxes assessed on the Subject Properties. See 11 U.S.C. § 511(a), Phil. Code § 19-1303, In re Bernbaum, 404 B.R. 39, 43 (Bankr. D. Mass. 2009), and In re Soppick, 516 B.R. 733, 753 (Bankr. E.D. Pa. 2014).

9. The post-petition interest applicable to the judgment portion of the Secured Claim is the six percent (6%) statutory interest rate of interest on judgments entered against the Debtor. See U.S. v. Ron Pair Enters., 489 U.S. 235 (1989), 42 Pa.C.S. §8101, and 41 P.S. § 202.

10. The Plan should not be confirmed as it fails to provide post-petition interest on the Secured Claim and thus does not ensure that distributions under the plan are not less than the allowed amount of the Secured Claim. See 11 U.S.C. §§ 506(b), 1325(a)(5)(B)(ii), In re Bernbaum, 404 B.R. 39, 42 (Bankr. D. Mass. 2009) and In re Soppick, 516 B.R. 733, 753 (Bankr. E.D. Pa. 2014).

11. The Plan should not be confirmed as the City, a secured creditor, has not accepted the plan. See 11 U.S.C. 1325(a)(5)(A).

12. The Plan should not be confirmed as it fails to specify correct payment, and thus does not ensure that distributions under the plan are not less than the allowed amount of the Secured Claim. See 11 U.S.C. §§ 506(b), 1325(a)(5)(B)(ii).

13. A proposed plan must "provide for the full payment…of all claims entitled to priority" unless the claim holder agrees otherwise. See 11 U.S.C. § 1322(a)(2).

14. The Plan should not be confirmed as the Priority Claim held by the City is not provided in full. See 11 U.S.C. 1322(a)(2).

WHEREFORE, the City respectfully requests that this Court DENY confirmation of the Plan.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: July 7, 2020      By:     */s/ Pamela Elchert Thurmond*
PAMELA ELCHERT THURMOND
Deputy City Solicitor
PA Attorney I.D. 202054
Attorney for the City of Philadelphia
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA 19102-1595
215-686-0508 (phone)
Email: Pamela.Thurmond@phila.gov

4