

# UNITED STATES POSTAL SERVICE

CAMDEN
401 MARKET ST
CAMDEN, NJ 08102-9998
(800) 275-8777

10/02/2023                                    12:43 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| | | | |
| Priority Mail® | 1 | | $9.80 |
| Philadelphia, PA 19102 | | | |
| Weight: 1 lb 5.30 oz | | | |
| Expected Delivery Date | | | |
| Tue 10/03/2023 | | | |
| Tracking #: | | | |
| 9505 5157 9417 3275 2661 44 | | | |
| Insurance | | | $0.00 |
| Up to $100.00 included | | | |
| Total | | | $9.80 |

| CTM - Individual - 1 | | | $1.95 |
Domestic

| Grand Total: | | | $11.75 |

| Cash | | | $12.00 |
| Change | | | -$0.25 |

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Save this receipt as evidence of
insurance. For information on filing an
insurance claim go to
https://www.usps.com/help/claims.htm
or call 1-800-222-1811

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.



or call 1-800-410-7420.

UFN: 331260-0100
Receipt #: 840-50800109-2-4624923-2
Clerk: 99

---

UNITED STATES
POSTAL SERVICE®

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From:
Abraham Thut
449 W. Godfrey Ave.
Philadelphia PA 19120

To:
Michael Pfaute Es.
1515 Arch Street
Philadelphia PA 1910 2

PS Form **3817**, April 2007 PSN 7530-02-000-9065

U.S. POSTAGE P
CAMDEN, NJ
08102
OCT 02, 23
AMOUNT
$1.95
R2304M11467
0000

Ahraham Ituah
419 W. Godfrey Avenue
Philadelphia PA 19120
(316) 381-9859

ihabrahams@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABRHAM ITUAH,
        Plaintiff,

        v.                        CIVIL ACTION
                        Case: 2- 19-cv-5088

CITY OF PHILADELPHIA, et al.

        Defendants PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

I, Abraham Ituah a pro se plaintiff hereby files this response to Defendants motion for summary judgment received on September 20, 2023 as the Court ignored my request to be appointed counsel as the action involves constitutional violation depriving my property ownership similar to the previous action I filed with the U S District Court docketed as 17-2562 resulting from illegal sale of my property which was wrongly decided at the common pleas court of Philadelphia docketed as 1504T0504. Unfortunately, U. S. Court dismissed the action with prejudice without a hearing. The same experience was about to occur on this pending action. To avoid premature dismissal of the action. Plaintiff immediately filed an appeal to 3rd Circuit Court of Eastern District of Pennsylvania. The appeal court remanded the case for reconsideration on two grounds "Retaliation and Unreasonableness of demolition" Now Defendants requested for summary judgment as if there were no genuine disputes to be decided by Jury not judicial Judge who in the past trailed the case that was dismissed. Plaintiff refused to agreed for him to act as the presiding judge on this pending case would amount to conflict of interest. Plaintiff hereby forward my responses to show that there are no genuine reasons to grant Defendants motion for summary Judgment instead it would be fair to grant the judgment for the plaintiff based on the facts presented herein. Plaintiff response to all material facts raised by Defendants are as follows as well as all the exhibits previously filed.

I. The sheriff's sale of the Fairmount property

1. Undisputed
2. Undisputed
3. Disputed. On May 8 2015 Rule was entered to sell the premises 3843 Fairmount Avenue. No notices regarding this hearing was served on the Plaintiff. Defendants had no evidence to show plaintiff received notices such as returned receipts plaintiff signed to knowledge that the service was received by plaintiff.
4. Disputed. Sheriff's sale was entered on September 21, 2015 not September 16 2015 was claimed sold on sheriff sale unlawfully.
5. Disputed. Plaintiff filed motion to set aside sheriffs sale on September 21 2015. Cynthia Stavrakis ex-attorney of the defendant filed an answered to plaintiffs motion. No notice was received and no certified returned receipt signed by plaintiff was filed.
6. Disputed. The city through its attorney Cynthia Stavrakis filed an answer to the motion on October 13 2015 at 5:15 pm the response date was due. Under normal circumstances the answer was untimely and it was a conflict of interest for the city attorney to filed an answer on behalf of the buyer-Defendant.
7. Undisputed
8. Undisputed
9. Disputed. The city through its attorney Cynthia Stavrakis filed answers to plaintiff motion to Redeem the premises on December 22 2015 at 5:09 pm. Under normal circumstances the answer was untimely because the working period was over and it was a conflict of interest for the city attorney to file answer on behalf of Defendant (the buyer)
10. Disputed. Hearing was held prematurely because the discovery request and motion for sanction filed by Plaintiff on March 21 2016 response date was April 11 2016. No response was provided.
11. Undisputed.
13. Undisputed.

## II. Ituah's Bankruptcies

### A. New York Bankruptcy

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Disputed in part. Thurmond was aware of sheriff's office held the excess money at the time plaintiff filed the first chapter 13 bankruptcy petition in Pennsylvania but refused to refund the money as shown on exhibit D.

Disputed in part. There were no statements provided regarding the money collected prior to filing the second bankruptcy petition in 2018 was contrary to the court order.

20. Undisputed.

21. Undisputed.

22. Disputed. Plaintiff have no knowledge of the creditors owed. The subject property that was sold was occupied by plaintiff and the property experienced fire damage hence plaintiff would not continuously stay in at the property. The supposed proceeds was the full sales price of $34,500 if the sale was legitimate. No sheriff's sale was held as the Defendants claimed because five months of court proceedings and sheriff publications to conduct sales made it unrealistic. Tax sale court action started in April 22 2015 and completed proceedings on August 2015 and the court ordered the balance proceeds returned not $11,112.54 as shown on exhibit H attached.

23. Disputed. Plaintiff had no knowledge of the information because no notification was given about the proceeds the court ordered.

24. Plaintiff have no knowledge of the information Defendant claimed.

25. Disputed. Thurmond failed to notify plaintiff about the proceeds until

plaintiff filed response to the Defendant motions.

26. Disputed. Thurmond ought to know that plaintiff was entitled to know what happened to the proceeds.

B. Pennsylvania Bankruptcies

27. Undisputed.

28. Undisputed.

29. Disputed. Thurmond filed inaccurate proof of claims for water, taxes and liens generated by the department of license and inspection. Meanwhile, the city of Philadelphia failed to credit about $143000 withheld by Mike Riley of title company from the sale of plaintiff five (5) properties as shown on the settlement's statement exhibit E attached.

30. Disputed. Same response as in # 29 above.

31. Undisputed.

32. Undisputed.

33. Undisputed.

34. Undisputed.

35. Undisputed.

36. Undisputed.

37. Disputed. Thurmond and plaintiff attorney agreed to dismiss plaintiff petition because plaintiff attorney was aware that the monthly bankruptcy payments was over $10500 the plaintiff attorney wants to fraudulently collect. Thurmond pressed for the motion to be dismissed and plaintiff attorney filed no objection to the motion to dismiss. As a result plaintiff petition was dismissed. Plaintiff bankruptcy petition started on January 2020 and it was dismissed on September 2020. Immediately plaintiff attorney filed claims of $10500 for 9 months ineffective representation. Plaintiff objected to plaintiff attorney's claim. Ultimately, a hearing was held. Thurmond showed up at the hearing to testified for plaintiff Attorney. Based on Thurmond testimony the Judge granted the amount requested for plaintiff Attorney. See plaintiff objections as exhibit F attached.

38. Disputed. Thurmond requested for the dismissal of the petition by motion and plaintiff attorney agreed.

III. The demolition of <u>508 W. Tabor Road</u>

39. Disputed. On December 27, 2018 no violations notice was received by plaintiff on the day but the unknown police officer ordered the tenants out of the building premises and told me on the phone that my building was condemned and all the 4 tenants must move immediately. On the phone plaintiff asked what was his role as police officer to condemn a building. He hanged up. Plaintiff called Inspector Joseph Carroll to know the time allowed to address the problem. He said you have up to 10 days to correct the violation. The next day violation notice was placed on plaintiff property as shown on exhibit G attached. Emergency court hearing to demolish the plaintiff building was ordered.

40. Disputed. No previous citation was issued to exert such claims. PhD structural engineer never specifically mentioned as the Defendant claimed. None of the 4 tenants reported such violations to the Defendant.

41. Disputed in part. The case was not docket as No. 1504T1504 Undisputed.

42. Undisputed.

43. Disputed in part. That was the day, the inspectors visited the premises to gather picture exhibits. No part of the building was reported collapsed.

44. Disputed. The description given by the inspector would suggest the building ought to have collapsed as described "..the wall had separated from the window by several inches" but no part of the building collapsed.

45. Disputed. The job was done by experienced contractor who explained the work done was fine.

46. Disputed. Plaintiff has 4 units rental permit including the third floor.

47. Disputed. The inspector working with the Defendant made this conclusion within the level of his knowledge that is inferior to the conclusion of plaintiff hired engineer with a doctorate credential in

structural engineering who made no mention of "..a very serious collapse" The inspector acted exactly as his superior ask him to say, in order to accomplish their mission of the premeditated demolition of plaintiff constitutionally protected property.

48. Disputed in part. The black and white pictures was presented in court as exhibits. Plaintiff was not given any opportunity to examine the exhibits before hearing as required by law.

49. Disputed in part. Plaintiff testified that a PhD structural engineering was at the property on January 2 2019 to inspect the property. He found nothing not fixable or repairable.

50. Undisputed.

51. Undisputed.

52. Disputed in part. Plaintiff filed appeal to higher court and served upon all Defendants to acknowledge that demolition of my constitutional protected property would not be accepted since plaintiff hired contractor who provided an estimate and the house was insured.

53. Undisputed.

54. Disputed. Defendants demolished the building caused plaintiff sicknesses and psychological distress.

55. Undisputed.

56. Undisputed. I

IV. Thurmond's Role

57. Disputed. Thurmond knew my bankruptcy petition was over on December 11 2018 when my bankruptcy petition was dismissed voluntarily.

58. Disputed. Defendants issued no notice of any severe violation prior to December 11 2018. As soon as my bankruptcy petition was dismissed on December 11, 2018 demolitions citation was issued on December 27 2018.

59. Disputed. Defendant Thurmond can't claim she knew nothing about the action the legal office she worked were involved.

60. Disputed. Plaintiff admitted that the building was brace by plaintiff contractor.

61. Plaintiff have no knowledge of Thurmond function as senior legal officer but she knows that my property was no longer having bankruptcy protection.

62. Plaintiff have no knowledge of Thurmond function in her office.

63. Disputed. Thurmond was aware through payments record that the 5 property settlements completed between 2018 and 2020 were some of the claims presented at my bankruptcy petition filed in January 2020 shown as Exhibit E.

64. Disputed. Thurmond included the payments already made on her opposition to my bankruptcy petition because she paid no attention to reconciling the account paid.

65. Disputed. The premeditated action to demolish my property was initiated from the city legal department Thurmond works after plaintiff bankruptcy petition filed in New York State was dismissed on December 11 2018 at this time my bankruptcy protection was over. On December 27 2018 the city legal and licensing department condemned my property at 508 W Tabor Road without prior violation notice to address the said violation. On January 11 2019 demolished the property.

Respectfully submitted,

Date: 10/2/2023   Abraham Ituah (Plaintiff)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Abraham Ituah

    Plaintiff

  V.                 Case Number

CITY OF PHILADELPHIA et al. 2: 19- cv- 5088

    Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Plaintiff's Response to Defendants Motion for summary Judgment was filed with the District Court clerk and I certify a copy of my response to Defendants Motion has been served upon the Defendants by email and first class mail, postage prepaid, as follows:

Michael Pfautz
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th floor
Philadelphia PA 19102
215-683-5233
Michael.pfautz@phila.gov

Date 10/2/2023        Abraham Ituah
                      Plaintiff

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Abraham Ituah filed this response to Defendants Motion for summary judgment pursuant to Federal Rule of civil procedure 56. In support of plaintiff response to Defendants Motion for summary judgement, plaintiff incorporated the attached Memorandum of law within the scope of my understanding as a pro se plaintiff as the court failed to provide me a counsel to help to justify Defendants constitutional rights violated and have this remanded pending action trialed by jury as I requested from the date the action was filed with U S District Court see exhibit A. Plaintiff respectfully request that the court deny Defendants Motion for summary judgment or grant in favor of the plaintiff as third circuit court judges opined.

Without a doubt, Defendants response to plaintiff discovery was not

adequately responded to by reason of immunity because the Defendants knew they have no legitimate reason to demolish my constitutionally protected property and fraudulently sold the property which was the origin of the pending case. Defendants collectively humiliate, intimidate and subjected me to all kinds of psychological and emotional torture because they are privileged to do so. It was my understanding that the city of Philadelphia has over 100 lawyers as well as private legal practitioners working for the city. Defendants claims that they are entitled to qualify immunity is absurd. Where on earth, can city employee initiate legal action to demolish citizen property not falling apart in 15 days and obtained judgment for tax default and have the property sold in sheriff's sale within 5 months, without compensation? The said sheriff's sale never occurred because tax default sales law and procedures doesn't support the Defendants claims.

I. BACKGROUND AND PROCEDURAL HISTORY.

On March 2018, I filed my second chapter 13 Bankruptcy in effort to redeem the property the city of Philadelphia sheriff department claimed it was sold in auction can not hold because the law wouldn't permit the property to be sold within the period the city sheriff department claimed the property sold. On April 2015 tax default action was filed against plaintiff in the amount of $5468. The proceedings lasted through August 2015 and said sheriff's sale on September 16 2015 but it was docket on September 22 2015. All 3 court hearings took place without notification by certified mail or signed return receipts. Thurmond handled the first city of Philadelphia bankruptcy cases filed on June 6 2016 and intentionally ignored the court order requesting the returns of the excess funds from the proceeds. At the bankruptcy proceedings, the presiding Judge mentioned to me that a final decision entered in the state becomes the final judgment in real estate. Based on this fact, I requested the bankruptcy petition  dismissed and a final  dismissal order was entered on

December 11 2018.

B. The demolition of the property

On December 27 2018, unknown police officer ordered plaintiff 4 tenants to leave the building premises, claiming that the building was condemned and Joseph Carrol issued eminent dangerous citation and pasted it on the building the next day. The tenants were in panic and called me to report that the police asked them to vacate the building premises immediately. I asked the tenants to give the phone to the police officer to hear from him. He did. On the phone the unknown  police officer asked, if I was the landlord to the building. I said yes. He mentioned that the tenants in my building must leave immediately because the building was condemned. I asked him to stop embarrassing my tenants because he doesn't work at the building inspection department. He hanged up. Some how, I communicated with Joseph Carrol the building inspector on the phone to know what was the reason for the building condemnation and I asked the Joseph of the time allowed to correct the violation. He said 10 days was allowed to correct the violations. Immediately, I contacted my home insurance company, building contractor and Dr. Alex (Structural Engineer) to inspect the building for structural assessment and the work to be down to correct the structural violations. On January 2 2019, Dr. Alex assessed the building and promised to make the report ready before 10 days. The building contractor provided estimates for the corrections he physical observed. Copy of the insurance, estimate and Dr. Alex inspection reports as exhibits A, B and C attached for inspection. Meanwhile there was no part of the building collapsed and none of the tenants felt threatened. Above all, the rental building rental license was active and it was issued at the city of Philadelphia. On January 2 2019, Attorney Brenda called me on the phone to report that a hearing will take place on January 3 2019 to seek judgment to demolish the property and asked that I must appear to preserve my right. I logged into the court website to check the complaint

and prepared answers which I filed with the court clerk before going to the court room for hearing. At the hearing, I requested for 10 days to provide a report to the court since the presiding Judge wanted a report justifying my defense that Doctor in Structural Engineer visited the site. Judge refused to grant my request and ordered the property demolished. I left the court room to file appeal Defendants ignored. On January 11, 2019 the demolition contractor moved equipments to demolish the property on the site. The demolition started the next day. In shocked I fell sick and psychologically depressed. I visited the clinic for treatment and founds that my high blood and cholesterol reading was elevated. I have been on the medication and meeting with my doctor and psychologist since then to control the medical problems.

C. Ituah's 2020 Pennsylvania Bankruptcy

On January 6 2020, I filed my 3rd Bankruptcy petition through Cibik and Cataldo, PC after consulting with Mr Cibik who said he was one time a bankruptcy trustee. Based on the credential of Mr Cibik I hired the firm in effort to negotiate with the city of Philadelphia legal department on my behalf since Thurmond was constantly asking me to get myself a lawyer. I felt hiring experienced law would help. Unfortunately, Mr Cataldo connived with Thurmond to request dismissal of my 3rd bankruptcy petition at the time the money saved with the trustee reaches the amount to cover $10500 Cibik and Cataldo office charged. I objected to the claim of $10500 filed by my ineffective counsel Cataldo and a hearing was held. The fees was granted by the bankruptcy judge because Thurmond was at the hearing to testify in favor of Cataldo 9 months representation. At the end of trial, Cataldo was granted the fees. In other occasions, Defendants colleagues asked the security staff to work plaintiff out of the office building and refuses to provide services. Plaintiff reported the incidents that occurred on January 2 2023 was reported to the State Attorney General's office and Joseph Carrol also asked plaintiff to leave his office

with police escort sometime ago before plaintiff property was illegally sold and demolished.

D. The Instance Litigation

On November 7 2019, plaintiff filed this pending complaint. The Defendants filed motion to dismiss plaintiff complaint against several defendants working with the city of Philadelphia and the District Court dismissed claims against some of the defendants in error and the Court requested that plaintiff filed amendments complaint. Plaintiff did. The District Court further dismissed plaintiff claims against almost all defendants and the court requested plaintiff to amend the complaint again on the remaining Defendants. To preserve the complaint, Plaintiff filed appealed to the 3rd Circuit Court. The appeal court opined that two specific constitutional violation claims of Retaliation and unreasonable demolition of 508 Tabor road were to be reconsidered. As a result the case was remanded for retrial. At the pre trial conference, plaintiff requested for Jury trial as plaintiff originally requested on the complaint. See exhibit x attached and plaintiff also asked the presiding Judge who once dismissed Plaintiff first District court complaint against the City of Philadelphia defendants with prejudice and dismissed several of plaintiff claims. Under normal circumstances, Honorable judge decision amounted to conflict of interest. However, the presiding Honorable Judge maintained that the action does not constitute a conflict of interest. At the conference, plaintiff mention that I was not comfortable having the same Honorable Judge retrial the case against the defendants. As alternative, plaintiff asked for alternative way to resolve the matter. Consequently, the Court agreed to schedule time for a confidential settlement conference. At the end of the settlement conference, plaintiff noticed the defendants counsel was ready to file this motion for summary judgement knowing that the Judge was likely to agree with their arguments as usual. With this belief, plaintiff filed motion to request for a counsel as plaintiff claims under retrial involved

constitutional violations. No response was received regarding plaintiff request before defendants counsel filed this opposition to  Defendants motion for summary judgement. As plaintiff stated on the previous response, this matter and the previous complaint dismissed with prejudice deserved to be reviewed by the Supreme Court by filing application for writ of certiorari because the constitutional violations should be very interesting to be reviewed. Plaintiff first case dismissed with prejudice had fraudulent elements and several genuine disputes as to material fact and Defendants were not entitled to judgment as a matter of law. See docket 1504T0504 marked exhibit A. The court records revealed that the evidence justifying unresolved disputes was overwhelming. The case was initiated by the Defendants on April 22 2015 and proceedings ended on August 2015. The property was purportedly sold on September 16 2015 at sheriff sale. Sheriff sale was not done because it was impossible to conduct a lawful sheriff sale within 5 months. All proceedings and sheriff sale was completed without notices sent to plaintiff. All the events recorded on the court docket were questionably fraudulent and it reveals that there were genuine disputes unresolved.

II. Legal standards

Defendants states "Summary Judgment should be granted,  if the movant can show, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" without a doubt, there were several disputes as to material facts presented by the Defendants as plaintiff responses indicated. Defendants ought to know and accept that the demolition of plaintiff constitutional guarantees property ownership was violated. Its unfair that Defendants demands payment of about $100000 for cruelly and successfully demolished property was cruel and torturing. In the same way, the verbal abuse and retaliation evidenced by demolishing plaintiff property expeditiously in 15 days without reasonable reasonable facts was also cruel and tortuous. See exhibit marked B

showing documents justifying that the building was intentionally demolished. Plaintiff evidence were overwhelming and they justified genuine disputes.

B. Absolute Immunity

Defendants claims of Absolute immunity is absurd. Plaintiff discovery questions were avoided by defendants as almost all questions plaintiff asked were avoided by responding with immunity privileges. "Vicarious liability holds a person or company responsible for actions committed by employees. Typically, it applies to those who are in control of people who cause harm to victims" The city of Philadelphia legal employee abuses their authority because of this belief. The defendants subjected plaintiff to all kinds of intimidation, disrespect, abuse and psychological torture and founds nothing wrong with their actions.

Defendants actions violated plaintiff constitutional right and forced plaintiff to files 3 bankruptcy petitions in search of refuge against defendants aggression and torture. Here Defendants claims to possess absolute immunity for intentionally destroying plaintiff dreamed properties.

C. Ituah's Taking Claim fails as a Matter of Law

I. No taking occurred Because Ituah's property was demolished under the city's police power. But

"Defendants claimed Philbin and Carroll are entitled to judgment as a matter of law because the city demolished the Tabor property under its police powers to protect health and safety, meaning that the takings clause is not implicated and no compensation is owed" Defendants vicariously destroyed plaintiff federally constitutionally protected four (4) apartment property and deprived plaintiff of yearly rental income of over $20000 and on going rents lost and not compensated and the matter was silence by this same court for unknown reason. Defendants decided to fraudulently demolished plaintiff constitutionally protected property

again. Plaintiffp deserves compensation as required by law. Philbin and Joseph Carrol allegedly claimed that plaintiff property has violation that was noticed and no part of the building collapsed that Defendants can present as evidence. Defendants was issued violation notice on December 27 2018 after plaintiff New York bankruptcy petition was voluntarily dismissed on December 11 2018. On January 3 2019 Defendants obtained judgment to demolish plaintiff property and plaintiff immediately filed appeal which was ignored by Defendants. On January 11 2019 permit was issued for demolition and demolition occurred, in spite of unresolved pending appeal.

II. Philbin and Carroll are entitled to immunity. Defendants defense can't stand because their actions was unreasonable not to allow time to repair the violations. By Defendants admission "if the code official determines that a building is imminently dangerous, they're then required to notify the property owner in writing with description of the imminently dangerous condition, specifying the required repair to make, or requiring the imminently dangerous structure to be demolished within a stipulated time Id at PM-110.2" Defendants stipulated no time to repair the violations as stated above. Defendants issued violation December 27 2018 and moved to demolish the property by filing complaint action on January 2019. Defendants action was clearly a violation of plaintiff constitutional right to property ownership. For Defendants to request that plaintiff pay the demolition cost is unreasonable and compensation to replace the building is hereby demanded.

ARGUMENT

Evidently, it was unreasonable not to specify time to perform repairs. Defendants moved to file complaint to demolish immediately after the violation notice was issued. Defendants action was possible because the bankruptcy petition filed by Plaintiff was inactive. Thurmond was the bankruptcy attorney and she testified in favor of my attorney at a motion

hearing opposing plaintiff attorney excessive fees for his ineffective representation in 9 months during my 3rd Bankruptcy petition in 2020. In both claims, Defendants actions were unreasonable and retaliatory. In all respects, plaintiff fifth Amendment violation claims is legitimate and plaintiff deserve to be compensated as a matter of law.

Defendants argument in my view points Defendant attempt to mislead the court to believe that all unreasonable actions taken by the Defendants were alright because of "Absolutely Immunity" perhaps Defendants might also believe they have absolutely immunity to undermine Federal law. Based on the above plaintiff explanation as a pro se. Plaintiff sufficiently justified the unreasonable action taken by the Defendants that made them liable as plaintiff alleged on the complaint. Therefore, plaintiff deserved to be compensated as a matter of law.

Conclusion

Defendants request for Summary Judgment must be denied because Defendants defenses lacks credible reason to justify Judgment. Defendants failed to justify their unreasonable demolition of Plaintiff constitutionally protected property and show show reason for the retaliation actions taking against plaintiff. In fact, Plaintiff deserved a judgment to be compensated as a matter of law.

Respectfully Submitted,

Abraham ituah (citizen)

Date: 10/2/2023      Pro Se PLAINTIFF

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Abraham Ituah

Plaintiff

V.                                    Case Number

CITY OF PHILADELPHIA, et. Al.   2: 19- cv- 5088

Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, Plaintiff's Response to Defendants Motion for summary Judgment was filed with the District Court clerk and I certify a copy of my response to Defendants Motion has been served upon the Defendants by email and first class mail, postage prepaid, as follows:

Michael Pfautz
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th floor
Philadelphia PA 19102
215-683-5233
Michael.pfautz@phila.gov

Date 10/2/2023

Abraham Istuah

Exhibit A: plaintiff forwarded this complaint to various entity as well as to the chief circuit court for help and to investigate the reason my fifth Amendment violation is not look into

The first constitutional violation was my property that was taken from me without due process. The case was trialed at Philadelphia court of common pleas docket number 1504T0504 attached shows the entries of the events. The docket shown that the action commenced on April 22 2015 at 5:15pm and Amendment of the tax claim was on April 22 2015 at 5:15 pm. No notice of service  and return receipt signed by plaintiff was on court records. On May 8 2015 Rule was entered by Judge Carpenter to sell the premises without hearing and there was no notification to that effect but the court records shows 6 different affidavits of service prior to August 7 2015, Judge Carpenter entered Order and Degree (Final Disposition) declaring that the premisesa am shall be sold by sheriff, free and clear of all claims. This order was facially and fatally defective as it was issued in the absence of hearing.

Complainant received no notices before the order was entered. On September 21, 2015 sheriff sale was docketed but the docket entry shows the property was sold to Dimitrious Dimopoulos (Greek citizen) for the sum of $34,500 on September 16 2015 without Public auction and complainant wasn't notified about the sale of the property before and after the sale. The sale of the property was not publicly advertised as required by the Municipal Claims Lien Act. Immediately, I received a change of property ownership on record. I filed a motion to set aside the sheriff sale on September 21 2015 and the buyer response date was October 13 2015. On October 13 2015 at 5:15 pm, the city lawyer, Cynthia Stavrakis, a Greek-American citizen filed answer on behalf of the buyer Mr Dimopoulos, a Greek citizen. On October 23 2015, Judge Carpenter denied my motion to set aside sheriff sale. I filed another motion for reconsideration on November 17 2015 and Judge Carpenter denied my motion for reconsideration on November 18 2015. Cynthia Stavrakis and the buyer registered a new business name called cool space LLC and expeditiously transferred the title to cool space LLC. This step was taken to satisfy the outstanding order of the court of commonwealth decision setting the standard to grant or not to grant redemption petitions after the title was transferred. In which case, expeditiously transfer of the title of the property stopped my chances of redeeming the property as the commonwealth Judge opined. However, on December 2 2015, I filed motion to redeem the premises while the buyer response date was December 22 2015. Cynthia Stavrakis again filed answer to oppose the motion to redeem. Under normal circumstances, it was a conflict of interest for the city lawyer to answer my motion on December 22 2015 after the office hours. On December 28 2015,  Honorable Judge Carpenter issued a "Rule upon the respondent and Third party purchaser to show course, why the petitioner was not entitled to redemption..." and a hearing was scheduled for February 11 2015. On the day of the hearing, I was present with 2 citizens witnesses ready to testify. Honorable Judge Carpenter continued the hearing to a new date and advised me that I would need to show that I have over $50000 to redeem the property with evidence of the amount was required by the court at the next hearing date. After the

judge comments, I expressed to the court that my 2 witnesses might not have the time to come the court again to attend the next hearing date. Honorable Judge said they don't have to be present. The case was continued for further hearing to March 23 2015. I gathered the proof of funds as requested by Judge. However, the actual amount stated on the tax complaint was $5468.01.  Judge granted 30 days to complete discovery.  I filed to request for interrogatories and production of documents but no response was received from the Cool Space LLC prior to the day of hearing and my witnesses were not available to attend the hearing. Judge Carpenter started the hearing and said "off the record" and commented that she doesn't like people losing their home and asked that I should discuss with the buyer to see if we can resolve the redemption charges. While we were outside the court room discussing. Cynthia Stavrakis appeared at the Judge Carpenter chamber. The buyer's counsel requested for $56000 from me to resolve the redemption charges. I said to counsel that I can't offer more than $5468.01 which was the tax amount owed to the city of Philadelphia. Shortly after, Cynthia Stavrakis walked through and asked the buyer's counsel to go in for hearing. The counsel stopped conversation with me and walked into the court room and I followed. Judge Carpenter resumed hearing and declared that the hearing must begin. The buyer's Counsel presented to me, inside the court room some black and white pictures as exhibits to be presented at the hearing to justify the amount requested for the work already done in the building. I said to Judge Carpenter, I needed attorney to continue the hearings and objected to the exhibits presented to me because the rule required the exhibits to received prior to the date of hearings. Above all, none of my witnesses were around to testify on my behalf. I mentioned to the court that the buyer failed to respond to my discovery request and asked the court to sanction the buyer and I requested for continuance the trial. Judge Carpenter denied my request  and continued proceedings by asking the counsel questions and receiving testimony from the buyer's counsel. I was  completely confused as the Judge received testimony and exhibits from the buyer's counsel. At the end of the purported trial. Judge Carpenter denied my motion to redeem the

property. This Judge decision marked the beginning of my financial problems. Consequently, I filed a  complaint with US District court of the Eastern District of Philadelphia and 3 bankruptcies petitions in efforts to get back the property sold. All my efforts to receive justice failed.  As my struggle continued. Cynthia Stavrakis who mastermind the illegal sales of the property resigned her appointment as the city of Philadelphia lawyer to silenced the truth. The U S District Court Judge sadly dismissed the case with prejudice to terminate my complaint. A decision I seriously disagreed with because there were elements of fraud in the way the property was sold and causing Cynthia Stavrakis to resign after about 4 years service.

After these experiences, the city of Philadelphia attorneys started retaliatory actions to destroy all I worked for and seriously caused me financially handicapped. The city of Philadelphia account and legal employees started creating and doubling accounts to keep me in debt. In 2018-2020,  The city law department staffs were jointly and seriously engaged in retaliatory actions, to the extent,
tax and water bills amounts were inaccurately documented and unsold remaining properties taxes and bills were inaccurately represented as claims. On December 27 2018, the city of Philadelphia law department condemned another of my property located at 508 W. Tabor Road, Philadelphia and demolished the property on January 11 2019. As at now, the city of Philadelphia sent  me a bill of about $100000 for me to pay to cover the cost of demolition.

In the light of the above explanation. I definitely required law protection and fair justice to save my soul and psychological pain and suffering, I am currently subjected to all kinds of unfair treatments by the city of Philadelphia law department because I am seeking to get justice. The unfair judgment entered by Honorable Judge Carpenter complicated my life. Meanwhile, I will continue to seek remedy for the prevailing situation. I am seriously facing difficult financial problem as a result of the city of Philadelphia torture and inhumane treatments. Currently the 3rd circuit

telephone 215 683 5233

Date: October 2 2023          Abraham Ituah

Exhibit plaintiff appeal for help from the Mayor of Philadelphia

## Mayor of the city of Philadelphia,

Congratulations and the citizens of Philadelphia are happy to have your serve for the second term because I personally believed that your leadership is the most fair leadership since I arrived Philadelphia to do business. With that notes, I felt it's imperative to inform you of the financial pressures that your city staffs discriminatorily subjected me to. I like to mention that the law department are mainly responsible for the violations of my constitutional rights , oppression, intimidation, harassment and discrimination that I am subjected to in the city.

First and foremost, I like to mention that before you were sworn in on January 4, 2016, as the 99th Mayor of Philadelphia, the legal department staffs like Cynthia Stavraski responsible to handle default property connived with sheriff department to sell my property that worth about $300000 to investor from Greek, her country's man for $34500 and the sales was completed without proper service and no public auction conducted to make the sale. I did everything legally permissible but all to no avail because of the corrupt system within the departments. The only actions taken by the city was to readdress the process of default property sale and Stavraski Cynthia was removed from her position to silence the atrocities she committed and no consideration was given to my situation. The experience placed me in a serious financial predicament and I had to file the first bankruptcy petition to protect and sought means to recover the property. However, I contacted the State Attorney General's Office for help; after, having interview with one of the Attorneys. The attorney advised me to consult with James Zwolak the head of tax default unit working at law department but he refused to meet with me to address the problem. The only refund I received after two years my property was sold was about $11000 from the sale of the property whereas the judgment stated otherwise. Consequently, I was false to file chapter 13 bankruptcy to protect my investments of over $1 Million in the city between 2005 through 2015.

Unfortunately, since the legal department was directly involved my bankruptcy attempts failed 3 times. In addition, the city staffs at the water revenue and tax department seriously engaged duplicating the accounts and deliberately refused to update records with all the payments made in many occasions. Presently, many different outside collections agencies are currently harassing me when they called on the phones to demand payments from me for water bills that were already paid either by payment arrangements and/or at the sales of the properties.

In 2019, a total of about $150000 was paid to Title agent Mike on behalf the city after the settlements of 5 properties and other payments that ought to have resulted in full settlement of all my liabilities to the city. Unfortunately, the water and tax departments continue to create unreal accounts to keep me in debt whereas if a good accounting was done I ought to receive refunds from the excessive collections taken from me. Settlement statements shows all monies collected at settlement of the following 5 properties as well as other payments received from me and inaccurately applied or not applied at all. The properties sold were as follows:

1. 1700 N. Dover Street, Philadelphia PA 19120
2. 5551 Morris street, Philadelphia PA 19144
3. 5229 Germantown Avenue, Philadelphia, PA 19144
4. 4021 66th street, Philadelphia PA 19144
5. 3865 Bouvier street, Philadelphia PA 19132.

Before the settlement of these properties my liabilities to the city including manipulated bills created from 2010 to 2019 (see exhibit) were sup to be zeroed by the title agent before the settlement occurred. Otherwise, title agent wouldn't settle the transactions. The city staffs intensified harassment, oppression and discriminated against me in all forms; eventually led to the demolition of my 4 units property located at 508 W Tabor Road Philadelphia PA19120 that was actively rented with building and renter permits. The city intentionally declared the building eminently condemned and the building was demolished within 2 weeks. Notwithstanding the appeal was timely filed. Because of this experience I suffered mental pains and I was medically diagnosed and placed on depressions medication and my high blood and cholesterol level increased.

The demolition of the property was successful because your legal department knew my property was no longer under bankruptcy protection and they undermined the due process constitutional right.

Nowadays I received two to five harassment calls from collection agencies affiliated with the city of Philadelphia demanding water and tax departments payoff of money I owed to the city of Philadelphia from 2012 to 2021. In actuality, all monies owed to the city were already paid or settled at settlements. The title agent wouldn't have reach settlement of the sale of the five properties.

I am forwarding this complaint to your attention because the oppression, intimidation, harassment and discrimination that I am presently facing are heavily suppressing my spirit to survival. I need your help to survive the city staffs attack. I felt, if no help from you at this time to release me from the financial mess the city staffs currently subjected me to. I wouldn't have the opportunity to sell the property left unsold in order to move out the city. Something unfortunate might happen to me.

The list of my properties the tax and water departments are stopping from selling because of the excessive and inaccurate bills are as to follows:

1. 33 S 53rd Street, Philadelphia PA 19139
2. 419 W. Godfrey Avenue, Philadelphia PA 19120
3. 2507 N. 19th street, Philadelphia PA 19132
4. 2538 N. Gratz Street, Philadelphia PA 19132
5. 212 S Edgewood Street, Philadelphia PA 19139
6. 3301 A Street, Philadelphia PA 19134
7. 4021 Neilson Street, Philadelphia PA 19124
8. 4624 N. 12th street, Philadelphia PA 19120

All these properties are currently said to be in default without proper accounting or billing statements supporting the city claims. In actuality, the city owed me refunds from duplicated charges, interest, penalties and other unexplained charges created to make me insolvent. See the attached exhibit showing payments not credited. All these experiences began after

Cynthia Stavrakis and James Zwolak sold the property at 3843 Fairmont Avenue, Philadelphia PA, a property I bought as a memorial home, while I was graduating from Drexel university. Where's Cynthia Stavrakis now? Many citizens lost their homes while she was the attorney inchsrge of default properties.

At this point, I am honestly seeking for your assistance as the head of the city of Philadelphia to resolve the financial problems i am presently subject to by the city staffs. I am sure resolving the problem at your position will reduce the negative exposure experienced in the city. I do intend to go public and file petition for writ of certiorari,

if the effort to resolve these problems failed.

I humbly look forward to hearing from you at your convenience.

Your Sincerely,

Abraham Ituah (U. S. Citizen)

Exhibit: Discovery interrogatory and production of Documents Defendants failed to addressed adequately

PLAINTIFF'S FIRST SET OF INTEROGATORIES TO DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiff , requests that Defendant serve upon Plaintiff answers under oath to each of the following interrogatories within thirty (30) days of service of these interrogatories.

DEFINITIONS

The following definitions shall apply to these interrogatories:

1. The words and phrases used in these interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania. In addition, the following terms shall have the meanings set forth below:

2. "Action" or "Complaints" refers to the Complaint in the above-caiptioned matter, filed by Plaintiff on October 8, 2020 Amended as the court directed.

3. "Communication" refers to the transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether written or oral, including, but not limited to, interviews, conferences, conversations, discussions, meetings, contracts, agreements, letters, memoranda, reports, emails, or facsimiles. The term "communication" further includes any transmittal of information on any and all social media platforms and applications, including, but not limited to, Facebook, Twitter, Google+, WhatsApp, Signal, or any internet forum or blog.

4. "Document" has the same meaning as that in Rule 34 of the Federal Rules of Civil Procedure, and thus is used in the broadest, most comprehensive sense. It refers to the original and each and every non-identical copy of all writings of every kind, including, but not limited to, bulletins, calendar or diary entries, charts, claims and reimbursement data, contracts, computer files, computer print outs, directives, drafts, electronic mail and electronically stored information and metadata, expense records, meeting minutes, and all other data compilations from which information can be obtained in reasonably usable forms.

5. "Including" means "including but not limited to."

6. "Person," as used herein, refers to all individuals and entities, including, without limitation, any business or governmental entity or association.

7. "Reflecting," "referring," and/or "relating," as used herein, shall be interpreted broadly, including by both explicit and implicit reference, to mean (without limitation) "defining," "discussing," "containing," "construing," "concerning," "constituting," "embodying," "pertaining," stating," "supporting," "dealing with," or "prepared as a result of."

8. "Defendants" "City of Philadelphia et al," "You," or "Your, "as used

herein, refers to all named Defendants on the complaints and includes their representatives, agents, and all other persons or entities acting or purporting to act on their behalf.

9. "Plaintiff" refers to Abraham Ituah

10. "The City of Philadelphia" or the "City" refers to a political subdivision of the Commonwealth of Pennsylvania, and includes its representatives, agents, and all persons or entities acting or purporting to act on its behalf.

11. The "Property" refers to a parcel located at 508 West Tabor St referenced in paragraph 4 of the Amended Complaint as directed to the court

INSTRUCTIONS

1. Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

2. If you object to any interrogatory or any portion of an interrogatory on the ground that the answer reflects or would reveal the substance of a privileged communication, identify:

a. b. c.

d.

e. f.

g. h.

the nature of the privilege claimed;

the person who made the communication, whether oral or in writing;

if the communication was oral, all persons present while the communication was made;

if the communication was written, the author, addressees, and any other recipients;

the relationship of the author of the communication to each recipient;

the relationship of the persons present to the person who made the

communication;

the date and place of the communication; and

the general subject matter of the communication.

Unless otherwise specified in any of the interrogatories below, these interrogatories cover the time period from September 16, 2015 through and including the present.

4. Answers to these interrogatories shall be served upon Abraham Ituah via mail and email within thirty (30) days of service of these interrogatories.

5. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1. For each " Action " referenced  in Plaintiff Complaints that was filed, explain which of the claims has no merits to be tried in a perfected jury trial and why should the claims be dismissed? State the section of law excluding the city of Philadelphia to override appeal filed by plaintiff.

ANSWER:

2. For each verbal communication Pamela Thurmond and other City employees actions supports claim of retaliation after the lawsuit to recover plaintiff property fraudulently sold by Cynthia Starvraski and Bankruptcy filed in New York were dismissed. Defendant, Pamela Thurmond and other Defendants must give reasons why shouldn't consider their actions as retaliations?

ANSWERS:

3. For each verbal communication Plaintiff had with Defendants Pamela

Thurmond, Brendan Philbin, and Joseph Carrol  at different occasions ended by terminating calls and Mr Carrol called the police to intimidate plaintiff. How would you described such experiences?
ANSWER:


4. Explain the factual basis for Mr. Philbin to call plaintiff on the phone January 2 2019 to request plaintiff reports for emergency hearing on January 3, 2019.
ANSWERS:


5. Plaintiff received the first violation notice on December 28th 2018 and unknown police officer terrorized and ordered plaintiff tenants to vacate the building and declared to them that the building was condemned. What's the name of police officer? Was  issuance of violation carried out by a police officers? Can Joseph carrol identify any owner of property in Philadelphia issued eminent dangerous violation and petition the court to get judgment to demolish the property within 5 days.
ANSWERS:


6. Explain the factual basis for Defendant Pamela Thurmond to testified for plaintiff bankruptcy lawyer who dubiously collected $10000 from plaintiff for representation from January 20 2020 through September 2020.
ANSWERS:


7. Explain the factual and legal basis for Ms Thurmond to file a motion to dismissed plaintiff third bankruptcy petition.
ANSWER:

8. Explain the factual basis for issuing a condemnation notice on December 2018 shortly after plaintiff Bankruptcy filed in New York was dismissed on November 2018. State the date and time the violation was first noticed.
ANSWERS:

9. Explain the factual basis for sending demolition charges and already paid utility bills to plaintiff of the property located at 508 W Tabor Street for payment;
ANSWERS:

10. Explain the factual basis and why plaintiff must pay the bills for demolition on the matter active before this court.
ANSWER:

11. Explain the factual basis for demolition of plaintiff building based on judgment entered on January 3 2019 and ignored plaintiff appeal filed on January 4 2018.
ANSWERS:

12. What's the basis of not receiving responses from Ms Thurmond and other city employees onover 12 inquiries plaintiff submitted if not retaliation.
ANSWER:

13. Explain the basis for the Defendants Pamela Thurmond subordinates working in the 5th floor of the Municipal building called security officers to escort plaintiff out of the building on February 1 2023
ANSWERS:

14. Identify any expert from whom your plan to obtain for use in this Action.
ANSWER:

Date: April 11, 2023.          Abraham Ituah
                               PLAINTIFF

### CERTIFICATE OF SERVICE

I, Abraham Ituah, Plaintiff certify that on this date, I caused a true and correct copy of the foregoing to be served on the following via e-mail and mail:

TO:

Michael Pfautz Esquire

City of Philadelphia Law Department

1515 Arch Street, 15th Floor

Philadelphia, PA 19102

(215) 683-5233 Michael.

Pfautz@phila.gov

April 14 2023.               Abraham Ituah
                             PLAINTIFF

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Abraham Ituah

       Plaintiff

     v.                    CIVIL ACTION

              Case: 2-19-05088

City of Philadelphia et al

       Defendants

PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiff hereby demand that the above-named Defendants provide

responses to the following Requests for Production of Documents ("Requests") under oath within 30 days of service hereof, or at such time as may be agreed on by counsel or ordered by the Court, pursuant to the Fed. R. Civ. P. 26 and 34. These Requests are to be deemed continuing and shall require supplemental answers from time to time to the extent required by the Federal Rules of Civil Procedure.

DEFINITIONS

1. The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania. In addition, the following terms shall have the meanings set forth below:

2. "Action" or "Complaint and Amended complaint" refers to the Complaint in the above- captioned matter, filed by Plaintiff on before and October 8, 2020.

3. "Communication" refers to the transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether written or oral, including, but not limited to, interviews, conferences, conversations, discussions, meetings, contracts, agreements, letters, memoranda, reports, emails, or facsimiles. The term "communication" further includes any transmittal of information on any and all social media platforms and applications, including, but not limited to, Facebook, Twitter, Google+, WhatsApp, Signal, or any internet forum or blog.

4. "Document" has the same meaning as that in Rule 34 of the Federal Rules of Civil Procedure, and thus is used in the broadest, most comprehensive sense. It refers to the original and each and every non-identical copy of all writings of every kind, including, but not limited to, bulletins, calendar or diary entries, charts, claims and reimbursement data, contracts, computer files, computer print outs, directives, drafts,

electronic mail and electronically stored information and metadata, expense records, meeting minutes, and all other data compilations from which information can be obtained in reasonably usable forms.

5. "Including" means "including but not limited to."

6. "Person," as used herein, refers to all individuals and entities, including, without

limitation, any business or governmental entity or association.

7. "Reflecting," "referring," and/or "relating," as used herein, shall be interpreted broadly, including by both explicit and implicit reference, to mean (without limitation) "defining," "discussing," "containing," "construing," "concerning," "constituting," "embodying," "pertaining," stating," "supporting," "dealing with," or "prepared as a result of."

8. "Plaintiff," "Ituah," "You," or "Your, "as used herein, refers to Plaintiff Abraham Ituah and includes his representatives, agents, and all other persons or entities acting or purporting to act on his behalf.

9. "Defendants" refers to Defendants Pamela Thurmond, Brendan Philbin, and Joseph Carroll.

10. "The City of Philadelphia" or the "City" refers to a political subdivision of the Commonwealth of Pennsylvania, and includes its representatives, agents, and all persons or entities acting or purporting to act on its behalf.

11. The "Property" refers to a parcel located at 508 West Tabor St referenced in paragraph 4 of the Complaints.

INSTRUCTIONS

1. Except where otherwise indicated, these Requests seek all documents created in, or in any way covering, in effect, or relating to the period from January 1, 2018 to the present.

2. Each Request for "all documents" includes any communications relating to the subject matter of the request.

3. These Requests seek all documents and information within your

possession or control, as well as the possession or control of your attorneys, employees, agents, contractors, investigators, or representatives.

4. If any portion of any document is responsive to any Request, then the entire document must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless whether you consider the entire document to be relevant or responsive to these Requests, including all cover letters and cover emails. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. If you have redacted any portion of a document, stamp the word "redacted" on each page of the document that you have redacted. Privileged redactions must be included in a privilege log; any non-privileged redactions must also be included in a log describing the basis for the redaction.

5. You should pr

Exhibit T

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**



Abraham Ituah
92 Robinson Avenue, Newburgh NY 12550
*(In the space above enter the full name(s) of the plaintiff(s))*

5088

- against -

City of Philadelphia
James Zwolak
Brendan J Philbin
Joseph Carrol
Zachary Strassburger
Carmen Sanchez - Tax Analyst II
Roslyn Speller - Rev. Collection Supervisor
Police Department

**COMPLAINT**

Jury Trial: ☒ Yes  ☐ No

(check one)

*(In the space above enter the full name(s) of the defendant(s) If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names  The names
listed in the above caption must be identical to those contained in
Part I  Addresses should not be included here.)*

**I.     Parties in this complaint:**

A.     List your name, address and telephone number.  If you are presently in custody, include your identification
number and the name and address of your current place of confinement.  Do the same for any additional
plaintiffs named.  Attach additional sheets of paper as necessary

Plaintiff      Name                 Abraham Ituah
               Street Address       92 Robinson Avenue
               County, City         Orange, Newburgh
               State & Zip Code     New York, 12550
               Telephone Number     (310) 381-9859

*Rev  10/2009*

B.   List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary

Defendant No. 1

Name _City of Philadelphia_
Street Address _1515   Arch Street_
County, City _Philadelphia_
State & Zip Code _PA  19143_

Defendant No 2

Name _James Zwolak Esq (Deputy Solicitor)_
Street Address _1515   Arch Street_
County, City _Philadelphia, Philadelphia_
State & Zip Code _PA  19143_

Defendant No. 3

Name _Brendan J. Philbin Esq (Deputy Solicitor)_
Street Address _1515   Arch Street_
County, City _Philadelphia, philadelphia_
State & Zip Code _PA  19143_

Defendant No. 4

Name _Joseph Carrol (1st Supervisor)_
Street Address _1401 JFK Blvd, 11th floor_
County, City _Philadelphia, philadelphia_
State & Zip Code _PA  19102_

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*
     ☒ Federal Questions          ☒ Diversity of Citizenship

B    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _Violation of fifth and fourth Amendment Rights Constitutionally guaranteed to the citizens_

*Rev 10/2009*                              - 2 -

C   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _Pennsylvania_____

Defendant(s) state(s) of citizenship _New York_____

## III.   Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? _Philadelphia,___ _Pennsylvania_____

B.   What date and approximate time did the events giving rise to your claim(s) occur? _January 3, 2019 and September 16, 2015_____

C   Facts: (1) The City of philadelphia employees intentionally violated my fifth and fourth Amendment Rights of property ownerships by illegally selling and Demolition of my property without Due process. (2) James Zwolak with his subordinates discriminated against me because of my Race and National origin. (3) The City of philadelphia employees collectively Retaliated against me because of the lawsuit I filed against the city lawyer, Cynthia Starvakis, the Sheriff Department and the City of philadelphia at the time my property located at 3843 Fairmount Avenue was illegally sold by Starvakis Cynthia to her relation. The state Attorney General office was notified and I was interviewed. At the Conclusion, I was advised to contact James Zwolak but he deliberately refused to meet with me. HUD was also notified about the Discrimination. Court Records and Exhibits are available to Justify what happened.

[Box: What happened to you?]

[Box: Who did what?]

[Box: Was anyone else involved?]

[Box: Who else saw what happened?]

Rev. 10/2009

- 3 -

## THE ROLE OF THE SHERIFF DEPARTMENT

It is pertinent that I include the following as part of complaint.

1) The events involving the Sale of my property at 3843 Fairmount Avenue, Philadelphia masterminded by Cynthia Stavrakis, the City Assistant Attorney was possible because the discriminate role played by the Sheriff department. No Service was delivered to me anytime before the Sale of the property. Secondly the transfer of the property was done expediteously because Cynthia Stavrakis was involved.

② The Demolition of my property at 508 W. Tabor Road, Philadelphia was possible because the Police officer was at my property on January 27, 2016 to allege that the building was condemned and ordered the tenants Vacate immediately before the License and inspection department visited the property and placed a notice I never received until 10/8/2019 which was the day the Court Ordered the buildi Demolished.

③ The police Department Staff invaded my property a Removed my Car (Mercedez ML320) Parked at the rear of my property without any notices.  AC   m.

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. The City of philadelphia employees actions caused me several illnesses and sleepless nights. I constantly suffer headache pains, depressions, restlessness. The effects of the city of philadelphia staff resulted in emotional and psychological distress to the extent that my present medical state is critical My prescription for High blood pressure and cholestrol was increased from 5mg to 10mg and a new prescription drug for depression called Floxetine 10mg was recommended to suppress the depression. As far as sleeplessness no medication worked. Day after Day I barely sleep for 3 hours especially as the harrasement and retaliation continue. The city of philadelphia claimed from my property sale over $170,000 on water, taxes, License Inspection.

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

I respectfully request that this court protect my constitutional right, in respective of my Race and National origin as well as my right to private property as explained on the complaint. The City of philadelphia employees and the sheriff department should stop the unnecessary harrasement and descriminations by abuse of power to seize and destruction of my property without due process. I want the court to order a stay on writ of execution if any for the cost of Destroying my property situated at 508 W. Tabor Road, philadelphia and review the court record to reverse the sale of my property located at 3843 fairmount Avenue, philadelphia executed without due process. In addition, I pray this court to help me recover at least $1,000,000 I invested in philadelphia market as Damages from negligent infliction of emotional and psychological distress or as the court may consider appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _20_ day of ___October___, 20 _19_.

Signature of Plaintiff _____

Mailing Address _92 Robinson Avenue___

_Newburgh NY 12550_

_USA_

Telephone Number _(310) 381-9859_

Fax Number *(if you have one)* _____

E-mail Address _aifreh @aol.com___

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____



The Philadelphia Courts
Civil Docket Access

No Items in Cart | LOGIN
Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| Case ID: | 1504T0504 |
| Case Caption: | CITY OF PHILADELPHIA VS ITUAH |
| Filing Date: | Wednesday, April 22nd, 2015 |
| Court: | REAL ESTATE TAX LIEN PETITION |
| Location: | City Hall |
| Jury: | NON JURY |
| Case Type: | REAL ESTATE TAX LIEN PETITION |
| Status: | ORDER AND DECREE - FINAL DISPO |
| Cross Reference: | TL 243013900 |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

See Asterik
Pages

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | ZWOLAK, JAMES J |
| **Address:** MUNICIPAL SERVICES BUILDING 1401 JOHN F. KENNEDY BLV. 5TH FLOOR PHILADELPHIA PA 19102 (215)686-0523 | | **Aliases:** *none* | | |

EXHIBIT
"A"

| 2 | 1 | | PLAINTIFF | CITY OF PHILADELPHIA |
|---|---|---|---|---|
| **Address:** | c/o LAW DEPARTMENT 1515 ARCH ST, 14TH FLOOR PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

| 3 | | | DEFENDANT | ITUAH, ABRAHAM |
|---|---|---|---|---|
| **Address:** | 3843 FAIRMOUNT AVENUE PHILADELPHIA PA | **Aliases:** | *none* | |

| 4 | | | PRO SE FILER | ITUAH, ABRAHAM |
|---|---|---|---|---|
| **Address:** | 5229 GERMANTOWN AVENUE P O BOX 48024 PHILADELPHIA PA 19144 (267)471-5511 | **Aliases:** | *none* | |

| 5 | 1 | | ATTORNEY FOR PLAINTIFF | STAVRAKIS, CYNTHIA |
|---|---|---|---|---|
| **Address:** | 1601 CHERRY STREET SUITE 1210 PHILADELPHIA PA 19102 (215)557-5652 | **Aliases:** | *none* | |

| 6 | | | JUDGE | CARPENTER, LINDA |
|---|---|---|---|---|
| **Address:** | PHILADELPHIA | **Aliases:** | *none* | |

| 7 | | | ATTORNEY FOR RESPONDENT | MYLONAS, PETER G |
|---|---|---|---|---|

| Address: | MARPLE EXECUTIVE CENTER 2725 WEST CHESTER PIKE BROOMALL PA 19008 (610)355-1000 | Aliases: | none |
|---|---|---|---|

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 22-APR-2015 05:15 PM | ACTIVE CASE | | | 23-APR-2015 10:37 AM |
| Docket Entry: | E-Filing Number: 1504046124 | | | |
| | | | | |
| 22-APR-2015 05:15 PM | COMMENCEMENT OF CIVIL ACTION | ZWOLAK, JAMES J | | 23-APR-2015 10:37 AM |
| Documents: | ⚲ Click link(s) to preview/purchase the documents  Final Cover | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | none. | | | |
| | | | | |
| 22-APR-2015 05:15 PM | AMENDED TAX CLAIM FILED | ZWOLAK, JAMES J | $5,468.01 | 23-APR-2015 10:37 AM |
| Documents: | ⚲ Click link(s) to preview/purchase the documents  3843 Fairmount Avenue.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AMENDED CLAIM FILED. FOR RULE INFORMATION, SEE RECORD. | | | |
| | | | | |
| 22-APR-2015 05:15 PM | CITY CHARGE | ZWOLAK, JAMES J | | 23-APR-2015 10:37 AM |
| Docket Entry: | none. | | | |
| | | | | |

| 13-MAY-2015 09:23 AM | RULE ISSUED | | | 13-MAY-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | ⚙ Click link(s) to preview/purchase the documents RLFTX_5.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | RULE ENTERED UPON ALL INTERESTED PARTIES TO SELL THE PREMISES 3843 FAIRMOUNT AVE. AS FULLY DESCRIBED IN THE TAX INFORMATION CERTIFICATE, BY THE SHERIFF OF PHILADELPHIA COUNTY BECAUSE OF DELINQUENT REAL ESTATE TAXES, FREE AND CLEAR OF ANY ENCUMBRANCES. EO-DIE PETITION FILED. ...BY THE COURT - CARPENTER, J., 5/8/15 | | | |

| 09-JUL-2015 02:55 PM | AFFIDAVIT OF SERVICE FILED | | | 09-JUL-2015 02:55 PM |
|---|---|---|---|---|
| Documents: | ⚙ Click link(s) to preview/purchase the documents BRT_3843 Fairmount Avenue_07-09-2015.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ABRAHAM ITUAH BY POSTING OF PREMISES ON 07/05/2015 FILED. | | | |

| 10-JUL-2015 07:56 AM | AFFIDAVIT OF SERVICE FILED | | | 10-JUL-2015 08:56 AM |
|---|---|---|---|---|
| Documents: | ⚙ Click link(s) to preview/purchase the documents BRT_3843 Fairmount Avenue_07-09-2015.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ABRAHAM ITUAH BY POSTING OF PREMISES ON 07/05/2015 FILED. | | | |

| 04-AUG-2015 06:41 PM | AFFIDAVIT OF SERVICE FILED | ZWOLAK, JAMES J | | 05-AUG-2015 08:43 AM |
|---|---|---|---|---|
| Documents: | ⚙ Click link(s) to preview/purchase the documents 1504T0504.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF UPON BY CERTIFIED MAIL,FIRST CLASS REGULAR MAIL ON 07/20/2015 FILED. (FILED ON BEHALF OF ABRAHAM ITUAH) | | | |

| 10-AUG-2015 11:37 AM | ORDER AND DECREE - FINAL DISPO | | | 10-AUG-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | ⚙ Click link(s) to preview/purchase the documents | | 🛒 Click HERE to purchase all documents related to this one docket entry | |

ORDRT_9.pdf

| | | | | |
|---|---|---|---|---|
| Docket Entry: | DECREE ENTERED. THE COURT ORDERS AND DECREES THAT THE PREMISES, TO WIT: 3843 FAIRMOUNT AVE, AS FULLY DESCRIBED IN THE TAX INFORMATION CERTIFICATE, SHALL BE SOLD BY THE SHERIFF, CLEAR OF ALL CLAIMS, LIENS, MORTGAGES, GROUND RENTS, CHARGES, AND ESTATES, TO THE HIGHEST BIDDER AT SUCH SALE; AND THE PROCEEDS REALIZED THEREFROM SHALL BE DISTRIBUTED IN ACCORDANCE WITH THE PRIORITY OF SUCH CLAIMS; AND THE PURCHASE AT SUCH SALE SHALL TAKE AND FOREVER THEREAFTER HAVE, AN ABSOLUTE TITLE TO THE PROPERTY SOLD, FREE AND DISCHARGED OF ALL TAX AND MUNICIPAL CLAIMS, LIENS, MORTGAGES, GROUND RENTS, CHARGES, AND ESTATES OF WHATSOEVER KIND, SUBJECT ONLY TO THE RIGHT OF REDEMPTION AS PROVIDED BY LAW. ...BY THE COURT - CARPENTER, J., 8/7/2015 | | | |
| 11-SEP-2015 11:05 AM | AFFIDAVIT OF SERVICE FILED | ZWOLAK, JAMES J | | 11-SEP-2015 11:05 AM |
| Documents: | Click link(s) to preview/purchase the documents 1504T0504.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF DECREE UPON ABRAHAM ITUAH BY FIRST CLASS REGULAR MAIL ON 09/03/2015 FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |
| 21-SEP-2015 02:04 PM | SHERIFF'S SALE (R.E. WRITS) | | | 22-SEP-2015 10:11 AM |
| Docket Entry: | PROPERTY SOLD TO DIMITRIOS DIMOPOULOS FOR THE SUM OF $34,500.00 ON 09/16/2015. - WRIT NUMBER 1509-115 | | | |
| 21-SEP-2015 02:25 PM | MOTION SET ASIDE SHERIFF SALE | ITUAH, ABRAHAM | | 21-SEP-2015 02:32 PM |
| Documents: | Click link(s) to preview/purchase the documents 20150921141343681.pdf Motion CoverSheet Form MTSAS_11_001.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | 43-15092343 RESPONSE DATE 10/13/2015. (FILED ON BEHALF OF ABRAHAM ITUAH) | | | |
| 13-OCT-2015 05:15 PM | | STAVRAKIS, CYNTHIA | | 14-OCT-2015 09:12 AM |




| | ANSWER (MOTION/PETITION) FILED | | | |
|---|---|---|---|---|
| Documents: | ♌ Click link(s) to preview/purchase the documents<br>Ituah 1504T0504.pdf<br>Motion CoverSheet Form | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 43-15092343 ANSWER IN OPPOSITION OF MOTION SET ASIDE SHERIFF SALE FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |

| 15-OCT-2015 11:14 AM | MOTION ASSIGNED | | | 15-OCT-2015 11:14 AM |
|---|---|---|---|---|
| Docket Entry: | 43-15092343 MOTION SET ASIDE SHERIFF SALE ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: OCTOBER 15, 2015 | | | |

| 22-OCT-2015 12:42 PM | REPLY FILED | ITUAH, ABRAHAM | | 22-OCT-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | ♌ Click link(s) to preview/purchase the documents<br>REPLY 15.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 43-15092343 REPLY TO PLF'S ANSWER IN OPPOSITION OF MOTION SET ASIDE SHERIFF SALE FILED. | | | |

| 26-OCT-2015 12:03 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 26-OCT-2015 12:03 PM |
|---|---|---|---|---|
| Documents: | ♌ Click link(s) to preview/purchase the documents<br>ORDER 16.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 43-15092343 IT IS HEREBY ORDERD AND DECREED THAT SAID MOTION TO SET ASIDE SHERIFF'S SALE FILED UNDER CONTROL #15092343 AND THE RESPONSES THERETO, IS BEEN DENIED. ...BY THE COURT: CARPENTER, J. 10/23/15 | | | |

| 26-OCT-2015 12:03 PM | NOTICE GIVEN UNDER RULE 236 | | | 26-OCT-2015 01:34 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 26-OCT-2015 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 26-OCT-2015. | | | |

| 17-NOV-2015 11:28 AM | MOTION FOR RECONSIDERATION | ITUAH, ABRAHAM | | 17-NOV-2015 11:29 AM |
|---|---|---|---|---|
| Documents: | &#128065; Click link(s) to preview/purchase the documents 20151117111341020.pdf Motion CoverSheet Form | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 13-15112413 MOTION FOR RECONSIDERATION OF JUDGE CARPENTER'S ORDER DATED 10/26/15 (FILED ON BEHALF OF ABRAHAM ITUAH) | | | |

| 18-NOV-2015 10:17 AM | MOTION ASSIGNED | | | 18-NOV-2015 10:17 AM |
|---|---|---|---|---|
| Docket Entry: | 13-15112413 MOTION FOR RECONSIDERATION ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: NOVEMBER 18, 2015 | | | |

| 19-NOV-2015 12:36 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 19-NOV-2015 12:36 PM |
|---|---|---|---|---|
| Documents: | &#128065; Click link(s) to preview/purchase the documents ORDER_20.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 13-15112413 UPON CONSIDERATION OF THE MOTION FOR RECONSIDERATION, AND ANY RESPONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT MOTION OS DENIED... BY THE COURT: CARPENTER, J. 11/18/2015 | | | |

| 19-NOV-2015 12:36 PM | NOTICE GIVEN UNDER RULE 236 | | | 19-NOV-2015 04:16 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 19-NOV-2015 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 19-NOV-2015. | | | |

| 02-DEC-2015 12:17 PM | MOTION TO REDEEM PREMISES | ITUAH, ABRAHAM | | 02-DEC-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | &#128065; Click link(s) to preview/purchase the documents MTRPR_22_001.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 59-15117059 RESPONSE DATE 12-22-15. | | | |

| 22-DEC-2015 05:09 PM | | STAVRAKIS, CYNTHIA | | 23-DEC-2015 08:29 AM |
|---|---|---|---|---|



|  | ANSWER (MOTION/PETITION) FILED |  |  |  |  |
|---|---|---|---|---|---|
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents Ituah redemption 1504T0504.pdf Motion CoverSheet Form | 🛒 **Click HERE to purchase all documents** related to this one docket entry | | | |
| **Docket Entry:** | 59-15117059 ANSWER IN OPPOSITION OF MOTION TO REDEEM PREMISES FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | | |

| 23-DEC-2015 09:50 AM | AFFIDAVIT OF SERVICE FILED |  |  | 23-DEC-2015 12:00 AM |  |
|---|---|---|---|---|---|
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents AFDVT_24.pdf | 🛒 **Click HERE to purchase all documents** related to this one docket entry | | | |
| **Docket Entry:** | OF MOTION TO REDEEM PREMISES BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED UPON CITY OF PHILADELPHIA ON 4-DEC-2015. | | | | |

| 24-DEC-2015 09:59 AM | MOTION ASSIGNED |  |  | 24-DEC-2015 09:59 AM |  |
|---|---|---|---|---|---|
| **Docket Entry:** | 59-15117059 MOTION TO REDEEM PREMISES ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: DECEMBER 24, 2015 | | | | |

| 28-DEC-2015 11:23 AM | RULE ISSUED | CARPENTER, LINDA |  | 28-DEC-2015 11:26 AM |  |
|---|---|---|---|---|---|
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents RLFIS_26.pdf | 🛒 **Click HERE to purchase all documents** related to this one docket entry | | | |
| **Docket Entry:** | 59-15117059 A RULE IS ISSUED UPON THE REPSONDENT AND THIRD PARTY PURCHASER TO SHOW CASE WHY THE PETITIONER IS NOT ENTITLED TO REDEEM THE SUBJECT PREMISES. HEARING SHALL BE HELD ON FEBRUARY 11, 2016 IN ROOM 232 CITY HALL, AT 2:30PM IN WHICH PETITIONER SHALL BE PREPARED TO PRESENT EVIDENCE OF PETITIONER'S RIGHT TO REDEMPTION AND ABILITY TO PAY THE REDEMPTION AMOUNT WITHIN 30 DAYS. NOTICE OF THE ENTRY OF THIS ORDER SHALL BE PROVIDED TO ALL PARTIES, INCLUDING THIRD PARTY PURCHASER BY PETITIONER. THE RIGHT OF REDEMPTION MAY BE LOST IF PETITIONER FAILS TO TIMELY SERVE THIRD PARTY PURCHASER AND THE CITY, WITH A COPY OF THIS RULE AND THE PETITION. ...BY THE COURT: CARPENTER, J. DECEMBER 28, 2015 | | | | |

| 28-DEC-2015 11:23 AM | NOTICE GIVEN UNDER RULE 236 | | | 29-DEC-2015 10:21 AM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 29-DEC-2015 OF RULE ISSUED ENTERED ON 28-DEC-2015. | | | |

| 28-DEC-2015 11:27 AM | MOTION HEARING SCHEDULED | | | 28-DEC-2015 11:27 AM |
|---|---|---|---|---|
| Docket Entry: | 59-15117059 HEARING ON FEBRUARY 11, 2016 AT 2:30PM IN ROOM 232 CITY HALL, PHILA, PA | | | |

| 30-DEC-2015 12:30 AM | NOTICE GIVEN | | | 30-DEC-2015 12:30 AM |
|---|---|---|---|---|
| Docket Entry: | *none.* | | | |

| 30-DEC-2015 04:19 PM | REPLY FILED | ITUAH, ABRAHAM | | 30-DEC-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | ⚮ Click link(s) to preview/purchase the documents REPLY_30.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | 59-15117059 PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER TO MOTION TO REDEEM PREMESIS FILED | | | |

| 22-JAN-2016 01:05 PM | AFFIDAVIT OF SERVICE FILED | | | 22-JAN-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ⚮ Click link(s) to preview/purchase the documents AFDVT_31.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | OF RULE TO SHOW CAUSE, PETITION AND REPLY BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED UPON DIMITROS DIMOPOULOS AND JAMES J ZWOLAK ON 12/23/16 AND 1/5/16. | | | |

| 11-FEB-2016 12:01 PM | ANSWER (MOTION/PETITION) FILED | MYLONAS, PETER G | | 11-FEB-2016 02:29 PM |
|---|---|---|---|---|
| Documents: | ⚮ Click link(s) to preview/purchase the documents doc20160211120249.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |

| Docket Entry: | 59-15117059 ANSWER IN OPPOSITION OF MOTION TO REDEEM PREMISES FILED. (FILED ON BEHALF OF COOL SPACES, LLC AND DIMITRIOS DIMOPOULOS) | | | |

| 17-FEB-2016 09:46 AM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 17-FEB-2016 09:50 AM |
| Documents: | 🔍 Click link(s) to preview/purchase the documents ORDER_33.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | 59-15117059 THIRD PARTY PURCHASER HAS BEEN GRANTED INTERVENOR STATUS AT THE BAR OF THE COURT. FURTHER HEARING SHALL BE HELD ON MARCH 23, 2016, IN ROOM 232, CITY HALL, AT 1:30 PM IN WHICH THE PARTIES SHALL BE PREPARED TO PRESENT EVIDENCE OF PETITIONER'S RIGHT TO REDEMPTION AND ABILITY TO PAY THE REDEMPTION AMOUNT WITHIN 30 DAYS. THE PARTIES TO ENGAGE IN DISCOVERY ON THE REDEMPTION ISSUES TO BE COMPLETED WITHIN 30 DAYS OF THIS ORDER. THE RIGHT OF REDEMPTION MAY BE LOST IF PETITIONER FAILS TO TIMELY SERVE THIRD PARTY PURCHASER AND THE CITY, WITH A COPY OF THIS RULE AND THE PETITION. ...BY THE COURT: CARPENTER, J., 2/17/16 | | | |

| 17-FEB-2016 09:46 AM | NOTICE GIVEN UNDER RULE 236 | | | 18-FEB-2016 09:13 AM |
| Docket Entry: | NOTICE GIVEN ON 18-FEB-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 17-FEB-2016. | | | |

| 17-FEB-2016 09:56 AM | MOTION HEARING SCHEDULED | | | 17-FEB-2016 09:56 AM |
| Docket Entry: | 59-15117059 HEARING SCHEDULED FOR 3/23/16 AT 1:30 IN 232 PER JUDGE'S ORDER ISSUED 2/16/16 | | | |

| 19-FEB-2016 12:30 AM | NOTICE GIVEN | | | 19-FEB-2016 12:30 AM |
| Docket Entry: | *none.* | | | |

| 24-FEB-2016 02:39 PM | MOTION/PETITION REPLY FILED | ITUAH, ABRAHAM | | 24-FEB-2016 12:00 AM |

| Documents: | ♣ Click link(s) to preview/purchase the documents REPLM_37.pdf | | | Click HERE to purchase all documents related to this one docket entry |
|---|---|---|---|---|
| Docket Entry: | 59-15117059 DEFENDANTS REPY TO MOTION TO REDEEM PREMISES FILED. | | | |

| 04-MAR-2016 12:59 PM | AFFIDAVIT OF SERVICE FILED | ITUAH, ABRAHAM | | 04-MAR-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ♣ Click link(s) to preview/purchase the documents AFDVT_38.pdf | | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | OF REPLY BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED ON 18-FEB-2016. | | | |

| 21-MAR-2016 01:02 PM | MOTION FOR SANCTIONS | ITUAH, ABRAHAM | | 21-MAR-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ♣ Click link(s) to preview/purchase the documents MTSAN_39.pdf | | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 60-16035860 RESPONSE DATE 4-11-16. | | | |

| 21-MAR-2016 01:06 PM | AFFIDAVIT OF SERVICE FILED | ITUAH, ABRAHAM | | 21-MAR-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ♣ Click link(s) to preview/purchase the documents AFDVT_40.pdf | | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | OF RESPONSE TO PRODUCTION OF DOCUMENTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED UPON ATTORNEY FOR PETER MYLONA ON 29-FEB-2016, 9-MAR-2016, 9-MAR-2016, AND 26-FEB-2016. | | | |

| 28-MAR-2016 12:16 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 28-MAR-2016 12:16 PM |
|---|---|---|---|---|
| Documents: | ♣ Click link(s) to preview/purchase the documents ORDER_41.pdf | | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 59-15117059 IT IS HEREBY ORDERED THIS COURT HAS FOUND THE PROPERTY AT ISSUE WAS VACANT NINETY(90) DAYS BEFORE THE SHERIFF SALE AND, THUS, IS NOT SUBJECT TO REDEMPTION FOR THE REASONS SET FORTH ON THE RECORD. THE SHERIFF OF | | | |

PHILADELPHIA SHALL REMIT ALL EXCESS FUNDS TO THE
ORIGINAL OWNER/PETITIONER, ITVAH. JURISDICTION
RELINQUISHED.........BY THE COURT: CARPENTER, J. 03/23/2016

| 28-MAR-2016 12:16 PM | NOTICE GIVEN UNDER RULE 236 | | | 28-MAR-2016 04:49 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 28-MAR-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 28-MAR-2016. | | | |

| 30-MAR-2016 09:05 AM | ANSWER (MOTION/PETITION) FILED | MYLONAS, PETER G | | 30-MAR-2016 09:08 AM |
|---|---|---|---|---|
| Documents: | Click link(s) to preview/purchase the documents doc20160330090552.pdf Motion CoverSheet Form | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 60-16035860 ANSWER IN OPPOSITION OF MOTION FOR SANCTIONS FILED. (FILED ON BEHALF OF DIMITRIOS DIMOPOULOS) | | | |

| 01-APR-2016 01:11 PM | POST TRIAL MOTION | ITUAH, ABRAHAM | | 01-APR-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | Click link(s) to preview/purchase the documents PTTMF_44.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 20-16046020 MOTION FOR POST-TRIAL RELIEF FILED. | | | |

| 01-APR-2016 02:16 PM | POST TRIAL MOTION ASSIGNED | | | 01-APR-2016 02:16 PM |
|---|---|---|---|---|
| Docket Entry: | 20-16046020 POST TRIAL MOTION ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: APRIL 01, 2016 | | | |

| 11-APR-2016 02:15 PM | ANS-OPP. TO POST-TRIAL MOTION | MYLONAS, PETER G | | 11-APR-2016 02:25 PM |
|---|---|---|---|---|
| Documents: | Click link(s) to preview/purchase the documents doc20160411141707.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 20-16046020 ANSWER IN OPPOSITION OF POST-TRIAL MOTION FILED. (FILED ON BEHALF OF DIMITRIOS DIMOPOULOS) | | | |

| 13-APR-2016<br>02:32 PM | MOTION ASSIGNED | | | 13-APR-2016<br>02:32 PM |
|---|---|---|---|---|
| Docket Entry: | 60-16035860 MOTION FOR SANCTIONS ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: APRIL 13, 2016 | | | |

| 19-APR-2016<br>04:38 PM | ORDER ENTERED/236<br>NOTICE GIVEN | CARPENTER,<br>LINDA | | 19-APR-2016<br>04:38 PM |
|---|---|---|---|---|
| Documents: | ♣ Click link(s) to preview/purchase the documents<br>ORDER_48.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 20-16046020 AND NOW, THIS 15TH DAY OF APRIL, 2016, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT THE DEFENDANT'S MOTION FOR POST TRIAL RELIEF IS HEREBY DENIED.... BY THE COURT; CARPENTER,J | | | |

| 19-APR-2016<br>04:38 PM | NOTICE GIVEN UNDER<br>RULE 236 | | | 20-APR-2016<br>12:20 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 20-APR-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 19-APR-2016. | | | |

| 22-APR-2016<br>10:57 AM | APPEAL TO SUPERIOR<br>COURT | ITUAH,<br>ABRAHAM | | 22-APR-2016<br>12:00 AM |
|---|---|---|---|---|
| Documents: | ♣ Click link(s) to preview/purchase the documents<br>APSUP_50.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | ***************************************** NOTICE IS HEREBY GIVEN THAT ABRAHAM ITUAH APPEALS FROM THE ORDER DATED MARCH 23, 2016 AND DOCKETED ON MARCH 28, 2016 BY JUDGE LINDA CARPENTER. PROOF OF SERVICE FILED***************************************** | | | |

| 26-APR-2016<br>04:13 PM | ORDER ENTERED/236<br>NOTICE GIVEN | CARPENTER,<br>LINDA | | 26-APR-2016<br>04:13 PM |
|---|---|---|---|---|
| Documents: | ♣ Click link(s) to preview/purchase the documents<br>ORDER_51.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 60-16035860 IT IS HEREBY ORDERED AND DECREED THAT THE MOTION IS DENIED. ...BY THE COURT: CARPENTER, J. 4/21/2016 | | | |

| 26-APR-2016 04:13 PM | NOTICE GIVEN UNDER RULE 236 | | | 27-APR-2016 08:26 AM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 27-APR-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 26-APR-2016. | | | |
| | | | | |
| 27-APR-2016 12:08 PM | FEE PD PURSUANT TO ORDER | | | 27-APR-2016 12:00 AM |
| Docket Entry: | CHECK NO. 6709 IN THE AMOUNT OF $85.50 DISBURSED TO SUPERIOR COURT OF PENNSYLVANIA | | | |
| | | | | |
| 13-SEP-2016 10:12 AM | APPEAL DISMISSED/APPELLAT CT | | | 13-SEP-2016 12:00 AM |
| Documents: | 🔍 Click link(s) to preview/purchase the documents  APDSM_54.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AT 1276 EDA 2016......6/24/16. PER CURIAM | | | |
| | | | | |
| 20-JAN-2017 09:26 AM | PERMISSION TO APPEAL DENIED | | | 20-JAN-2017 12:00 AM |
| Documents: | 🔍 Click link(s) to preview/purchase the documents  APPRD_55.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | TO SUPREME COURT AT 182 EM 2016.....12/28/16 PER CURIAM | | | |

▸ Case Description     ▸ Related Cases     ▸ Event Schedule     ▸ Case Parties     ▸ Docket Entries

| Search Home | Return to Results |
|---|---|

EXHIBIT

B

Referenced on the body of my response letter to the Mayor

EXHIBIT

C

Exhibits q letter sent out
To agency to seek help

EXHIBITS

D



IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA
CIVIL TRIAL DIVISION

RECEIVED
MAR 2 8 2016
OFFICE OF JUDICIAL
RECORDS

CITY OF PHILADELPHIA                   :
                                       :        CASE NO.:  1504T0504
                                       :
                  V.                   :
                                       :        CONTROL NO.: 15117059
ITVAH                                  :

### ORDER

**AND NOW**, this 23rd day of March, 2016, upon the Rule to Show Cause issued by this Court on February 16, 2016, and the hearing held on this date; this Court has found the property at issue was vacant ninety (90) days before the Sheriff Sale and, thus, is not subject to redemption for the reasons set forth on the record.[1]  The Sheriff of Philadelphia **SHALL** remit all excess funds to the original owner/petitioner, ITVAH.  Jurisdiction relinquished.

BY THE COURT:

CARPENTER, J.

3/28/16

City Of Philadelphia Vs-ORDER

15040050404041

DOCKETED
MAR 2 8 2016
MICHAEL TIERNEY
JUDICIAL RECORDS

---

[1] Vacant since fire in November, 2013 and was not under active rehabilitation.

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  D. SPARACINO  03/28/2016

EXHIBITS

E

E



## A. Settlement Statement (HUD-1)

OMB Approval No. 2502-0265

**B. Type of Loan**

| 1. ☐ FHA  2. ☐ RHS  3. ☐ Conv. Unins.<br>4. ☐ VA  5. ☐ Conv. Ins. | 6. File Number:<br>SA-22194 | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
|---|---|---|---|

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agents are shown. Items marked "(p.o.c)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower:<br>DAG INVESTMENT AND DEVELOPMENT LLC<br>273 Montgomery Avenue, # 201, Bala Cynwyd, PA 19004 | E. Name & Address of Seller:<br>ABRAHAM ITUAH<br>P.O. Box 7791, Philadelphia, PA 19104 | F. Name & Address of Lender: |
|---|---|---|
| G. Property Location:<br>5229 Germantown Avenue<br>Philadelphia, PA 19144<br>City of Philadelphia | H. Settlement Agent:<br>Statewide Abstract Group, Inc<br>7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152 | I. Settlement Date: 08/28/2019<br>Disbursement Date: 08/28/2019 |
|  | Place of Settlement:<br>7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152 | TitleExpress<br>Printed 10/10/2019 at 2:13 pm<br>by JC |

| **J. Summary of Borrower's Transaction** | | | **K. Summary of Seller's Transaction** | | |
|---|---|---|---|---|---|
| **100.** | **Gross Amount Due from Borrower** | | **400.** | **Gross Amount Due to Seller** | |
| 101. | Contract sales price | 250,000.00 | 401. | Contract sales price | 250,000.00 |
| 102. | Personal property | | 402. | Personal property | |
| 103. | Settlement charges to borrower (line 1400) | 7,628.25 | 403. | | |
| 104. | | | 404. | | |
| 105. | | | 405. | | |
| Adjustments for items paid by seller in advance | | | Adjustments for items paid by seller in advance | | |
| 106. | City/town taxes    08/28/2019 to 12/31/2019 | 1,893.92 | 406. | City/town taxes    08/28/2019 to 12/31/2019 | 1,893.92 |
| 107. | County taxes    to | | 407. | County taxes    to | |
| 108. | School taxes    to | | 408. | School taxes    to | |
| 109. | Refuse    08/28/2019 to 12/31/2019 | 103.56 | 409. | Refuse    08/28/2019 to 12/31/2019 | 103.56 |
| 110. | | | 410. | | |
| 111. | | | 411. | | |
| 112. | | | 412. | | |
| **120.** | **Gross Amount Due from Borrower** | **259,625.73** | **420.** | **Gross Amount Due to Seller** | **251,997.48** |
| **200.** | **Amounts Paid by or in Behalf of Borrower** | | **500.** | **Reductions in Amount Due to Seller** | |
| 201. | Deposit or earnest money | 10,000.00 | 501. | Excess deposit (see instructions) | |
| 202. | Principal amount of new loan(s) | | 502. | Settlement charges to seller (line 1400) | 223,874.89 |
| 203. | Existing loan(s) taken subject to | | 503. | Existing loan(s) taken subject to | |
| 204. | | | 504. | Payoff of first mortgage loan | |
| 205. | | | 505. | Payoff of second mortgage loan | |
| 206. | | | 506. | | |
| 207. | | | 507. | | |
| 208. | | | 508. | | |
| 209. | | | 509. | | |
| Adjustments for items unpaid by seller | | | Adjustments for items unpaid by seller | | |
| 210. | City/town taxes    to | | 510. | City/town taxes    to | |
| 211. | County taxes    to | | 511. | County taxes    to | |
| 212. | School taxes    to | | 512. | School taxes    to | |
| 213. | | | 513. | | |
| 214. | | | 514. | | |
| 215. | | | 515. | | |
| 216. | | | 516. | HELD ESCROW REFUSE 2013-2019 | 5,500.00 |
| 217. | | | 517. | | |
| 218. | | | 518. | | |
| 219. | | | 519. | | |
| **220.** | **Total Paid by/for Borrower** | **10,000.00** | **520.** | **Total Reduction Amount Due Seller** | **229,374.89** |
| **300.** | **Cash at Settlement from/to Borrower** | | **600.** | **Cash at Settlement to/from Seller** | |
| 301. | Gross amount due from borrower (line 120) | 259,625.73 | 601. | Gross amount due to seller (line 420) | 251,997.48 |
| 302. | Less amounts paid by/for borrower (line 220) | 10,000.00 | 602. | Less reductions in amount due seller (line 520) | 229,374.89 |
| **303.** | **Cash  ☒ From  ☐ To Borrower** | **249,625.73** | **603.** | **Cash  ☒ To  ☐ From Seller** | **22,622.59** |

This Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

**L. Settlement Charges**

| 700. | Total Real Estate Broker Fees | | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|---|---|
| | Division of commission (line 700) as follows: | | | | | |
| 701. | $0.00 | to | | | | |
| 702. | $0.00 | to | | | | |
| 703. | Commission paid at settlement | | | | | |

| 800. | Items Payable in Connection with Loan | | | | | |
|---|---|---|---|---|---|---|
| 801. | Our origination charge  (includes Origination Point 0.000% or $0.00) | | $ | (from GFE #1) | | |
| 802. | Your credit or charge (points) for the specific interest rate chosen | | $ | (from GFE #2) | | |
| 803. | Your adjusted origination charges | | | (from GFE A) | | |
| 804. | Appraisal fee | to | | (from GFE #3) | | |
| 805. | Credit report | to | | (from GFE #3) | | |
| 806. | Tax service | to | | (from GFE #3) | | |
| 807. | Flood certification | to | | (from GFE #3) | | |
| 808. | | to | | | | |

| 900. | Items Required by Lender to be Paid in Advance | | | | | |
|---|---|---|---|---|---|---|
| 901. | Daily interest charges from | from 08/28/2019 to 09/01/2019 @ $0.00/day | | (from GFE #10) | | |
| 902. | Mortgage insurance premium | months to | | (from GFE #3) | | |
| 903. | Homeowner's insurance | months to | | (from GFE #11) | | |
| 904. | | months to | | (from GFE #11) | | |

| 1000. | Reserves Deposited with Lender | | | | | |
|---|---|---|---|---|---|---|
| 1001. | Initial deposit for your escrow account | | | (from GFE #9) | | |
| 1002. | Homeowner's insurance | months @ $ | /month | | | |
| 1003. | Mortgage insurance | months @ $ | /month | | | |
| 1004. | Property taxes | months @ $ | 457.20/month $ | | | |
| 1005. | | months @ $ | /month | | | |
| 1006. | School taxes | months @ $ | 0.00/month $ | | | |
| 1007. | Aggregate Adjustment | | $ | | | |

| 1100. | Title Charges | | | | | |
|---|---|---|---|---|---|---|
| 1101. | Title services and lender's title insurance | | $ | (from GFE #4) | 144.00 | |
| 1102. | Settlement or closing fee | to | $ | | | |
| 1103. | Owner's title insurance | | $ | (from GFE #5) | 1,880.00 | |
| 1104. | Lender's title insurance | | $ | | | |
| 1105. | Lender's title policy limit $0.00  Lender's Policy | | | | | |
| 1106. | Owner's title policy limit $250,000.00  Owner's Policy | | | | | |
| 1107. | Agent's portion of the total title insurance premium | | $1,635.60 | | | |
| 1108. | Underwriter's portion of the total title insurance premium | | $244.40 | | | |
| 1109. | Reimburse w/s printout | to Statewide Abstract Group, Inc | | | | 5.00 |
| 1110. | Title Clearance | to Statewide Abstract Group, Inc | | | | 250.00 |
| 1111. | Fedex/Wire Fee | to Statewide Abstract Group, Inc | | | | 25.00 |
| 1112. | Notary Fee | to Statewide Abstract Group, Inc | | | | 20.00 |
| 1113. | Reimburse Docet Copt | to Statewide Abstract Group, Inc | | | | 23.50 |

| 1200. | Government Recording and Transfer Charges | | | | | |
|---|---|---|---|---|---|---|
| 1201. | Government recording charges | | $ | (from GFE #7) | 256.75 | |
| 1202. | Deed $256.75 | Mortgage $ | Release $ | | | |
| 1203. | Transfer taxes | | $ | (from GFE #8) | 5,347.50 | |
| 1204. | City/County tax/stamps | Deed $8,195.00 | Mortgage $ | | | 4,097.50 |
| 1205. | State Tax/stamps | Deed $2,500.00 | Mortgage $ | | | 1,250.00 |
| 1206. | | Deed $ | Mortgage $ | | | |

| 1300. | Additional Settlement Charges | | | | | |
|---|---|---|---|---|---|---|
| 1301. | Required services that you can shop for | | | (from GFE #6) | | |
| 1302. | 2019 Re Tax September | to City of Philadelphia | | | | 5,751.00 |
| 1303. | #1 Case# 190202403 | to OK TO REMOVE | | | | |
| 1304. | #2 Case# 190303867 | to OK TO REMOVE | | | | |
| 1305. | #3 Case #110503223/ Mortgage Doc 513 | to TD Bank | | | | 180,000.00 |
| 1306. | #4 CE-1006720416 | to WITHDRAWN PER WATER DEPARTMENT | | | | |
| 1307. | #5 CE-1006720828 | to City of Philadelphia | | | | 110.00 |
| 1308. | #6 CE-1308720811 | to City of Philadelphia | | | | 88.00 |
| 1309. | #7 CE-1402720608 | to City of Philadelphia | | | | 88.00 |
| 1310. | #8 PAID SA-21870 | to PAID SA-21870 | | | | |
| 1311. | #9 PAID SA-21870 | to PAID SA-21870 | | | | |
| 1312. | #10 LT-1509114250 | to OK TO REMOVE | | | | |
| 1313. | 2013-2019 Refuse | to City of Philadelphia | | | | 3,636.98 |
| 1314. | Muni Lien #17090457 | to City of Philadelphia | | | | 2,981.38 |
| 1315. | Water Settlement | to City of Philadelphia | | | | 25,548.53 |

| 1400. | Total Settlement Charges | (enter on lines 103, Section J and 502, Section K) | | | 7,628.25 | 223,874.89 |
|---|---|---|---|---|---|---|

*Paid outside of closing by (B)orrower, (S)eller, (L)ender, (I)nvestor, Bro(K)er. **Credit by lender shown on page 1. ***Credit by seller shown on page 1.

| Comparison of Good Faith Estimate (GFE) and HUD-1 Charges | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| **Charges That Cannot Increase** | **HUD-1 Line Number** | | |
| Our origination charge | # 801 | 0.00 | 0.00 |
| Your credit or charge (points) for the specific interest rate chosen | # 802 | 0.00 | 0.00 |
| Your adjusted origination charges | # 803 | 0.00 | 0.00 |
| Transfer taxes | # 1203 | 0.00 | 5,347.50 |

| Charges That in Total Cannot Increase More Than 10% | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Government recording charges | # 1201 | 0.00 | 256.75 |
| Title services and lender's title insurance | # 1101 | 0.00 | 144.00 |
| Owner's title insurance | # 1103 | 0.00 | 1,880.00 |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| **Total** | | 0.00 | 2,280.75 |
| **Increase between GFE and HUD-1 Charges** | | $ 2,280.75 or | 999.9999% |

| Charges That Can Change | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Initial deposit for your escrow account | # 1001 | 0.00 | 0.00 |
| Daily interest charges from | # 901     $        /day | 0.00 | 0.00 |
| Homeowner's insurance | # 903 | 0.00 | 0.00 |
| | # | | |
| | # | | |
| | # | | |

## Loan Terms

| | |
|---|---|
| Your initial loan amount is | $ |
| Your loan term is | years |
| Your initial interest rate is | % |
| Your initial monthly amount owed for principal, interest, and any mortgage insurance is | $      includes <br> ☐ Principal <br> ☐ Interest <br> ☐ Mortgage Insurance |
| Can your interest rate rise? | ☒ No. ☐ Yes, it can rise to a maximum of      %. The first change will be on   /  /   and can change again every    years after  /  / . Every change date, your interest rate can increase or decrease by    %. Over the life of the loan, your interest rate is guaranteed to never be lower than    % or higher than    %. |
| Even if you make payments on time, can your loan balance rise? | ☒ No. ☐ Yes, it can rise to a maximum of $         . |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | ☒ No. ☐ Yes, the first increase can be on  /  /   and the monthly amount owed can rise to $       The maximum it can ever rise to is $ |
| Does your loan have a prepayment penalty? | ☒ No. ☐ Yes, your maximum prepayment penalty is $         . |
| Does your loan have a balloon payment? | ☒ No. ☐ Yes, you have a balloon payment of $       due in    years on  /  / . |
| Total monthly amount owed including escrow account payments | ☒ You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself. <br> ☐ You have an additional monthly escrow payment of $       that results in a total initial monthly amount owed of $       . This includes principal, interest, any mortgage insurance and any items checked below: <br> ☐ Property taxes      ☐ Homeowner's insurance <br> ☐ Flood insurance    ☐ |

**Note:** If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

## A. Settlement Statement

U.S. Department of Housing and Urban Development
OMB Approval No. 2502-0265

**B. Type of Loan**

| 1. ☐FHA | 2. ☐FmHA | 3. ☐Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐VA | 5. ☐Conv. Ins. | | SA-21871 | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 10/10/2019 at 14:07 JC

| | |
|---|---|
| D. NAME OF BORROWER: | DELCINA FUTURE, LLC |
| ADDRESS: | 2915 Bouck Avenue, Bronx, NY 10469 |
| E. NAME OF SELLER: | ABRAHAM ITUAH |
| ADDRESS: | 92 Robinson Avenue, Newburgh, NY 12550 |
| F. NAME OF LENDER: | |
| ADDRESS: | |
| G. PROPERTY ADDRESS: | 3765 North Bouvier Street, Philadelphia, PA 19140 |
| | City of Philadelphia |
| H. SETTLEMENT AGENT: | Statewide Abstract Group, Inc |
| PLACE OF SETTLEMENT: | 7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152 |
| I. SETTLEMENT DATE: | 05/13/2019 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101.  Contract sales price | 55,000.00 | 401.  Contract sales price | 55,000.00 |
| 102.  Personal property | | 402.  Personal property | |
| 103.  Settlement charges to borrower (line 1400) | 12,460.05 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106.  City/town taxes    05/13/19 to 12/31/19 | 626.39 | 406.  City/town taxes    05/13/19 to 12/31/19 | 626.39 |
| 107.  County taxes | | 407.  County taxes | |
| 108.  School taxes | | 408.  School taxes | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 68,086.44 | **420. GROSS AMOUNT DUE TO SELLER** | 55,626.39 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201.  Deposit or earnest money | 2,000.00 | 501.  Excess Deposit (see instructions) | |
| 202.  Principal amount of new loans | | 502.  Settlement charges to seller (line 1400) | 19,652.84 |
| 203.  Existing loan(s) taken subject to | | 503.  Existing loan(s) taken subject to | |
| 204. | | 504.  Payoff of First Mortgage Loan | |
| 205.  Company assumes no liability | | 505.  Payoff of second mortgage loan | |
| 206.  for w/s usage. Meter may be | | 506. | |
| 207.  missing and ferrule may be | | 507. | |
| 208.  drawn. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210.  City/town taxes | | 510.  City/town taxes | |
| 211.  County taxes | | 511.  County taxes | |
| 212.  School taxes | | 512.  School taxes | |
| 213. | | 513. | |
| 214. | | 514.  HELD for w/s back billing | 4,400.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 2,000.00 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 24,052.84 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301.  Gross amount due from borrower (line 120) | 68,086.44 | 601.  Gross amount due to seller (line 420) | 55,626.39 |
| 302.  Less amounts paid by/for borrower (line 220) | 2,000.00 | 602.  Less reduction amount due seller (line 520) | 24,052.84 |
| **303. CASH FROM BORROWER** | 66,086.44 | **603. CASH TO SELLER** | 31,573.55 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent (Fed. Tax ID No: _____) with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: _____-_____-_____/_____-_____-_____/     SELLER(S) SIGNATURE(S): _____/_____

SELLER(S) NEW MAILING ADDRESS: _____

SELLER(S) PHONE NUMBERS: _____(H) _____(W)

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

File Number: **SA-21871**

PAGE 2

### SETTLEMENT STATEMENT

TitleExpress Settlement System  Printed 10/10/2019 at 14:07 JC

| L.  SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| **700.  TOTAL SALES/BROKER'S COMMISSION based on price $55,000.00 =** | | |
| Division of commission (line 700) as follows: | | |
| 701. $              to | | |
| 702. $              to | | |
| 703.  Commission paid at Settlement | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801.  Loan Origination Fee          % | | |
| 802.  Loan Discount          % | | |
| 803.  Appraisal Fee | | |
| 804.  Credit Report | | |
| 805. | | |
| 806. | | |
| 807. | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901.  Interest  From          to          @$          /day | | |
| 902.  Mortgage Insurance Premium  for          to | | |
| 903.  Hazard Insurance Premium  for          to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Hazard Insurance          mo. @ $          /mo | | |
| 1002. Mortgage Insurance          mo. @ $          /mo | | |
| 1003. City Property Tax          mo. @ $          /mo | | |
| 1004. County Property Tax          mo. @ $          /mo | | |
| 1005. School taxes          mo. @ $          /mo | | |
| 1009. Aggregate Analysis Adjustment | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or Closing Fee | | |
| 1102. Reimburse w/s printout          to **Statewide Abstract Group, Inc** | | 5.00 |
| 1103. Title Examination | | |
| 1104. Title Insurance Binder | | |
| 1105. Deed Preparation          to **Statewide Abstract Group, Inc** | 70.00 | |
| 1106. Notary Fees          to **Statewide Abstract Group, Inc** | 14.00 | 15.00 |
| 1107. Attorney's fees | | |
| (includes above items No:                    ) | | |
| 1108. Title Insurance          to **Statewide Abstract Group, Inc** | 742.85 | |
| (includes above items No:                    ) | | |
| 1109. Lender's Policy | | |
| 1110. Owner's Policy          55,000.00  - 742.85 | | |
| 1111. | | |
| 1112. | | |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees Deed **256.75**       ; Mortgage $          ; Release $ | 256.75 | |
| 1202. City/County tax/stamps          Deed $**1,802.90** ; Mortgage $ | 901.45 | 901.45 |
| 1203. State Tax/stamps          Deed $**550.00** ; Mortgage $ | 275.00 | 275.00 |
| 1204.          Deed $          ; Mortgage $ | | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. | | |
| 1302. | | |
| 1303. #9 Case ID#121202498          to PA Department of Revenue | | 1,128.59 |
| 1304. #10 CE-1408320815          to City of Philadelphia | | 754.75 |
| 1305. #11 CE-1410720299          to City of Philadelphia | | 1,527.50 |
| 1306. #12 CE-1501330231          to City of Philadelphia | | 1,073.00 |
| 1307. #13 CE-1505320704          to City of Philadelphia | | 4,265.78 |
| 1308. Other Disbursements (1520) | 10,200.00 | 9,706.77 |
| **1400. TOTAL SETTLEMENT CHARGES**     (enter on lines 103, Section J and 502, Section K) | 12,460.05 | 19,652.84 |

**HUD CERTIFICATION OF BUYER AND SELLER**

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.
DELCINA FUTURE, LLC

_____
By: MELIDA KNIBBS, SOLE MEMBER

_____
ABRAHAM ITUAH

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

SETTLEMENT AGENT: _____          DATE: _____

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
SETTLEMENT STATEMENT

File Number: **SA-21871**

PAGE 3

TitleExpress Settlement System  Printed 10/10/2019 at 14:07 JC

---

### ITEMIZATION OF HUD LINE 1308

| 1500. SCHEDULE OF DISBURSEMENTS | | BUYER | SELLER |
|---|---|---|---|
| 1501. | | | |
| 1502. 2012-2019 Re Tax | to **City of Philadelphia** | | 7,951.62 |
| 1503. w/s thru 2019- 4th cycle | to **City of Philadelphia** | | 1,755.15 |
| 1504. Reimburse Search | to **Prosperity Abstract** | 200.00 | |
| 1505. Assignment Fee | to **Prosperity Industries LLC** | 8,000.00 | |
| 1506. Assignment Fee | to **Keller Williams** | 2,000.00 | |
| 1507. | | | |
| 1508. | | | |
| 1509. | | | |
| 1510. | | | |
| 1511. | | | |
| 1512. | | | |
| 1513. | | | |
| 1514. | | | |
| 1515. | | | |
| 1516. | | | |
| 1517. | | | |
| 1518. | | | |
| 1519. | | | |
| 1520. TOTAL HUD LINE 1308 EXPENSE: | | 10,200.00 | 9,706.77 |

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

## A. Settlement Statement

**B. Type of Loan**

U.S. Department of Housing and Urban Development
OMB Approval No. 2502-0265

| 1. ☐FHA | 2. ☐FmHA | 3. ☐Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐VA | 5. ☐Conv. Ins. | | SA-21861 | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 10/10/2019 at 14:07 JC

**D. NAME OF BORROWER:** FLORENCE INVESTMENTS, LLC
ADDRESS: 1628 JFK Blvd, Suite 2200, Philadelphia, PA 19103

**E. NAME OF SELLER:** ABRAHAM ITUAH
ADDRESS: P.O. Box 7791, Philadelphia, PA 19104

**F. NAME OF LENDER:**
ADDRESS:

**G. PROPERTY ADDRESS:** 2153 66th Avenue, Philadelphia, PA 19138
City of Philadelphia

**H. SETTLEMENT AGENT:** Statewide Abstract Group, Inc
PLACE OF SETTLEMENT: 7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152

**I. SETTLEMENT DATE:** 08/30/2019

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 75,000.00 | 401. Contract sales price | 75,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 2,809.25 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments for items paid by seller in advance* | | *Adjustments for items paid by seller in advance* | |
| 106. City/town taxes   08/30/19 to 12/31/19 | 574.25 | 406. City/town taxes   08/30/19 to 12/31/19 | 574.25 |
| 107. County taxes | | 407. County taxes | |
| 108. School taxes | | 408. School taxes | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 78,383.50 | **420. GROSS AMOUNT DUE TO SELLER** | 75,574.25 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loans | | 502. Settlement charges to seller (line 1400) | 22,489.07 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of First Mortgage Loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. BUYER to pay 2019- 9th cycle | | 508. BUYER to pay 2019- 9th cycle | |
| 209. | | 509. | |
| *Adjustments for items unpaid by seller* | | *Adjustments for items unpaid by seller* | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. School taxes | | 512. School taxes | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. Held Escrow #W0803P5507 | 1,938.00 |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 24,427.07 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 78,383.50 | 601. Gross amount due to seller (line 420) | 75,574.25 |
| 302. Less amounts paid by/for borrower (line 220) | | 602. Less reduction amount due seller (line 520) | 24,427.07 |
| **303. CASH FROM BORROWER** | 78,383.50 | **603. CASH TO SELLER** | 51,147.18 |

**SUBSTITUTE FORM 1099 SELLER STATEMENT:** The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent (Fed. Tax ID No: _____) with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: _____ - ___ - _____ / ___ - ___ - _____     SELLER(S) SIGNATURE(S): _____ / _____

SELLER(S) NEW MAILING ADDRESS: _____

SELLER(S) PHONE NUMBERS: _____ (H) _____ (W)

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

## A. Settlement Statement

**U.S. Department of Housing and Urban Development**
OMB Approval No. 2502-0265

**B. Type of Loan**

| 1. ☐FHA | 2. ☐FmHA | 3. ☐Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐VA | 5. ☐Conv. Ins. | | SA-20800 | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 10/10/2019 at 14:04 JC

**D. NAME OF BORROWER:** LEVELS INVESTMENTS LLC
ADDRESS: 1929 Goodnaw Street, Philadelphia, PA 19115

**E. NAME OF SELLER:** ABRAHAM O. ITUAH
ADDRESS: 92 Robinson Ave, Newburgh, NY 12550

**F. NAME OF LENDER:** SECURE INVESTMENT GROUP, LLC
ADDRESS: 49 LAKEVIEW DRIVE, CHERRY HILL, NJ 08003

**G. PROPERTY ADDRESS:** 1700 North Dover Street, Philadelphia, PA 19121
City of Philadelphia

**H. SETTLEMENT AGENT:** Statewide Abstract Group, Inc
PLACE OF SETTLEMENT: 7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152

**I. SETTLEMENT DATE:** 01/08/2019

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101.  Contract sales price | 70,000.00 | 401.  Contract sales price | 70,000.00 |
| 102.  Personal property | | 402.  Personal property | |
| 103.  Settlement charges to borrower (line 1400) | 35,410.56 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106.  City/town taxes | | 406.  City/town taxes | |
| 107.  County taxes | | 407.  County taxes | |
| 108.  School taxes | | 408.  School taxes | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 105,410.56 | **420. GROSS AMOUNT DUE TO SELLER** | 70,000.00 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201.  Deposit or earnest money | | 501.  Excess Deposit (see instructions) | |
| 202.  Principal amount of new loans | 105,500.00 | 502.  Settlement charges to seller (line 1400) | 30,263.87 |
| 203.  Existing loan(s) taken subject to | | 503.  Existing loan(s) taken subject to | |
| 204. | | 504.  Payoff of First Mortgage Loan | |
| | | Gelt Financial Corporation | |
| 205. | | 505.  Payoff of second mortgage loan | |
| 206.  Company assumes no liability | | 506.  Company assumes no liability | |
| 207.  for w/s usage or back billing | | 507.  for w/s usage or back billing | |
| 208.  Meter may be missing and | | 508. | |
| 209.  ferrule may be drawn. | | 509.  ferrule may be drawn. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210.  City/town taxes    01/01/19 to 01/08/19 | 23.83 | 510.  City/town taxes    01/01/19 to 01/08/19 | 23.83 |
| 211.  County taxes | | 511.  County taxes | |
| 212.  School taxes | | 512.  School taxes | |
| 213. | | 513.  HELD for #4 CE-1702320300 | 4,500.00 |
| 214. | | 514.  HELD for w/s back usage bill | 10,000.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 105,523.83 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 44,787.70 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301.  Gross amount due from borrower (line 120) | 105,410.56 | 601.  Gross amount due to seller (line 420) | 70,000.00 |
| 302.  Less amounts paid by/for borrower (line 220) | 105,523.83 | 602.  Less reduction amount due seller (line 520) | 44,787.70 |
| **303. CASH TO BORROWER** | 113.27 | **603. CASH TO SELLER** | 25,212.30 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent (Fed. Tax ID No: _____) with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: _____-_____-_____ / _____-_____-_____     SELLER(S) SIGNATURE(S): _____ / _____

SELLER(S) NEW MAILING ADDRESS: _____

SELLER(S) PHONE NUMBERS: _____ (H) _____ (W)

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

File Number: **SA-21861**

PAGE 2

SETTLEMENT STATEMENT

TitleExpress Settlement System  Printed 10/10/2019 at 14:07 JC

| L. SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION based on price $75,000.00 =** | | |
| Division of commission (line 700) as follows: | | |
| 701. $           to | | |
| 702. $           to | | |
| 703. Commission paid at Settlement | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee          % | | |
| 802. Loan Discount          % | | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. | | |
| 806. | | |
| 807. | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest From          to          @$          /day | | |
| 902. Mortgage Insurance Premium for          to | | |
| 903. Hazard Insurance Premium for          to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Hazard Insurance          mo. @ $          /mo | | |
| 1002. Mortgage Insurance          mo. @ $          /mo | | |
| 1003. City Property Tax          mo. @ $          /mo | | |
| 1004. County Property Tax          mo. @ $          /mo | | |
| 1005. School taxes          mo. @ $          /mo | | |
| 1009. Aggregate Analysis Adjustment | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or Closing Fee | | |
| 1102. Reimburse w/s printout          to **Statewide Abstract Group, Inc** | | 5.00 |
| 1103. Title Examination | | |
| 1104. Title Insurance Binder | | |
| 1105. Deed Preparation          to **Statewide Abstract Group, Inc** | 70.00 | |
| 1106. Notary Fees          to **Statewide Abstract Group, Inc** | 10.00 | 15.00 |
| 1107. Attorney's fees | | |
| (includes above items No:                    ) | | |
| 1108. Title Insurance          to **Statewide Abstract Group, Inc** | 868.25 | |
| (includes above items No:                    ) | | |
| 1109. Lender's Policy | | |
| 1110. Owner's Policy          75,000.00  - 868.25 | | |
| 1111. FedEx / Wire Fee          to **Statewide Abstract Group, Inc** | | 25.00 |
| 1112. Title Clearance          to **Statewide Abstract Group, Inc** | | 250.00 |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees Deed $256.75   ; Mortgage $          ; Release $ | 256.75 | |
| 1202. City/County tax/stamps          Deed $2,458.50   ; Mortgage $ | 1,229.25 | 1,229.25 |
| 1203. State Tax/stamps          Deed $750.00   ; Mortgage $ | 375.00 | 375.00 |
| 1204.          Deed $          ; Mortgage $ | | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. #1 CE-1506320026          to **Satisfied** | | |
| 1302. 4&6 CE1704330211/CE171133006XXPAID on SA-21870 | | |
| 1303. w/s thru 2019- 8th cycle          to **City of Philadelphia** | | 6,691.87 |
| 1304. Muni 292/509/092/368/067          to **City of Philadelphia** | | 816.61 |
| 1305. 2011-2019 Re Tax (Sept)          to **City of Philadelphia** | | 13,055.42 |
| 1306. w/s srvc 8/3 - 8/30          to **Water Revenue Bureau** | | 25.92 |
| 1307. w/s usage reading 2160 NO Adj          to **Water Revenue Bureau** | | |
| 1308. | | |
| **1400. TOTAL SETTLEMENT CHARGES**          (enter on lines 103, Section J and 502, Section K) | 2,809.25 | 22,489.07 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

FLORENCE INVESTMENTS, LLC

ABRAHAM ITUAH

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

SETTLEMENT AGENT: _____          DATE: _____

Previous editions are obsolete                                                                form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT         File Number: **SA-20800**                    PAGE 2
**SETTLEMENT STATEMENT**                                TitleExpress Settlement System  Printed 10/10/2019 at 14:04 JC

| L. SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION based on price $70,000.00 =** | | |
| Division of commission (line 700) as follows: | | |
| 701. $                                  to | | |
| 702. $                                  to | | |
| 703. Commission paid at Settlement | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee            % | | |
| 802. Loan Discount                   % | | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. | | |
| 806. | | |
| 807. | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest  From            to           @$          /day | | |
| 902. Mortgage Insurance Premium for            to | | |
| 903. Hazard Insurance Premium for            to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Hazard Insurance          mo. @ $          /mo | | |
| 1002. Mortgage Insurance          mo. @ $          /mo | | |
| 1003. City Property Tax          mo. @ $          /mo | | |
| 1004. County Property Tax          mo. @ $          /mo | | |
| 1005. School taxes          mo. @ $          /mo | | |
| 1009. Aggregate Analysis Adjustment | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or Closing Fee | | |
| 1102. Reimburse w/s printout      to **Statewide Abstract Group, Inc** | | 5.00 |
| 1103. Title Examination | | |
| 1104. Title Insurance Binder | | |
| 1105. Deed Preparation      to **Statewide Abstract Group, Inc** | 70.00 | |
| 1106. Notary Fees      to **Statewide Abstract Group, Inc** | 14.00 | 15.00 |
| 1107. Attorney's fees | | |
| (includes above items No:                              ) | | |
| 1108. Title Insurance      to **Statewide Abstract Group, Inc** | 836.90 | |
| (includes above items No:                              ) | | |
| 1109. Lender's Policy | | |
| 1110. Owner's Policy      70,000.00  - 836.90 | | |
| 1111. | | |
| 1112. | | |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees Deed $252.00   ; Mortgage $          ; Release $ | 252.00 | |
| 1202. City/County tax/stamps      Deed $2,294.60   ; Mortgage $ | 2,294.60 | |
| 1203. State Tax/stamps      Deed $700.00   ; Mortgage $ | 700.00 | |
| 1204.      Deed $          ; Mortgage $ | | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. #1 SC-1603033508      to Lorie Patterson c/o Rachel Garland | | 4,951.00 |
| 1302. #2 CE-1612820075      to **Water Revenue Bureau** | | 2,417.01 |
| 1303. #3 CE-1702320301      to **City of Philadelphia** | | 3,307.23 |
| 1304. #4 CE-1702320300 | | |
| 1305. #5 CE-1705330178      to **City of Philadelphia** | | 3,809.00 |
| 1306. #6 CE-1801820326      to **Water Revenue Bureau** | | 1,649.98 |
| 1307. w/s thru 2018- 12th cycle      to **City of Philadelphia** | | 8,380.13 |
| 1308. Other Disbursements (1520) | 31,243.06 | 5,729.52 |
| | | |
| **1400. TOTAL SETTLEMENT CHARGES**      (enter on lines 103, Section J and 502, Section K) | 35,410.56 | 30,263.87 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.
LEVELS INVESTMENTS LLC


By: MICHAEL KINH HO, SOLE MEMBER
_____


ABRAHAM O. ITUAH
_____


WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

SETTLEMENT AGENT: _____   DATE: _____

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
SETTLEMENT STATEMENT

File Number: **SA-20800**
PAGE 3
TitleExpress Settlement System  Printed 10/10/2019 at 14:04 JC

## ITEMIZATION OF HUD LINE 1308

| 1500. SCHEDULE OF DISBURSEMENTS | BUYER | SELLER |
|---|---|---|
| 1501. | | |
| 1502. 2014-2018 Re Tax          to **City of Philadelphia** | | 5,729.52 |
| 1503. Assignment Fee            to **Michael Ho** | 30,000.00 | |
| 1504. 2019 Re Tax               to **City of Philadelphia** | 1,243.06 | |
| 1505. | | |
| 1506. | | |
| 1507. | | |
| 1508. | | |
| 1509. | | |
| 1510. | | |
| 1511. | | |
| 1512. | | |
| 1513. | | |
| 1514. | | |
| 1515. | | |
| 1516. | | |
| 1517. | | |
| 1518. | | |
| 1519. | | |
| **1520. TOTAL HUD LINE 1308 EXPENSE:** | 31,243.06 | 5,729.52 |

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

## A. Settlement Statement

U.S. Department of Housing and Urban Development
OMB Approval No. 2502-0265

**B. Type of Loan**

| 1. ☐FHA | 2. ☐FmHA | 3. ☐Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐VA | 5. ☐Conv. Ins. | | SA-21870 | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 10/10/2019 at 14:06 JC

**D. NAME OF BORROWER:** ATLAS INVESTMENTS, LLC
ADDRESS: 1608 JFK Blvd, 22nd Floor, Philadelphia, PA 19103

**E. NAME OF SELLER:** ABRAHAM ITUAH
ADDRESS: 92 Robinson Avenue, Newburgh, NY 12550

**F. NAME OF LENDER:**
ADDRESS:

**G. PROPERTY ADDRESS:** 5551 Morris Street, Philadelphia, PA 19144
City of Philadelphia

**H. SETTLEMENT AGENT:** Statewide Abstract Group, Inc
PLACE OF SETTLEMENT: 7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152

**I. SETTLEMENT DATE:** 02/27/2019

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 75,000.00 | 401. Contract sales price | 75,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,405.54 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments for items paid by seller in advance* | | *Adjustments for items paid by seller in advance* | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. School taxes | | 408. School taxes | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 79,405.54 | **420. GROSS AMOUNT DUE TO SELLER** | 75,000.00 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | 1,000.00 | 501. Excess Deposit (see instructions) | 1,000.00 |
| 202. Principal amount of new loans | | 502. Settlement charges to seller (line 1400) | 27,301.89 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of First Mortgage Loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. No adj sewer service-bill pd | 26.88 | 506. No adj sewer service-bill pd | 26.88 |
| 207. w/s usage-Reading" | | 507. w/s usage-Reading" | |
| 208. BUYER to pay 2019- 2nd cycle | | 508. | |
| 209. | | 509. | |
| *Adjustments for items unpaid by seller* | | *Adjustments for items unpaid by seller* | |
| 210. City/town taxes   01/01/19 to 02/27/19 | 248.65 | 510. City/town taxes   01/01/19 to 02/27/19 | 248.65 |
| 211. County taxes | | 511. County taxes | |
| 212. School taxes | | 512. School taxes | |
| 213. | | 513. | |
| 214. | | 514. HELD for #1 SC1202215437 | 3,600.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 1,275.53 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 32,177.42 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 79,405.54 | 601. Gross amount due to seller (line 420) | 75,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 1,275.53 | 602. Less reduction amount due seller (line 520) | 32,177.42 |
| **303. CASH FROM BORROWER** | 78,130.01 | **603. CASH TO SELLER** | 42,822.58 |

**SUBSTITUTE FORM 1099 SELLER STATEMENT:** The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent (Fed. Tax ID) No: _____ with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: _____ - _____ - _____ / _____ - _____ - _____     SELLER(S) SIGNATURE(S): _____ / _____

SELLER(S) NEW MAILING ADDRESS: _____

SELLER(S) PHONE NUMBERS: _____ (H) _____ (W)

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

File Number: **SA-21870**

PAGE 2

## SETTLEMENT STATEMENT

TitleExpress Settlement System  Printed 10/10/2019 at 14:06 JC

| L. SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION based on price $75,000.00 =** | | |
| Division of commission (line 700) as follows: | | |
| 701. $              to | | |
| 702. $              to | | |
| 703. Commission paid at Settlement | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee          % | | |
| 802. Loan Discount          % | | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. | | |
| 806. | | |
| 807. | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest  From          to          @$          /day | | |
| 902. Mortgage Insurance Premium  for          to | | |
| 903. Hazard Insurance Premium  for          to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Hazard Insurance          mo. @ $          /mo | | |
| 1002. Mortgage Insurance          mo. @ $          /mo | | |
| 1003. City Property Tax          mo. @ $          /mo | | |
| 1004. County Property Tax          mo. @ $          /mo | | |
| 1005. School taxes          mo. @ $          /mo | | |
| 1009. Aggregate Analysis Adjustment | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or Closing Fee | | |
| 1102. Reimburse w/s printout          to **Statewide Abstract Group, Inc** | | 5.00 |
| 1103. Title Examination | | |
| 1104. Title Insurance Binder | | |
| 1105. Deed Preparation          to **Statewide Abstract Group, Inc** | 70.00 | |
| 1106. Notary Fees          to **Statewide Abstract Group, Inc** | 14.00 | 15.00 |
| 1107. Attorney's fees | | |
| (includes above items No:                    ) | | |
| 1108. Title Insurance          to **Statewide Abstract Group, Inc** | 868.25 | |
| (includes above items No:                    ) | | |
| 1109. Lender's Policy | | |
| 1110. Owner's Policy          75,000.00  - 868.25 | | |
| 1111. FedEx (4)          to **Statewide Abstract Group, Inc** | | 100.00 |
| 1112. | | |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees Deed **256.75**  ; Mortgage $          ; Release $ | 256.75 | |
| 1202. City/County tax/stamps          Deed $**2,458.50**  ; Mortgage $ | 1,229.25 | 1,229.25 |
| 1203. State Tax/stamps          Deed $**750.00**  ; Mortgage $ | 375.00 | 375.00 |
| 1204.          Deed $          ; Mortgage $ | | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. 2019 Re Tax Discount          to  **City of Philadelphia** | 1,592.29 | |
| 1302. 2012-2018 Re Tax 1504T0328to **City of Philadelphia** | | 8,686.70 |
| 1303. w/s thru 2019- 1st cycle          to  **City of Philadelphia** | | 2,968.94 |
| 1304. Line 1305 includes all debts to  **on attached Exhibit A** | | |
| 1305. #6&7 CE1704330211/171133003 **City of Philadelphia** | | 13,727.00 |
| 1306. Repair Lien#10120037          to  **City of Philadelphia** | | 195.00 |
| 1307. | | |
| 1308. | | |
| **1400. TOTAL SETTLEMENT CHARGES**          (enter on lines 103, Section J and 502, Section K) | 4,405.54 | 27,301.89 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.
ATLAS INVESTMENTS, LLC

_____
By: ELIEZER GABAY, MANGING MEMBER

_____
ABRAHAM ITUAH

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

SETTLEMENT AGENT: _____          DATE: _____

EXHIBITS

F

$\digamma$

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
    Abraham Ituah                 Chapter 13 Bankruptcy

    Debtor                     Case No. 20-10058

---

## OBJECTION TO MR. MICHAEL CATALDO CLAIM

The Debtor object to additional claim filed by Mr.Michael Cataldo on behalf of Cibik & Cataldo P.C. for the following reasons:

1. Debtor entered into Agreement with Mr. Michael Cibik Esquire (former chapter 7 bankruptcytrustee), who demanded for a cash payment of $5000 to begin the process. Debtor borrowed $3000 from a friend to complete the payment. He prepared the payment plan of $1400 monthly payable to the Trustee. Debtor completed the financial management course to file the Chapter 13 Bankruptcy petition. Debtor hired Mr Cibik to file the bankruptcy petition. Unfortunately, Mr Cibik assigned Mr. Michael Cataldo Esquire to continue the process. Mr Cataldo was not a lawyer I would hire by choice.

2. Mr. Michael Cataldo Esquire failed to attend the Trustee,s meeting with me but we only met briefly to review the document. He did not show up at the trustee's meeting as if he had no interest to do a better job for me.

3. At the time I met Mr Cataldo, I emphasized that the City of Philadelphia refused to update the payments escrow settlement sent to the City to pay the liens, claims and judgment as shown on the 5 settlement sheets submitted to his office.

4. The first job Mr. Cataldo addressed was to file motion to sell with the unsigned proposed agreements and 2 signed agreements. The court granted the five orders to sell. See the attached agreements for your perusal. The sales could not settle because the accounts paid were not updated.

5. The escrow company could not do settle the transactions because most of the payment already made from the sales shown on the exhibit A attached were not

updated may be because of COVID- pandemic. I communicated the information to Mr. Cataldo to help address the issue with the city counsel. His response was that I should hire a real estate Attorney to handle the real estate deals.

6. Finally, he connived with the City of Philadelphia counsels to address the said fabricated inaccurate unpaid personal income tax liability and the city Counsel used that as a reason to request for dismissal of my Bankruptcy petition. Mr. Cataldo simply agreed with the city to request dismissed of my case, so that he can earn payments due in 5 years immediately.

7. Mr. Cataldo intentionally refused to object to the city request to dismiss my case for unreasonable reason for claiming that the Debtor is unnecessarily delaying the settlement so as not to pay the liability to the city is unrealistic.

8. Mr. Cataldo knew 508 W Tabor Road was demolished by the city in January 2019 a month after my bankruptcy filed in New York State was dismissed in November 2018. The city continues to generate bills as if the property still exists and the amount paid at escrow was not updated. Mr. Cataldo offered no objections to all these wrong claims.

9. Mr Cataldo demanded for extra $1000 to file motion for sale. I refused but suggested to pay him after settlement. He felt offended. This was a sale that Debtor already executed with a buyer who deposited $42,500 that was 50% of the sales price and the buyer was willing to settle in 2 weeks. Mr. Cataldo deliberately refused to file the motion and the buyer's Attorney canceled the offer. As a result I lost the sale.

10. Mr. Cataldo knew that $1400 payments to the Trustee were current and I completed my 2nd management course as required by bankruptcy court. He did not submit any of these information to the court. Attached here as exhibits.

11. The city indicated the value of 33 S 53rd street as $210,000 and this is same property Mr. Cataldo filed motion to sell for $100,000 and order was issued. Meanwhile Mr. Cataldo simply agreed with the city counsel that the claims were appropriate instead of filing objections to the claims.

12. Mr. Cataldo filed motion to sell for 3 unexecuted agreements to justify that he rendered service before the court. He also intentional refused to submit documents

forwarded to him for submission. See copy of agreement and others documents not submitted attached.

13. The Debtor hereby officially drops Mr. Michael Cataldo Esquire of Cibik & Cataldo P.C. for ineffective representation effective 9/23/2020 and the office is henceforth stopped from using my personal information in their possession for any purpose. I regretted believing Mr. Cibik, a former Chapter 7 Bankruptcy trustee. I would have been better off if I never filed at all.

WHEREFORE, the Debtor respectfully requests that this Honorable Court disallow the additional claim requested by Mr. Michael Cataldo Esquire because the service he rendered was unprofessional and refund $3000 I borrowed to complete the $5000 Mr Cibik collected because it was excessive for the service rendered. In addition, Debtor further seeks other relief the court may consider just and proper.

Respectfully Submitted,

Abraham Ituah (Debtor)

Date: October 8, 2020

EXHIBITS

G





CITY OF PHILADELPHIA
DEPARTMENT OF LICENSES AND
INSPECTIONS

Municipal Services Building
1401 JFK Blvd., 11th Floor
Philadelphia, PA 19102
215-686-2480
CSU@phila.gov

**FINAL NOTICE OF VIOLATION AND ORDER**
**IMMINENTLY DANGEROUS BUILDING**

ITUAH ABRAHAM
508 W TABOR RD
PHILADELPHIA PA 19120-2718

Case Number:668607

PROPERTY IN VIOLATION: 508 W TABOR RD SIDE BEARING W   Date of Notice:12/27/18

Dear Sir/Madam,

This is to inform you that the Department of Licenses and Inspections inspected the subject premises on **12/27/18** and has declared it **IMMINENTLY DANGEROUS,** in whole or in part, pursuant to Section PM15-110.1 of the Philadelphia Property Maintenance Code. The results are included in the violation section below.

You are directed to obtain all necessary permits as required by the City and to make repairs or demolish the structure to remove the imminently dangerous condition. Failure to comply with this order forthwith shall result in the City taking action to demolish the structure and stucco remaining party walls exposed by the demolition as per Department policy. You, the owner, will be billed for all costs incurred by the City, including administrative fees.

This is your final notice, if you have any questions regarding this matter please contact: **INSPECTOR CARROLL** at **JOSEPH.CARROLL@phila.gov** or the district office noted above.

**VIOLATIONS:**

STRUCTURES OR COMPONENTS THEREOF THAT HAVE REACHED THEIR LIMIT STATE PM-304.1(3)
LOCATION: Side Bearing Wall

You are hereby ordered to obtain the services of a Pennsylvania Licensed Professional Engineer to serve as the design professional in responsible charge pursuant to Administrative Code Section A-304, and maintain, at a minimum, the following responsibilities:
1) Immediately assess the structure to determine the extent of the structural defects and submit those findings along with a timeline of corrective actions to the Department.
2) Design and observe the immediate installation of temporary protections of the public way and adjacent properties.
3) Develop a remediation plan, detailing the extent of the required removal and replacement of structural components and temporary shoring required for the remediation. The remediation plan must contain adequate construction details to confirm code compliance as well as provide the responsible contractor with necessary direction in approaching and completing the necessary repairs.
4) Submit such remediation plan with details to the Department along with an application for a building

1    of    2



# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
### 355 Main Street
### Poughkeepsie, NY 12601

| | |
|---|---|
| IN RE: Abraham O Ituah | CASE NO.: 18–35408–cgm |
| Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>xxx–xx–1699 | CHAPTER:  13 |

## NOTICE OF DISMISSAL

An order of dismissal was entered by the Honorable Cecelia G. Morris in this Chapter 13 case.

Abraham O Ituah was dismissed from the case on December 11, 2018 .

Dated: December 11, 2018                                    Vito Genna
                                                                           Clerk of the Court

*Bankruptcy dismissed and the city of philadelphia Condemned my property on 12/27/2018*



## FOREMOST
**INSURANCE COMPANY**
Home Office
5600 Beech Tree Lane
P.O. Box 2450
Caledonia, Michigan 49316

**FOREMOST BASICS™**
**DECLARATIONS PAGE**

*Rebela Gyftr*
*30|2150|58*

**POLICY NUMBER:**   381-0091201668-02
**RENEWAL OF:**   381-0091201668-01
**POLICY PERIOD BEGINNING** 02/17/17   **ENDING** 02/17/18   12:01 A.M. STANDARD TIME

*6/6994 888*
*700 5273901*

**YOU AS NAMED INSURED AND YOUR ADDRESS**

ABRAHAM ITUAH
PO BOX 48024
PHILADELPHIA PA 19144-8024

**YOUR POLICY IS SERVICED BY**

**AGENCY CODE:**
372430039

AMERICAN BEST INSURANCE AGENCY, LLC
1625 WASHINGTON AVE STE 202
PHILADELPHIA PA 19146-2045

**TELEPHONE:**
(215) 268-6495

**COVERAGES:** Coverage is provided only where an Amount of Insurance or a Limit of Liability is shown and a premium is stated for the Peril Insured Against. Detailed descriptions and any limitations will be found in your policy.

### LOCATION # 1

**IMPORTANT RATING INFORMATION**

| PREMISES DESCRIPTION: | 508 W TABOR RD PHILADELPHIA PA 19120-2718 | | | | |
|---|---|---|---|---|---|
| CONSTRUCTION: | BRICK/MASONRY | TERRITORY: | B | YR. BUILT: | 1949 |
| FAMILIES: | 2 | PROT. CLASS: | 1 | FORM: | DF1 |
| OCCUPANCY: | RENTAL | RESP. FIRE DEPT.: | PHILA ENG 61 | | |
| HYDRANT: | WITHIN 1,000 FEET | COUNTY: | PHILADELPHIA | | |
| FIRE DEPT.: | WITHIN 5 MILES | | | | |

| SECTION I COVERAGES | AMOUNT OF INSURANCE | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|
| A.  DWELLING | $   100,000 | | $       715.00 |

SECTION I LOSSES ARE SUBJECT TO A DEDUCTIBLE OF:   $5,000 ALL PERILS

| SECTION II COVERAGES | LIMIT OF LIABILITY | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|
| F.  PREMISES LIABILITY | $   300,000 EA ACCIDENT | | $       165.00 |
| G.  MEDICAL PAYMENTS | $       500 EA PERSON | | INCLUDED |
|  | $    10,000 EA ACCIDENT | | |

| FORMS/ENDORSEMENTS THAT APPLY TO LOCATION # 1 | | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|
| 11001 | 03/06 | DWELLING FIRE ONE - LANDLORD | |
| 11010 | 05/10 | REDUCTION IN COV WHEN VACANT/UNOCC. | |
| 11110 | 11/13 | REQUIRED CHANGE - PENNSYLVANIA | |

Policy Number: 381 -0091201668 -02
Form 80999 03/12       QN
722          381-0091201668

**AGENT COPY**          **PAGE 1   CONTINUED**



**FOREMOST®**
INSURANCE COMPANY
Home Office
5600 Beech Tree Lane
P.O. Box 2450
Caledonia, Michigan 49316

**FOREMOST BASICS™**
**DECLARATIONS PAGE**

*Linda Adjuster*
*(215) 901-8281*

*Claim# 301 2/50058*

AMENDED DECLARATION * EFFECTIVE 09/27/18
SUPERSEDES ANY PREVIOUS DECLARATION PAGE BEARING
THE SAME POLICY NUMBER FOR THIS POLICY PERIOD.
REASONS FOR CHANGE FOLLOW:
- CHANGE/CORRECTION OF THE INSURED'S MAILING ADDR

POLICY NUMBER:   381-0091201668-03
RENEWAL OF:
POLICY PERIOD  BEGINNING 02/17/18   ENDING 02/17/19   12:01 A.M. STANDARD TIME

**YOU AS NAMED INSURED AND YOUR ADDRESS**

ABRAHAM ITUAH
PO BOX 7791
PHILADELPHIA PA 19101-7791

**YOUR POLICY IS SERVICED BY**

AMERICAN BEST INSURANCE AGENCY, LLC
1625 WASHINGTON AVE STE 202
PHILADELPHIA PA 19146-2045

**AGENCY CODE:**
372430039

**TELEPHONE:**
(215) 268-6495

**COVERAGES:** Coverage is provided only where an Amount of Insurance or a Limit of Liability is shown and a premium is stated for the Peril Insured Against. Detailed descriptions and any limitations will be found in your policy.

---

**LOCATION #  1**

**IMPORTANT RATING INFORMATION**

PREMISES          508 W TABOR RD
DESCRIPTION:      PHILADELPHIA PA 19120-2718

| | | | | |
|---|---|---|---|---|
| CONSTRUCTION: | BRICK/MASONRY | TERRITORY: | B | YR. BUILT: 1949 |
| FAMILIES: | 2 | PROT. CLASS: | 1 | FORM: DF1 |
| OCCUPANCY: | RENTAL | RESP. FIRE DEPT.: | PHILA ENG 61 | |
| HYDRANT: | WITHIN 1,000 FEET | COUNTY: | PHILADELPHIA | |
| FIRE DEPT.: | WITHIN 5 MILES | | | |

---

| **SECTION I COVERAGES** | AMOUNT OF INSURANCE | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|
| A.  DWELLING | $  100,000 | | $      715.00 |

SECTION I LOSSES ARE SUBJECT TO A DEDUCTIBLE OF:   $5,000 ALL PERILS

---

| **SECTION II COVERAGES** | LIMIT OF LIABILITY | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|
| F.  PREMISES LIABILITY | $  300,000 EA ACCIDENT | | $      165.00 |
| G.  MEDICAL PAYMENTS | $      500 EA PERSON | | INCLUDED |
| | $   10,000 EA ACCIDENT | | |



## *AR* **Engineers**

191 Presidential Blvd., #616, Bala Cynwyd, PA 19004
Telephone No.: 610-368-8234 / Email: arengineers@hotmail.com

January 10, 2019

Mr. Abraham Atiuah
508 W. Tabor Road
Philadelphia, PA 19148
Telephone No.: 267-481-5511
Email: aituah@aol.com

Subject: Inspection 508 W. Tabor Road, Philadelphia, PA 19120

Dear Mr. Atiuah:

Alex Rong and Victor Rong of *AR* Engineers inspected the property at 508 W. Tabor Road, Philadelphia, PA 19120 on January 7, 2019. The building structure consisted of masonry bearing walls and wood floor framing.

The scope of our work was limited to inspecting the readily visible and accessible areas of the east wall and determining its structural condition. The scope of work did not cover inspection of any other structural or non-structural elements such as roofing, electrical elements, etc.

During the time of inspection, we noted serious bulging and deterioration of the east wall (see Photos No. 4-6) and the tilted chimney (see Photo No. 7). Based on the field inspection and engineering judgment, it is concluded that the rear 28-feet section of the east wall is in imminent danger of collapse and it should be removed and replaced immediately. The tilted chimney should be repaired. Temporary shoring made of 2x6 wood studs at the spacing of 16-inch shall be installed approximately 2.5-feet from the east wall to support the floor framing of the 1st floor framing, 2nd floor framing, and roof framing, prior to demolishing and rebuilding the east wall. The temporary shoring shall be installed at the basement, 1st floor and 2nd floor.

The findings and conclusions of this report with respect to the inspection of the east wall of the property on are based on normal visual observations of the readily visible and accessible areas. No conclusions, expressed or implied, shall represent that *AR* Engineers has made an evaluation of the material, fabrication, or erection deficiencies beyond that which would be detectable by a normal visual inspection. Please feel free to contact me if you have any questions. Thank you.

Regards,



Alex Rong, Ph.D., P.E.
President of *AR* **Engineers**

1

C



# EARTHA

January 1, 2019

Abraham Ituah
508 W Tabor Rd
Philadelphia, PA 19120

**(CONT'D   Proposal for the Removal & Rebuilding of the
Eastside Bearing Wall at 508 W Tabor Road
Phila., PA 19120**

### COST BREAKDOWN

| | | |
|---|---|---|
| 1. | Additional inspections, engineers report and design and application for building permit. | 5,200.00 |
| 2. | Shoring exterior and interior. | 9,500.00 |
| 3. | Demolition of masonry wall, 1st thru 3rd floors. | 11,000.00 |
| 4. | Reconstruction of 8" CMU wall with stucco. | 27,000.00 |

We declare that we will supply all labor and material, scaffoldings, necessary tools and apparatus for the undertaking of the above-mentioned project.

Eartha Construction Company, LLC appreciates the opportunity given to bid on this project.

Please call if you have any questions.

Yours truly,

*B.D.*

Barry Davidson
Construction Manager

*(Pg 2 of 2)*

*Eartha Construction Company, LLC*

| BUILDING PERMIT | City of Philadelphia | Permit Number:   939999 | |
|---|---|---|---|
| This permit may be revoked if the information has been misrepresented or not provided. | Department of Licenses and Inspections 1401 John F. Kennedy Blvd. Philadelphia, PA 19102 | Fee: $0.00 | Date Issued: 01/11/19 |

**Location of work:  00508 W TABOR RD PHILADELPHIA, PA 19120-2718**
**COMPLETE DEMO CITY**

**Contractual Services Unit (CSU)**
**Phone Number: 215-686-2588**

| Owner: ITUAH ABRAHAM 00508 W TABOR RD PHILADELPHIA,PA 19120-2718 | Licensed Contractor: PEDRO PALMER CONSTRUCTION INC 2971 N EMERALD STREET PHILADELPHIA,PA  19134- (267)972-4210 x | Area: 1200 S.F. | Estimated Cost: $52,222.00 |
|---|---|---|---|
| | | Plan Examiner: PAUL POESSL | |

**If no Licensed Contractor is named, the Owner assumes all responsibility for compliance with the Code.**

Description of work authorized by this permit:
FOR THE COMPLETE DEMO OF A VACANT SFD AS PART OF THE CITY OF PHILADELPHIA DEPT. OF LICENSES & INSPECTIONS
DEMOLITION PROGRAM. Additional Specs: 1 stucco c/w 510 W Tabor RD.

 

## INSPECTIONS

The owner or contractor is required to notify the District Office listed above prior to starting any work, and at least 24 hours in advance of the required inspections.  Failure to notify the District will result in the issuance of a $75 ticket by the Department.  Inspections will not be made unless the Department-Approved plans are on the job.

The Department is authorized by the Code to Charge a $100 reinspection fee if:
1. The inspection reveals that the work is not constructed in accordance with the Code;
2. The work is not ready for inspection; or
3. Access to the work to be inspected is not provided.

## THIS PERMIT REQUIRES THE FOLLOWING INSPECTIONS:
## INITIAL/SITE - UNDER SLAB/FLOOR - PREFINAL/WALLBOARD - FRAMING/CLOSE-IN - FINAL

Separate permits are required for plumbing, electrical, fire suppression, and for the use of streets and sidewalks, including shelter platforms, scaffolding, dumpsters, closures, etc.

**Limitation:**  For permits issued in connection with imminently dangerous structures or conditions, the permit shall become invalid if the work does not commence within 48 hours after issuance or does not progress continuously until the structure or condition is made safe, unless the permit is otherwise extended by the Department.

**PA ONE CALL SYSTEM**  is required to be notified by PA Act 38 of 1991, three (3) working days prior to disturbing the earth with any type of powered equipment.  Also, this permit does not constitute approval from any State or Federal agency, if required.

Where a Certificate of Occupancy (C.O.) is required, such buildings and spaces shall not be occupied until Final Inspection is made and the Certificate is issued by the Department.

All provisions of the Code and other City Ordinances must be complied with, whether specified herein or not.

This Permit does not constitute Zoning Approval.

**WORK MUST BEGIN WITHIN 10 DAYS OF ISSUANCE OF THIS PERMIT**
**UNLESS ORDERED BY THE DEPARTMENT TO BEGIN SOONER, AND CONTINUE UNTIL THE STRUCTURE IS DEEMED SAFE BY THE DEPARTMENT.**
**Protection of the public way and adjacent structures are to be implemented IMMEDIATELY. Contact the Contractual Services Unit for inspection  or approval of any revisions to this schedule at 215-686-2588.**

## POST A TRUE COPY OF THIS PERMIT IN A CONSPICUOUS LOCATION ON THE PREMISES
FAILURE TO POST THIS PERMIT WILL RESULT IN THE ISSUANCE BY THE DEPARTMENT OF A $75 TICKET

81-490A    FOR ALL NEW CONSTRUCTION, ADDITIONS, AND WHERE A CERTIFICATE OF OCCUPANCY IS REQUIRED, THE ASSOCIATED
ZONING / USE PERMIT SHALL BE  POSTED ALONGSIDE THIS BUILDING PERMIT

EXHIBIT

H

73583

*H*

| | | | |
|---|---|---|---|
| **Payee Name:** | ABRAHAM ITUAH C/O KRISTA M PREUSS | | |
| **Case Number:** | 1509-115 | **Date:** | 01 Aug 2018 |
| **Request Type:** | Tax Delinquent | **Amount:** | $11,112.54 |
| **Plaintiff:** | CITY OF PHILADELPHIA | | |
| **Defendant:** | ABRAHAM ITUAH | | |
| **Category:** | Distribution Costs - Unused Proceeds | | |
| **Memo:** | ABRAHAM ITUAH C/O KRISTA M. PREUSSSCHAPTER 1 STANDING TRUSTEE399 KNOLLWOOD ROADWHITE PLAINS, NY 10603 | | |

Property Address:
3843 FAIRMOUNT AVE, PHILADELPHIA, PA 19104-1819

---

73583

**PHILADELPHIA SHERIFF'S OFFICE**
J.E.W.E.L.L. DELINQUENT TAX ACCOUNT
100 S. BROAD STREET, 5TH FLOOR
PHILADELPHIA, PA 19110

**TD Bank**
America's Most Convenient Bank®

3-180/360

MEMO  ABRAHAM ITUAH C/O KRISTA M. PREUSSSCHAPTER 1 STANDING TRUSTEE399 KNOLLWOOD ROADWHITE I

\*\*\* ELEVEN THOUSAND ONE HUNDRED TWELVE AND 54 / 100 \*\*\* Dollars

| DATE | AMOUNT |
|---|---|
| 8/1/18 | $11,112.54 |

PAY
TO THE
ORDER
OF

ABRAHAM ITUAH C/O KRISTA M PREUSS

VOID AFTER 60 DAYS

*Docket No. 18-35408*

⑂Shield

⑈073583⑈ ⑈036001808⑈ 36 052814 5⑈