**Katie Rolon**

| | |
|---|---|
| **From:** | ITUAH ABRAHAM <aituah@aol.com> |
| **Sent:** | Sunday, October 15, 2023 7:04 PM |
| **To:** | Chambers of Judge Pappert; Michael Pfautz |
| **Subject:** | Plaintiff Sur-Reply to Defendants Reply to Plaintiff response to Defendants motion for summary judgement |

**CAUTION - EXTERNAL:**


IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
: ABRAHAM ITUAH, : Plaintiff, :
v. : : CITY OF PHILADELPHIA, et al., : Defendants. :
Civil Action No. 19-5088
PLAINTIFF SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF PLAINTIFF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff hereby seek leave to file this Sur-Reply Brief in order to respond to new factual allegation and legal issues raised by Defendant in his Reply Brief. As explained below, the new material proffered by the Defendant concerning new arguments of his assertion of immunity clarify that he lacks any legal authority for his claim and further undermine Defendants argument.
Evidently, Defendants Reply was filed with the intention to mislead the court on the material facts presented that Plaintiff response to Defendants' Motion for Summary Judgment was not adequately addressed. Defendants request can only be granted where there are no dispute on the material facts presented by Defendants. Plaintiff, Ituah did not concedes to the remaining claims as Defendants claimed on their reply. Instead, Ituah disagreed with the material facts presented by Defendants because they lacks merits. For instance, plaintiff seriously objected to the decision entered by the District Court and questioned how such decision was entered to silenced credible action by ordering a judgment with prejudice without trial. At the beginning of the action, plaintiff requested for a jury trial. Recently, Plaintiff requested for appointment of counsel because of the constitutional violation but plaintiff demand was unanswered. Plaintiff did not specifically admit that Tabor Property was damaged as Defendants stated on their reply. Defendants Philbin and Carrol issued violation on December 27 2018, they mentioned no time allowed to repair as the law required. Defendants filed action within 5 days to obtain judicial authorization to demolished the property contrary to the law requirement. Plaintiff didn't admits to Thurmond responses she presented. Evidently, She intentionally acted to retaliate. Plaintiff objectively disputed Defendants material facts presented as it was explained on plaintiff response to Defendants Motion for summary judgment wherein many of the material facts presented by Defendants were disputed. Plaintiff disagreed that any city employee had absolute immunity while ignoring citizen constitutional rights and undermined the appeal plaintiff filed with the states court. Plaintiff, seriously disputed most of the material facts presented on Defendants Motion for summary judgment and evidences on court records were cited in support

1

of plaintiff opposition to Defendants Motion for summary judgment as all the arguments presented on the REPLY submitted were written to justify their vicarious actions taken against plaintiff under some unknown authority inferior to Federal constitutional authorities. It's abuse of authority for Defendants to bluntly and disrespectfully undermined Plaintiff constitutionally rights to property ownership and due process. Defendants unreasonably ignored the constitutional law and moved to destroy plaintiff life dreams by demolishing Plaintiff property. Defendants Reply was silenced about STAVRAKIS CYNTHIA involvement as plaintiff explained on my response to Defendants motion for summary judgement. Stavrakis atrocities was the beginning of the problems plaintiff has been subjected to and it involved fraudulent sheriff's sale of plaintiff property. Unfortunately, this court dismissed the action with prejudice without a hearing, a decision plaintiff seriously disagreed with because the elements of fraud which resulted in the sale plaintiff property within 5 months was not considered. In view of the above overwhelming facts, Defendants are not entitled to summary judgment as the material facts presented are disputed. Plaintiff hereby request that the Court should rather grant plaintiff summary judgment as requested on my complaint. In addition, plaintiffs is not responsible for the cost of demolition as Defendants intentionally moved to destroy the property in question as a retaliation without regard to the constitutional law.
Therefore, Plaintiff hereby request for a judgment against Defendants, as the law may permits.
RESPECTFULLY SUBMITTED

Date:October 15 2023   Abraham Ituah

CERTIFICATE OF SERVICE
I hereby certify that on the date below, I filed Plaintiff SUR-Reply to Defendants Reply to Plaintiff response to Motion for Summary Judgment via the Court's electronic filing system and is available for downloading. I also certify that a copy of the Reply has been served upon the Defendants by email and first class mail, postage prepaid, as follows:
Chamber of Honorable Judge Pappert
Chamber_of_Judge_Pappert@paed.uscourt
Michael Pfautz
Deputy City Solicitor
Pa. Attorney ID No. 325323
City of Philadelphia Law Department 1515 Arch Street, 15th Floor Philadelphia, PA 19102
215-683-5233

October 16 2023          Abraham Ituah

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

: ABRAHAM ITUAH, : Plaintiff, :
v. : : CITY OF PHILADELPHIA, et al., : Defendants. :
Civil Action No. 19-5088
PLAINTIFF SUR-REPLY TO DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, Abraham hereby states that this is an action for damages in connection with the demolition and illegal sale of Plaintiff real property. Abraham Ituah, 508 W Tabor Road and 3843 Fairmont Avenue both were located in Philadelphia, Pennsylvania (hereinafter "the Property").  This action was brought pursuant to 42 U.S.C. § 1983 against Defendant City of Philadelphia (hereinafter "the City") for violation of Plaintiff's due process rights under the 14th Amendments. In addition, Plaintiff's first suit alleges negligence and fraudulent sales of property located at 3843 Fairmount Avenue, Philadelphia against Defendants that was erroneously dismissed. After which Defendants continuously engaged in retaliatory activities to destroy plaintiff existence and kept plaintiff in perpetual debts by creating bills and not updating bill payments made in good faith as explained and cited on my complaints. My initial Complaint, filed with the Court of Common Pleas Philadelphia County, plaintiff sued several Defendants working with the city of Philadelphia because they connived to destroy plaintiff dreams by silencing the involvement of Cynthia Stavrakis. Consequently, Plaintiff was compelled to file the first and this pending action with the District Court of Philadelphia and requested for jury trial but the presiding Judge who dismissed the first complaint with prejudice is also now the Judge assigned to reconsider the pending action that was almost completely dismissed after ordering amendments of complaints the 2nd time. To preserve the action, Plaintiff immediately filed appeal to 3rd circuit Court of the Easter District of Philadelphia. The 3 panels of honorable Judges with the 3rd Circuit favorably opined to remand the matter for reconsideration based on Plaintiff Retaliation and unreasonable demolition claims. Plaintiff's ownership interest in real property was constitutionally protected by due process of law. See, e.g., United States v. James Daniel Good Real Property, 510 U.S. 43, 49 (1993). Plaintiff's intention has always be to continue to rent the property to support family income. Before December 27 2018 the Property was not subjected to any violations and no part of the building ever collapsed prior to the violation issued to demolish the property. It is undisputed fact that the property had rental license obtained from the city of Philadelphia licensing and inspection department. The rental license remained current at the time the violation was issued. Consequently Defendants action caused plaintiff to lose monthly incomes totaling about $100000 from January 2019 up to date. It's pertinent to know, that the notice of violation issued did not give Plaintiff a specific instruction or specify a time limit as to when the Property owner have to apply for a building permit necessary to complete the repairs, or give a time frame as to when the repairs had to be completed in order to avoid any further action by the City. Most importantly, the notice did not indicate a date on which the City itself would either take steps to repair or demolish the Property. Evidently, Plaintiff immediately took the step to correct the violation by hiring experts in Structural engineering, building contractors and contacted the home insurance company within 2 days to aggressively address the problem. The material facts was discussed with Philbin before and at the time of court hearings. The Defendants knew that Plaintiff was fully cooperative to correct the violations as Plaintiff immediately engaged professionals to address the repairs.
Plaintiff like to recall that on the first claim that was erroneously dismissed with prejudice was decided in error because the trial court concealed the obvious fraudulent activities that occurred before judgment was entered. The Defendants was unable to produce any return receipts indicating that Plaintiff actually received any of the notices Defendants purportedly mailed to plaintiff before 3843 Fairmount Avenue, Philadelphia property was said sold in sheriff's sale within 5 months which was lawfully impossible. For the U S Court to dismissed plaintiff complaints without a trial was bluntly wrong and unjustified. The unfair decision occurred mainly to silenced CYNTHIA STAVRAKIS involvement which is the beginning and the cause of

plaintiff problems with the city Defendants. The Defendants Counsel filed REPLY and completely intentionally silenced the material facts discussed about 3843 Fairmount Avenue to avoid involving Stavrakis Cynthia. In the same manner, on December 27, 2018 Plaintiff second Property was automatically given a heightened "Dangerous" violation. The City's decision to heighten the Property's designation was largely due to retaliation. The action Defendants claimed they had immunity to destroy citizen property without compensation is unconstitutional. Defendants vicariously caused Plaintiff harm to proof superiority and abuse of authority. Given the heightened designation, it meant the Chief of Contractual Services ordered the Property subject to a curb side bid, which means demolition of the property must start after three hours from the time a demolition company was awarded the bid. Mea, Defendants simply failed to acknowledge the appeal filed by plaintiff to challenge the decision entered by the state court at the higher court as required by law. Defendants moved to execute the order erroneously entered and issued demolition permit on January 11 2019. As a result, Plaintiff Property was demolished by the Contractual Services division in hours and completed the demolition in two weeks only. Due Process, under the 14th Amendment, requires that the government provide a property owner "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Jones v. Flowers, 126 S.Ct. 1708, 1713-14 (2006) (quoting Mullane v. Central Hanover Bank Trust Co., 339 U.S. 306, 314 (1950)). Notice is constitutionally sufficient where it is reasonably calculated to reach the intended recipient when it is sent. See Mullane, 339 U.S. at 314. Plaintiff case were treated differently. The same way, the property located at 3843 Fairmount Avenue, Philadelphia. Defendants claimed they mailed notices prior to the final judgment and purported sheriff's sale of plaintiff property within 5 months unlawfully.

CONCLUSION:

Based on the above stated facts, Plaintiff hereby states that Defendants are not entitled to summary judgment given that the material facts Defendants presented were no creditable and disputed. Under normal circumstances and fair justice, plaintiff deserved the summary judgement in his favor and against Defendants. Above all, Plaintiff is not liable for the costs of demolition of about $100000 Defendants intentionally and vicariously caused as a retaliation. Defendants said immunity cannot undermined citizen's constitutional rights guaranteed by U S Constitution.

       RESPECTFULLY SUBMITTED

Date: October 16 2023   Abraham Ituah

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
: ABRAHAM ITUAH, : Plaintiff, :
v. : : CITY OF PHILADELPHIA, et al., : Defendants. :
Civil Action No. 19-5088
    CERTIFICATE OF SERVICE
I hereby certify that on the date below, I filed Plaintiff SUR-REPLY to Defendants' Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment via the Court's

electronic filing system and is available for downloading. I also certify that a copy of the Reply has been served upon the Defendants by email and first class mail, postage prepaid, as follows:
Chamber of Honorable Judge Pappert
Chamber_of_Judge_pappert@paed.uscourt
Michael Pfautz
Deputy City Solicitor
Pa. Attorney ID No. 325323
City of Philadelphia Law Department 1515 Arch Street, 15th Floor Philadelphia, PA 19102 215-683-5233 michael.pfautz@phila.gov

October 16 2023            Abraham Ituah

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

: ABRAHAM ITUAH, : Plaintiff, :
v. : : CITY OF PHILADELPHIA, et al., : Defendants. :
Civil Action No. 19-5088
 REQUEST FOR EXTENSION OF TIME TO RESPOND TO FUTURE MOTIONS OR PETITIONS
I, Abraham Ituah hereby request for extension of time to respond to any motion or petition filed for response. Plaintiff traveled overseas on emergency to attend to some domestic and legal issues. I will return before the end of December 2023.
I hope you will grant the request favorably.
            RESPECTFULLY SUBMITTED

Date: October 16 2023        Abraham Ituah

CERTIFICATE OF SERVICE
I hereby certify that on the date below, I filed Request for extension of time to respond to motions or petitions via the Court's electronic filing system and is available for downloading. I also certify that a copy of the Reply has been served upon the Plaintiff by email and first class mail, postage prepaid, as follows:
Honorable Judge Pappert
U S District Court of the Eastern District
Chamber_of_Judge_pappert@paed.uscourt
Michael Pfautz
Deputy City Solicitor
Pa. Attorney ID No. 325323
City of Philadelphia Law Department 1515 Arch Street, 15th Floor Philadelphia, PA 19102
215-683-5233 michael.pfautz@phila.gov

October 16 2023            Abraham Ituah

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.